UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | NOVEMBER 11, 2003 |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S
## MOTION FOR MORE DEFINITE STATEMENT

The defendant, Patrons Mutual Insurance Company of Connecticut, by and through its

attorneys, Skelley Rottner P.C., hereby objects to the plaintiff's Motion for More Definite

Statement pursuant to Federal Rule of Civil Procedure 12(e). The defendant sets forth the

following in support of said motion.

The Federal Rules of Civil Procedure, under Rule 8(a), implement a liberal approach to

pleading and simply require " 'a short and plain statement of the claim' that will give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Conley v. Gibson, 355 U.S. 41, 47 (1957), as cited by Monaco v. Town of Branford, 1997 WL

821765, D.Conn. 1997. (Please see copy attached hereto as Exhibit A.) Furthermore, "[T]he

Rules 'do not require a claimant to set out in detail the facts upon which he bases his claim.'"

Conley, 355 U.S. at 47.

SR/213477/hab

Law Offices of SKELLEY ROTTNER P.C. □ P.O. Box 340890, Hartford, CT 06134-0890 □ Phone: (860) 561-7077 Fax: (860) 561-7088
Juris No. 58693

Under Rule 12(e), a party may move for more definite statement, "([I]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Rule 12(e), Fed.R.Civ.P. Said Rule is designed to enable a litigant to answer a complaint and is targeted at "unintelligibility in a pleading, not just a claimed lack of detail." Stanton v. Manufacturers Hanover Trust Co., 388 F. Supp. 1171, 1174 (S.D.N.Y. 1975), as cited by Wallett v. Anderson, 198 F.R.D. 20, D.Conn. 2000. "If the opposing party is fairly informed of the nature of the claim by the complaint, a motion for more definite statement should not be granted. Said motions are not favored and should not be used as a substitute for discovery." Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580, as cited by Noroton Heights Enterprises Corp v. Noroton Heights Enterprises Corp., 96 B.R. 11 at 15, D.Conn, 1989.

In the case at hand, the defendant has set forth a Counterclaim based upon its contractual rights and causes of action set forth in the First and Second Affirmative Defenses included in the "Substituted Amended Answer with Affirmative Defenses, Set Off and Counterclaim" filed with this Court under date of October 24, 2003. Said Affirmative Defenses were thereby incorporated by reference into the Counterclaim. The basis for said Counterclaim is therefore sufficiently articulated within the Amended Answer to provide the plaintiff with sufficient notice of the claims as presently set forth. The Federal Rules do not require that the

Law Offices of SKELLEY ROTTNER P.C. □ P.O. Box 340890, Hartford, CT 06134-0890 □ Phone: (860) 561-7077 Fax: (860) 561-7088

Juris No. 58693

parties be provided with the legal basis for said claims in such pleadings, but rather with enough notice that such a claim is asserted to allow for the preparation of a responsive pleading. The defendant has therefore complied with the Federal Rules in providing the plaintiff with sufficient notice of the grounds for the Counterclaim and should not be required to provide more detail. If the plaintiff feels that said claims lack sufficient legal bases, then the plaintiff has other means by which to contest their validity.

WHEREFORE, the defendant requests that the Court sustain this objection and deny the plaintiff's Motion for More Definite Statement.

DEFENDANT, PATRONS MUTUAL
INSURANCE COMPANY

By _____
Heather Adams-Beman
Skelley Rottner P.C.
P.O. Box 340890
Hartford, CT 06134-0890
(860) 561-7077
Federal Bar No. ct24091

- 3 -

## CERTIFICATION

I hereby certify that a copy of the foregoing Objection to Plaintiff's Motion for More Definite Statement was mailed via U.S. Mail, postage prepaid, on November 11, 2003, to the following counsel of record:

    Attorney Cheryl E. Heffernan
    Law Office of Cheryl E. Heffernan
    2842 Old Dixwell Avenue
    Hamden, CT  06518

_____
          Heather Adams-Beman

- 4 -

# EXHIBIT A

Law Offices of SKELLEY ROTTNER P.C. ☐ P.O. Box 340890, Hartford, CT 06134-0890 ☐ Phone: (860) 561-7077 Fax: (860) 561-7088

Juris No. 58693

1997 WL 821765
**(Cite as: 1997 WL 821765 (D.Conn.))**

Page 1

C
Only the Westlaw citation is currently available.


United States District Court, D. Connecticut.

James V. MONACO, et al.
v.
TOWN OF BRANFORD

**No. 3:97CV2113(AHN).**

Dec. 18, 1997.


RULING ON MOTION FOR MORE DEFINITE
STATEMENT

NEVAS, J.

**\*1** The plaintiffs, James V. Monaco and Mary E. Monaco, bring this action against the defendant, the Town of Branford ("Branford"), pursuant to 42 U.S.C. § 1983 alleging an equal protection violation under the Fourteenth Amendment. Now pending before the court is Branford's Motion for More Definite Statement.

For the reasons stated below, the motion [doc. #8] is DENIED.

DISCUSSION
The Federal Rules implement a liberal approach to pleading and simply require " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957); Rule 8(a), Fed.R.Civ.P. The Rules "do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley,* 355 U.S. at 47.

Notwithstanding this liberal pleading standard, Rule 12(e) permits a party to move for a more definite statement "([i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Rule 12(e), Fed.R.Civ.P. Such motions generally are not favored. *See DeDiego v. City of New Britain,* No. 3:93cv391(TFGD), 1994 WL 70280, at \*5 (D.Conn. Jan. 31, 1994).

Rule 12(e) is designed to enable a litigant to answer a complaint and is targeted at "unintelligibility in a pleading, not just a claimed lack of detail." *Stanton v. Manufacturers Hanover Trust Co.,* 388 F.Supp. 1171, 1174 (S.D.N.Y.1975) (citation omitted). Moreover, the rule should not be used as a substitute for discovery. *See Concepcion v. Bomar Holdings, Inc.,* 89 CIV 1676(JFK), 1990 WL 13257, at \*1 (S.D.N.Y. Feb. 2, 1990) (citations omitted).

As a basis for its motion, Branford looks to Paragraph 8 of the plaintiffs' complaint which states:
In bringing against the plaintiffs the civil litigation described above, and thus treating the plaintiffs substantially different from others similarly situated, the defendant acted maliciously and for the improper purpose of coercing the plaintiffs in regard to unrelated litigation pending in another court.

(Compl. ¶ 8.) Branford seeks to have the court "order the plaintiffs to amend their complaint to identify ... [this] 'unrelated litigation.' " (Def.'s Mot. for More Definite Statement at 1.) Through this request, however, Branford simply attempts to obtain additional factual details from the plaintiffs. This type of information can be obtained during the course of discovery. *See DeDiego,* 1994 WL 70280, at \*5 (finding that "allegations which are unclear due to lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement") (citation omitted).

Because the complaint is not so vague and ambiguous that Branford cannot reasonably frame a responsive pleading, the court must deny this motion.

CONCLUSION

For the reasons stated above, the defendant's Motion for More Definite Statement [doc. #8] is DENIED.

**\*2** SO ORDERED this 18 day of December, 1997 at Bridgeport, Connecticut.

1997 WL 821765, 1997 WL 821765 (D.Conn.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works