

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | OCTOBER 24, 2003 |

(Second)

## SUBSTUTITED AMENDED ANSWER WITH AFFIRMATIVE DEFENSES, SET OFF AND COUNTERCLAIM

**JURISDICTIONAL ALLEGATIONS:**

1. As to Paragraph 1 of plaintiffs' complaint, the defendant has insufficient knowledge or information upon which to form a belief and leaves the plaintiffs to their proof.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. As to Paragraph 4 of plaintiffs' complaint, the defendant has insufficient knowledge or information upon which to form a belief and leaves the plaintiffs to their proof.

SR/212782/bsw

Law Offices of SKELLEY ROTTNER P.C. ☐ P.O. Box 340890, Hartford, CT 06134-0890 ☐ Phone: (860) 561-7077  Fax: (860) 561-7088
Juris No. 58693

**CLAIM FOR RELIEF:**

1.   Paragraph 1 is admitted.

2.   That portion of Paragraph 2 which alleges "On or about November 13, 2002, there was a fire at the plaintiffs' property located at 475 New Britain Avenue, Hartford, Connecticut" is admitted. As to the remaining allegations in Paragraph 2, the defendant has insufficient knowledge or information upon which to form a belief and leaves the plaintiffs to their proof.

3.   The defendant admits that the policy contained the coverages alleged but denies that all said coverages applied to this loss.

4.   The defendant admits that the plaintiffs made their premium payments but denies that the plaintiffs satisfied all their obligations under the policy.

5.   Paragraph 5 is admitted.

6.   Paragraph 6 is denied.

7.   Paragraph 7 is denied.

8.   Paragraph 8 is denied.

9.   Paragraph 9 is denied.

Law Offices of SKELLEY ROTTNER P.C. ☐ P.O. Box 340890, Hartford, CT 06134-0890 ☐ Phone: (860) 561-7077 Fax: (860) 561-7088
Juris No. 58693

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE:**

1. The policy of insurance referred to in the complaint provides as follows:

> MISREPRESENTATION, CONCEALMENT AND FRAUD-
>
> We do not provide coverage, if, before or after a loss:
> (a) You or another insured have willfully concealed
>     or misrepresented:
>     1. A material fact or circumstance with respect
>        to this insurance; or
>     2. Their interest herein; or
> (b) there has been fraud or false swearing by you or any
>     other insured with respect to this insurance or
>     the subject thereof.

2. The plaintiffs have made material misrepresentations to the defendant with respect to this loss in one or more of the following respect:

    a) The plaintiffs misrepresented the extent of the repairs and/or renovations made to the insured premises subsequent to its purchase in August 2002 and prior to the fire on November 13, 2002 in an effort to influence and increase the amount of the claim in that:

        (1)    The plaintiffs represented that they had made $65,000 to $75,000 in improvements to the premises which representations were false;

        (2)    The plaintiffs represented that they had paid $8,000 to a contractor, Sebastian Lentini, which representation was false in that they had paid only $5,000; and

        (3)    The plaintiffs presented a bill to the defendant from a a contractor in an amount in excess of $100,000 for work allegedly performed by said contractor when the plaintiffs knew that the majority of the work referred to in said bill was not performed by said contractor and in that the plaintiffs knew that the contractor had charged less than $15,000 for the work performed.

b)    The plaintiffs misrepresented the extent of the completion of the renovation to the insured premises and the condition of the property on the date of loss in that:

        (1)    They made misrepresentations as referred to in paragraph (a) above;

        (2)    They presented to the defendant a real estate appraisal obtained for the purpose of financing the premises with knowledge that said real estate appraisal contained representations that the premises contained improvements including but not limited to "new kitchens, baths, flooring, interior – exterior paint, windows, electrical and heating…" and in that said appraisal represented that "no significant repairs required" with knowledge that said representations were false.

