Granted in part. The defendant shall identify the legal theory or theories (e.g., breach of contract, fraud) on which it bases its counterclaim. Except to this extent, the motion is denied. So Ordered.

Stefan R. Underhill
United States District Judge
12/17/03

FILED

2003 OCT 30 P 12: 20

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL NO. 3:03 CV 01009 (SRU) |
| Plaintiffs | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | |
| Defendant | : | October 28, 2003 |

## MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, the Plaintiffs hereby move for a more definite state, regarding those aspects of the defendant's affirmative defenses and counterclaim dated October 24, 2003 hereinafter specified, in order to permit an intelligible basis for the filing of a responsive pleading:

1. <u>RE: Counterclaim</u>

A. The plaintiff requests an articulation as to the contractual and /or other legal basis under which the defendant's counterclaim is based as to the recovery of monies paid to the mortgagee bank.

<u>Reasoning in Support of This Request</u>: The counterclaim as currently plead is conclusatory in nature and does not meet even the minimum notice requirements of the Federal Rules of Civil Procedure. There is no way for the plaintiffs to determine the basis under which this counterclaim has been brought. In order for the plaintiff to evaluate the necessity or appropriateness of posing or preserving certain defendant, including the "failure to state a claim upon which relief can be granted" requests the defendant to set forth the contractual and/or other legal basis for the claim for recovery of monies paid to the mortgagee bank.