FILED

2004 APR 13 P 3: 59

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL NO. 3:03 CV 01009 (SRU) |
| Plaintiffs | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | |
| Defendant | : | April 12, 2004 |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S**

**MOTION FOR JOINDER OF PARTIES DATED APRIL 7, 2004**

The Plaintiffs' Hiam and Joseph Attias hereby object to the Defendant's motion to join as party plaintiffs Shlomo Attias and Dvora Attias, on the grounds that they are not necessary parties to the case and their joinder is sought solely for the purpose of harassment and delay. No justifiable reason exists to for the joiner of these individuals. The requested joinder should also be denied on the basis that the time period for joinder of parties passed on August 15, 2003.

**FACTS:**

This action was commenced by the plaintiffs Hiam and Joseph Attias by way of a complaint filed June 9, 2003. Said complaint alleges causes of action against the defendant Patrons Mutual Insurance Company of Connecticut of breach of contract, and violations of Connecticut Unfair Insurance Practices Act (C.G.S. §38a-816) and Connecticut Unfair Trade Practices Act ( C.G.S. § 42-110a), All the causes of action arise from a property loss claim on a policy of insurance issued by the defendant to the plaintiffs on property located at 475 New Britain avenue, Hartford Connecticut. The sole owners of said property are

the plaintiffs. The only insureds named on the subject policy are the plaintiffs, with exception of the plaintiff's mortgage bank.[1] Jurisdiction of this case is found pursuant to diversity.[2]

By way of a Report of Parties' Planning Meeting the parties entered into a case schedule which was made an order of the Court by the Court's endorsement on August 18, 2003. Said Scheduling Order required the parties to seek joinder of new parties on or before August 15, 2003. No motion for joinder had been filed in this case until the defendant's current motion was filed.

The defendant now seeks to add as party plaintiffs to this action the plaintiffs' parents, Shlomo and Dvora Attias, on the sole basis that the plaintiffs have indicated in their deposition testimony that their parents may share in the profits or losses of their business ventures. Such does not make them necessary parties to this action.

The discovery deadline for this case is now April 30, 2004 after three (3) extensions have already been granted by the Court. To add party plaintiffs at this time will only service to delay the progression of this case.

**LAW AND ARGUMENT**

Rule 19 (a) of the Federal Rules of Civil Procedure provides for the joinder of a person as a party is:

> "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Section (2) of the above rule does not apply as neither Shlomo Attias nor Dvora Attias have sought to be added as parties to this case. Therefore we are left with section (1). The defendant claims in its motion that "failure to cite in Shlomo and Dvora Attias as party

---

[1] The defendant settled the mortgage bank's claim under the policy of insurance shortly after the plaintiffs commenced this action.

2

plaintiffs in this action **may** expose the defendant...to the risk of incurring :double, multiple or otherwise inconsistent obligations by reason of the claimed interests of the additional owners who have a financial interest in the subject property." (Emphasis added.) The defendant's contention is farfetched. There is no evidence that Shlomo and Dvora Attias are owners of the subject property, or that they are party to the contract on which this case is based, the contract of insurance between the plaintiffs and the defendant.[3] Without such contractual relationship with the defendant or the ownership interest in the subject property, Shlomo and Dvora Attias have no viable claim against the defendant in regards to the loss at issue.

The defendant's second claimed basis for the joinder is that Shlomo and Dvora Attias "are presumably aware of the circumstances of the loss as well as the existence and status of the present actions and may be able to provide valuable information to both sides of the present dispute." Such is not a reason for joinder, but for obtaining their depositions, if that. In fact the defendant's have previously noticed the depositions of the Shlomo and Dvora Attias, but could not go forward with them as they failed to issue subpoena's to compel their testimony as non-parties. Now, interestingly, the defendant wishes to make them parties and contends that they may have information of use. To try to inconvenience a person, and in this case the elderly parents of the plaintiffs, but compelling them to become parties to an action for the sole purpose of obtaining their depositions is improper, and could be deemed to be a abuse of the process.

The testimony sited by the defendant in support of its motion for joinder is noteworthy in what is not provided. Namely any testimony that Shlomo and Dvora Attias hold any legal title to 475 New Britain Avenue, Hartford, CT or that they are named

---

[2] The Jurisdiction of this Court will not be affected by the joinder of Shlomo and Dvora Attias.
[3] In its answer the plaintiffs' complaint the defendant acknowledges that it issued a policy of insurance to the plaintiffs.

3

insureds on the subject insurance policy.[4] Without such they cannot be considered necessary parties for which Federal Rules of Civil Procedure, Rule 19(a) was designed.

**CONCLUSION:**

Wherefore, for the foregoing reasons the defendant's Motion for Joinder of Parities should be denied.

```
                                    THE PLAINTIFFS,

                                    BY _____
                                        Cheryl E. Heffernan
                                        Farver & Heffernan
                                        2842 Old Dixwell Avenue
                                        Hamden, Connecticut 06518
                                        Telephone: 203-288-8266
                                        Facsimile: 203-288-4702
                                        Fed Bar No.:CT 06473
```

**CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid this 8th day of April 2004, to:

Joel Rottner, Esq.
Skelley Rottner P.C.
PO Box 340890
Hartford, CT  06134-0890

_____
Cheryl E. Heffernan

---

[4] To date the Plaintiffs have not received copies of the transcripts of their depositions, and therefore, are not able at this moment in time to provide the Court with exerts from said transcripts to demonstrate that the defendant is well aware that Dvora and Shlomo Attias do not hold any legal title to the subject policy nor are named insureds on the policy of insurance. However if such were the case, clearly the defendant would have been brought that to the Court's attention in its motion.