UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | |
| | : | CIVIL ACTION NO. |
| | : | |
| VS. | : | 3:03 CV 01009 (SRU) |
| | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | APRIL 28, 2004 |
| COMPANY OF CONNECTICUT | : | |

## MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the defendant in the above-referenced matter seeks a protective order limiting the scope of permissible inquiry by the plaintiff at the continuance of the deposition of defendant's representative, Scott Michael Terra, as currently noticed for Friday, April 30, 2004. The defendant asserts that on October 21, 2003, Mr. Terra appeared for a deposition in the above-referenced matter, and counsel questioned the deponent at length during that deposition on a number of areas relevant to the above-referenced matter. At the end of said deposition, counsel for the plaintiff did not conclude the deposition pending the production of the file of Attorney Margaret Ralphs. Counsel for the defendant agreed to the continuance for the limited purpose of questioning Mr. Terra with respect to the documents produced in Attorney Ralphs' file. (Please see

SR/220099/bsw

deposition transcript of Scott Michael Terra October 21, 2003 P. 170, L.11-P. 173 L. 3, attached hereto as Exhibit A).

    Counsel for the plaintiff has now issued a re-notice of deposition for Mr. Terra commencing Friday, April 30, 2004 at 10 a.m., requesting that the deponent be prepared to testify as to the identical subject matters included in the original notice of deposition. Furthermore, the plaintiff has included a request for the production of documents, which is also identical to that which was included in the original deposition notice.  As the plaintiff had ample time to question Mr. Terra at the original deposition on the subjects identified as well as the requested production, it is the position of the defendant that to allow this continuance to occur would be unduly burdensome on the witness.   Counsel for the defendant has contacted plaintiffs' counsel in order to clarify the intended scope of the continued deposition and has been informed that the intended purpose is not to readdress issues previously testified to by Mr. Terra but rather to question him on issues raised in subsequent depositions, without identifying whose testimony she is relying on for questioning.  The defendant does assert an objection to any questions beyond those raised by documents contained in Attorney Ralphs' file.

    Furthermore, to the extent that the continuance of the deposition may occur, Mr. Terra is unavailable at the date and time the deposition has been noticed for personal reasons.

Therefore, the defendant has requested that said deposition be rescheduled with the agreement of plaintiffs' counsel.

WHEREFORE, the defendant respectfully seeks an order limiting the plaintiffs' scope of permissible questioning during the continued deposition of Mr. Scott Terra to those questions that are specifically based on the documents produced and included in Attorney Margaret Ralphs' file and any computer-generated documents of the defendant not previously produced in compliance with the original request for production.

                    DEFENDANT, PATRONS MUTUAL
                    INSURANCE COMPANY


By_____\S_____
      Joel J. Rottner
      Skelley Rottner P.C.
      P.O. Box 34089
      Hartford, Connecticut 06134-0890
      (860) 561-7077
Fed. Bar # ct05612

- 4 -

## CERTIFICATION

      I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on April 28, 2004, to the following counsel of record:

Attorney Cheryl E. Heffernan  
Law Office of Cheryl E. Heffernan  
2842 Old Dixwell Avenue  
Hamden, CT  06518

                                                            \S\  
                                                   Joel J. Rottner