FILED

2004 MAY -3 P 2: 24

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL NO. 3:03 CV 01009 (SRU) |
| Plaintiffs | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | |
| Defendant | : | April 30, 2004 |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S**

**MOTION FOR PROTECTIVE ORDER**

**RE: DEPOSITION OF SCOTT TERRA DATED APRIL 28, 2004**

The Plaintiffs' Hiam and Joseph Attias hereby object to the Defendant's motion for a protective order in regards to the continued deposition of the Defendant's employee Scott Terra. The defendant's request for a protective order is to limit the questions to be asked Mr. Terra during his continued deposition to subjects arising out of documents, which were not produced in accordance with original deposition notice. No law has been cited by the defendant in support this requested restriction.

Mr. Terra is the claims representative who was primarily responsible for the investigation and handling of the plaintiffs' insurance claim that is the subject of this litigation. He was the first person deposed in this litigation. Since then two other representatives of the Defendant have been deposed as well as other witnesses such as various contractors involved in renovating the property which was insured by the subject policy, the plaintiffs, and other witnesses involved in the issuance of the policy and investigation of the claim. Through these depositions information has developed regarding the actions of Mr. Terra in the investigation and denial of the plaintiffs' fire loss claim. The defendants have a right to explore that information with Mr. Terra. Federal Rules of Civil Procedure, Rule 30 (d) places a presumptive limit on

the length of a deposition for one day for a total of seven hours. Mr. Terra's original deposition only lasted from 10:00 in the morning until 3:00 in the afternoon with an hour break for lunch. Seven hours were not used and the deposition was suspended at 3:00 due to lack of receipt of all requested documents. The plaintiffs' counsel, in suspending the deposition, did not agree to limit any continued deposition to only subjects contained in the documents that were not produced.

On April 16, 2004 the defendant took the deposition of the plaintiff Joseph Attias. That deposition was suspended and not concluded, as some documents requested in the notice had not been available to be produced in time. The defendant's counsel indicated at the end of that deposition that he was finished with questions, "subject to the remaining documents…" (See exhibit A attached hereto.) At the continuation of that deposition when the document were produced, counsel for the defendant did not limit is questions to the plaintiff on subjects that were not related to the previously unproduced documents, but also questioned the plaintiff on subjects that had been addressed at the original deposition and subjects that were not raised at that deposition. (The transcript of the continued deposition has not been received by counsel as of the date of this objection.) Considering this history it is rather disingenuous for the same defense counsel to seek to limit the subjects to be addressed at the continued deposition his client's representative.

Accordingly the Plaintiffs respectfully request the Court to deny this protective order and permit the plaintiffs to notice the continued deposition of Mr. Terra. Additionally, the plaintiffs request the Court to sanction the defendant for this meritless motion for a protective order by requiring it to pay for the cost of the preparation and prosecution of this motion and any other sanctions the Court deems appropriate.

THE PLAINTIFFS,

BY _____

       Cheryl E. Heffernan
       Farver & Heffernan
       2842 Old Dixwell Avenue
       Hamden, Connecticut 06518
       Telephone: 203-288-8266
       Facsimile: 203-288-4702
       Fed Bar No.:CT 06473

## CERTIFICATION

    I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid this 30th

day of April 2004, to:

Joel Rottner, Esq.
Skelley Rottner P.C.
PO Box 340890
Hartford, CT  06134-0890

_____
Cheryl E. Heffernan

3

# EXHIBIT A

**Page 1**

1    UNITED STATES DISTRICT COURT

2    DISTRICT OF CONNECTICUT

3    * * * * * * * * * *

4    JOSEPH ATTIAS & HAIM ATTIAS, *

5        Plaintiffs,    *

6    VS.    * CIVIL ACTION

7        3:03 CV 01009

     * (SRU)

8    PATRONS MUTUAL INSURANCE

     COMPANY OF CONNECTICUT,    *

9        Defendant.    *

10   * * * * * * * * * *

11        Hamden, CT

12        February 26, 2004

13        10:00 a.m.

14        – – –

15   DEPOSITION OF JOSEPH ATTIAS

16        – – –

17   APPEARANCES:

18   FOR THE PLAINTIFFS:

19   LAW OFFICE OF FARVER & HEFFERNAN
     BY: CHERYL HEFFERNAN, ESQ.

20        2842 Old Dixwell Avenue
          Hamden, CT 06518

21

22   FOR THE DEFENDANT:

23   LAW OFFICE OF SKELLEY ROTTNER, P.C.
     BY: JOEL ROTTNER, ESQ.

24        433 South Main Street
          West Hartford, CT 06110

25

**Page 2**

1    Deposition of JOSEPH ATTIAS, taken on behalf
     of the Defendant herein, for the purpose of

2    discovery and for use as evidence in this cause,
     pending in the United States District Court for the

3    District of Connecticut, pursuant to Notice, before
     Lorraine Calegari, Licensed Shorthand Reporter, No.

4    SHR-172, and a Notary Public within and for the
     State of Connecticut, at the law offices of Farver &

5    Heffernan, 2842 Old Dixwell Avenue, Hamden, CT on
     February 26, 2004 at 10:00 a.m. at which time

6    counsel appeared as herein before set forth . . .

7

8

9

10        S T I P U L A T I O N S

11        IT IS HEREBY STIPULATED AND AGREED TO by and
     among counsel for the respective parties hereto that

12   all technicalities as to the proof of the official
     character of the authority before whom the

     deposition is to be taken are waived.

