FILED

2004 MAY -3  P 2: 24

UNITED STATES DISTRICT COURT. DISTRICT COURT
DISTRICT OF CONNECTICUT    BRIDGEPORT, CONN

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL NO. 3:03 CV 01009 (SRU) |
| Plaintiffs | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | |
| Defendant | : | April 30, 2004 |

### PLAINTIFFS' OBJECTION TO DEFENDANT'S
### MOTION FOR PROTECTIVE ORDER
### RE: DEPOSITION OF AMY PACHIOTTI DATED APRIL 28, 2004

The Plaintiffs' Hiam and Joseph Attias hereby object to the Defendant's motion for a protective order in regards to the deposition of the Defendant's employee Amy Pachiotti. The sole basis for the defendant's request for a protective order is to require the plaintiff to take all of the defendant's employee's depositions on the same day. There is no issue that the deposition was properly noticed or that the witness or counsel are not available, but simply that the defendant wants all the employee depositions to occur on the same day. There is no provision in the Court's rules of practice for such a requirement.

By way of a notice of deposition dated March 31, 2004, the plaintiffs' noticed the deposition of the defendant pursuant to F.R.Civ.P. Rule 30(b)(6) to testify as to the following:

1. The underwriting polices and practices of the defendant for the issuance of homeowner's policies in Connecticut;
2. Involvement of the underwriting department in the processing and or investigation of the plaintiff's' fire loss claim on 475 New Britain Avenue, Hartford, CT, including coverage issues for said loss.
3. The issuance of policy number DCT 0023909 to the plaintiffs on property located at 475 New Britain Avenue, Hartford, CT.

Said deposition of the defendant was originally scheduled for April 13, 2004. Counsel for the Defendant notified undersigned counsel that the person who would be appearing to be deposed was not available as scheduled and a renotice was requested. In order to accommodate the defendant's employee the deposition as noticed for April 19, 2004. On April 13, 2004 the defendant belatedly responded to discovery requests disclosing the names of individual in the defendant's underwriting department and the underwriting file. Counsel also learned on hat date the person who would be produced by the defendant to be deposed was not a person able to testify as to all matters for which the deposition was noticed. Therefore after requesting that Ms. Pachiotti be produced for the deposition, the plaintiff filed a notice of deposition and faxed such on April 16, 2004 for the April 19, 2004 deposition. Ms. Pachiotti was not produced due to the defendant claim of lack of sufficient notice. Therefore, the plaintiff renoticed the deposition of Ms. Pachiotti by way of a renotice of deposition dated April 20, 2004 for April 30, 2004. The plaintiffs also noticed the deposition of two other employees of the defendant for April 30, 2004. One of the other employees cannot be located and the third is not available due to person issues. The defendant accordingly requested on April 28, 2004, 2 days before the scheduled deposition to cancel Ms. Pachiotti's deposition as well. Considering the fact that time had been set aside for that deposition and that the deadline for discovery is April 30, 2004[1], the undersigned counsel refused to cancel the depositions. The defendant accordingly filed the motion for protective order that is before the court.

It is the plaintiffs' position that Ms. Pachiotti should have been produced in compliance with the notice of deposition of the defendant dated April 12, 2004. Federal Rules of Civil Procedure Rule 30(b)(6) requires a party that is a corporation to present the person best able to testify as to the matters indicated in the notice that will be addressed. The defendant instead produced a person who was unable to testify two of the three matters noticed. The person best able to address those matters is Ms. Pachiotti.

---

[1] The plaintiff has filed a request to extend the scheduling orders due to the defendant's meritless and late objections to the plaintiffs' discovery requests. As of the date of this objection no ruling has been made on that request and the deadline for discovery remains April 30, 2004.

2

The defendant's motion for protective order in regards to Ms. Pachiotti's deposition is completely without any merit and merely a method by which to further delay the completion of the discovery in this case. The defendant has delayed discovery by filing responses to discovery requests late, filing objections to discovery requests late, by not producing the proper representative to testify at a properly noticed deposition, and by canceling depositions at the last moment.

The Court should deny this protective order and permit the plaintiffs to notice the deposition of Ms. Pachiotti without regard to when other depositions will be scheduled. Additionally, the plaintiffs' request the court to sanction the defendant by requiring them to pay for the cost of the preparation and prosecution of this motion and any other sanctions the Court deems appropriate.

THE PLAINTIFFS,

BY _____
Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, Connecticut 06518
Telephone: 203-288-8266
Facsimile: 203-288-4702
Fed Bar No.:CT 06473

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid this ___ day of April 2004, to:

Joel Rottner, Esq.
Skelley Rottner P.C.
PO Box 340890
Hartford, CT 06134-0890

_____
Cheryl E. Heffernan

3