Law Offices of SKELLEY ROTTNER P.C. ☐ P.O. Box 340890, Hartford, CT 06134-0890 ☐ Phone: (860) 561-7077 Fax: (860) 561-7088
Juris No. 58693

      c)      The plaintiffs misrepresented that on the date of the fire the building was ready for occupancy. Said misrepresentation was made for the purpose of obtaining coverage for lost rental income and in support thereof the plaintiffs provided a document purporting to be from the City of Hartford Inspections Department representing the building to be ready for occupancy when the plaintiffs knew that said document was false and/or that the representations contained within said document were false in that the building was not ready for occupancy.

3.     As a result of the above mentioned misrepresentations by the plaintiffs, there is no coverage for this loss as provided by the above quoted "Misrepresentation, Concealment or Fraud" provision of the policy of insurance.

**SECOND AFFIRMATIVE DEFENSE:**

The defendant has satisfied its obligations pursuant to the terms and conditions of the policy of insurance in that it has paid $114,000 to the mortgagee bank as the actual cash value of the loss and paid to the insureds a $20,000 advance.

**THIRD AFFIRMATIVE DEFENSE:**

The plaintiffs have not repaired or rebuilt the premises; and, therefore, coverage is limited to actual cash value pursuant to the following policy provision:

> When the cost to repair or replace exceeds the lesser of $2,500 or 5% of the limit on the damaged building, we do not pay for more than the actual cash value of the loss until repair or replacement is completed.

**FOURTH AFFIRMATIVE DEFENSE:**

The defendant relied on the advice of counsel with respect to determining the coverage for the loss and for the preparation of the letters denying the claim.

**FIFTH AFFIRMATIVE DEFENSE:**

Any recovery by the plaintiff is limited by the following provisions of the contract of insurance:

> Replacement Cost Terms.
>
> * * *
>
> d.  If the limit on the damaged building is less that 80% of its replacement cost at the time of loss, the larger of the following amounts is used in analyzing the Loss Settlement Terms:
>
>  1)  The actual cash value at the time of the loss; or
>
>  2)  That part of the replacement cost of the damaged part which our limit on the building bears to 80 percent of the full current replacement cost of the building.

- 6 -

**BY WAY OF SET OFF**

Pursuant to the terms and condition of the policy of insurance, the defendant was obligated to reimburse the plaintiff's mortgagee in the amount of $114,000 which payment benefited the plaintiff in the amount of $114,000. The defendant also in good faith advanced to the plaintiffs $20,000. Wherefore, the defendant is entitled to set off $134,000 from the principal amount of any judgment exclusive of interest.

**COUNTERCLAIM**

1. – 3.  Paragraphs 1 through 3 of the First Affirmative Defense are incorporate herein by reference and make Paragraphs 1 through 3 of the Counterclaim.

4.  Although the policy of insurance did not provide coverage for this loss for the reasons stated in Paragraphs 1 through 3 of the Counterclaim, the terms and conditions of the policy of insurance, nevertheless, required that the defendant make payment in the amount of $114,000 to the mortgagee bank.

5.  The defendant also in good faith advanced to the plaintiffs $20,000.

Law Offices of SKELLEY ROTTNER P.C. ☐ P.O. Box 340890, Hartford, CT 06134-0890 ☐ Phone: (860) 561-7077 Fax: (860) 561-7088
Juris No. 58693

**WHEREFORE**, the defendant, Patrons Mutual Insurance Company, claims:

1. Money damages in the amount of $134,000;

2. Interest;

3. The costs incurred in investigating the plaintiffs' claim.

                                    DEFENDANT, PATRONS MUTUAL
                                       INSURANCE COMPANY

By_____
            Joel J. Rottner
            Skelley Rottner P.C.
            P.O. Box 340890
            Hartford, CT 06134-0890
            (860) 561-7077
            Federal Bar No. ct05612

CERTIFICATION

I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on October 24, 2003, to the following counsel of record:

Attorney Cheryl E. Heffernan
Law Office of Cheryl E. Heffernan
2842 Old Dixwell Avenue
Hamden, CT  06518

_____
Joel J. Rottner