13

14        IT IS FURTHER STIPULATED AND AGREED TO
     by and among counsel for the respective parties

15   hereto that any objections to the sufficiency of the
     Notice are waived.

16

17        IT IS FURTHER STIPULATED AND AGREED TO
     by and among counsel for the respective parties

18   hereto that all objections, except as to form, are
     reserved to the time of trial.

19

20

21

22

23

24

25

**Page 3**

1    Thereupon:

2    JOSEPH ATTIAS, whose home address is 7883

3    Cathedral Avenue, Hamstead, New York, being first

4    duly sworn, as hereinafter certified, was examined

5    and testified as follows:

6        MR. ROTTNER:  Usual

7    stipulations?

8        MS. HEFFERNAN:  He'll read and

9    sign.

10   DIRECT EXAMINATION BY MR. ROTTNER:

11   Q. Mr. Attias, could you state your

12   name and address?

13   A. Joseph Attias, 7883 Cathedral

14   Avenue, Hamstead, New York 11050.

15   Q. What is your occupation?

16   A. I'm self-employed.

17   Q. What do you do?  How do you earn a

18   living?

19   A. Full-time real estate investor.

20   Q. And do you own multiple properties?

21   A. Now we do.

22   Q. And for how long have you owned

23   multiple properties that you said "now we

24   do"?

25   A. Well, we owned a couple of months

**Page 4**

1    475 New Britain Avenue, which was the first

2    property that we bought as investment

3    property.

4    Q. So 475 New Britain Avenue was the

5    first property you bought as an investment

6    property?

7    A. We bought only investment property.

8    Q. When you say "we," who is the "we"?

9    A. My brother and myself and my

10   parents.

11   Q. Do you have a business name that

12   you go under?

13   A. Now we do, which is Ideal Capital

14   Fund.  At the time we just bought it

15   personally.

16   Q. Okay.  How much did you pay for 475

17   New Britain Avenue?

18   A. Sixty-five.

19   Q. And how did you locate that

20   property?

21   A. Found it on the Internet.

22   Q. Where on the Internet?

23   A. Multiple sites you can see.

24   Q. Do you remember which one you found

25   it on?

Page 165

```
 1   Ramos might be found now?
 2      A.  He got so many different
 3   directions, because we've been looking for
 4   him, including during this ordeal.  Right
 5   now I don't have any idea.
 6          At the time he was telling me that he's
 7   going to Puerto Rico to be a builder over there.  I
 8   don't know where he is.
 9      Q.  Right after the loss he was telling
10   you that?
11      A.  That is shortly after.
12      Q.  You were looking for him after the
13   loss and you couldn't find him?
14      A.  We couldn't find him.  We went to
15   his mother's last house where he was living
16   and we couldn't find him.  Found out -- we
17   thought they were separated -- they were
18   never married, but they, apparently,
19   separated and then I talked to his wife
20   Lilly Belle and she said Juan wasn't there
21      Q.  When you had that check for Mr.
22   Ramos for 2,500, that was a final payment?
23      A.  That was our assumption at the
24   time, yes.
25      Q.  Did you give it to him?  Was he
```

Page 166

```
 1   around then?
 2      A.  Yes.  Gave both of them.  We were
 3   both in the my car and Omar was in the car
 4   with us.
 5      Q.  That was the date of the loss?
 6      A.  That's right.
 7      Q.  And you haven't seen him since the
 8   date of the loss?
 9      A.  No.  I saw him, yes, of course, I
10   did.  What I'm talking about, I saw him in
11   Waterbury.
12      Q.  In Waterbury?
13      A.  Yes.
14      Q.  When was the last time you saw Juan
15   Ramos?
16      A.  When he finished the job in
17   Waterbury.
18          MR. ROTTNER:  Subject to the
19   remaining documents, I don't have any
20   questions.
21          MS. HEFFERNAN:  Okay.  Nothing
22   else.  I don't have anything.
23          (Whereupon, the deposition was
24   concluded at 4:45 p.m.)
25
```

Page 167

UNITED STATES DISTRICT COURT.

DISTRICT OF CONNECTICUT

JOSEPH ATTIAS

JOSEPH ATTIAS, personally appeared before me

at                , Connecticut, this         day

of      2004, made oath and acknowledged this

deposition to be a true and accurate transcription

of her testimony.

My Commission Expires:

NOTARY PUBLIC

C E R T I F I C A T E

Page 168

STATE OF CONNECTICUT

JUDICIAL DISTRICT OF NEW HAVEN

I, LORRAINE CALEGARI, Licensed Shorthand Reporter and Notary Public within and for the State of Connecticut, duly commissioned and qualified, do hereby certify that pursuant to Notice, JOSEPH ATTIAS, the deponent herein, was by me first duly sworn to testify to the truth, the whole truth and nothing but the truth of his knowledge touching and concerning the matters in controversy in this case; that he was thereupon carefully examined upon his oath and his testimony reduced to writing by me; and that the deposition is a true record of the testimony given by the witness.

I further certify that I am neither attorney or counsel for, nor related to or employed by, any of the parties to the action in which this deposition is taken, and further that I am not a relative or employee of any attorney or counsel employed by the parties thereto or financially interested in the action.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal March 29, 2004, at Cheshire, Connecticut.

_____
Lorraine Calegari, LSR
My Commission Expires:      License No. SHR.172
April 30, 2004         Notary Public
State of CT