```
                                                    FILED

                                                2004 MAY 10  P 2: 57

         UNITED STATES DISTRICT COURT  U.S. DISTRICT COURT
               DISTRICT OF CONNECTICUT  BRIDGEPORT, CONN
```

| | |
|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS : | CIVIL ACTION NO. |
| : | 3:03 CV 01009 (SRU) |
| VS. : | |
| : | |
| PATRONS MUTUAL INSURANCE : | MAY 7, 2004 |
| COMPANY OF CONNECTICUT : | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCLOSURE

The defendant, Patrons Mutual Insurance Company of Connecticut, hereby responds to the plaintiffs' Motion to Compel Disclosure, dated April 19, 2004. The defendant continues to assert its objection that plaintiffs' interrogatory # 3 and the corresponding production request and sets forth the following in support of said objection:

1. The plaintiffs have inaccurately stated the language of the interrogatory, which was served upon the defendant, in their Motion to Compel. The actual interrogatory language states:

> Identify all fire loss **homeowner** claims filed with the defendant from January 1, 2001 until the present time. As to each such claim, set forth the name and address of the policy holder, name and address of attorney for policy holder, date of loss, name of defendant's claim representative handling claim, value of said loss, whether the claim was paid or denied, amount paid on claim if any, date of payment on claim, reason if any of denial of claim, date of denial of claim.

SR/220505/bsw

2.   The above-referenced matter in fact involves a claim filed under a Dwelling Fire policy, not a homeowner's policy, that was issued to Joseph and Haim Attias for a property located at 473-475 New Britain Avenue, Hartford, Connecticut. Said loss occurred on November 13, 2002.

3.   The defendant has objected on the basis that said request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The defendant, Patrons Mutual Insurance Company, currently writes business in Connecticut, Massachusetts, Rhode Island and Vermont, selling a variety of commercial as well as personal insurance products. The plaintiff has not sought to limit the scope of the inquiry to either a geographical area or line of business which is relevant to the above-referenced action

4.   The defendant has further raised an objection with counsel for the plaintiffs on the basis of concerns regarding the obligations of Patrons Mutual Insurance Company to protect the confidentiality of its insureds and not to disclose information without the explicit consent and agreement of those insureds. Under the Connecticut Insurance Information Privacy Protection Act (C.G.S. 38a-975-38a-998), the defendant, by virtue of writing insurance products within the State of

Connecticut, is bound by its obligations under this act to protect the privacy of its customers. C.G.S. 38a-976 (t) defines "personal information" as "any individually identifiable information gathered in connection with an insurance transaction from which judgments can be made about an individual's character, habits, avocations, finances, occupation, general reputation, credit, health, or any other personal characteristics." Under (w) of C.G.S. 38a-976, privileged information is defined as "any individually identifiable information that (1) relates to a claim for insurance benefits or a civil or criminal proceeding involving an individual, and (2) is collected in connection with or in the reasonable anticipation of a claim for insurance benefits or a civil or criminal proceeding involving that individual."

5.     C.G.S. 38a-988, entitled "Disclosure Limitations and Conditions," provides specific circumstances in which the information, both personal and privileged, presently sought by the plaintiffs may be disclosed. However, none of the circumstances in which disclosure is permissible is applicable to the present scenario.

6.     Notwithstanding these objections, the defendant has provided the plaintiffs with information in compliance with the interrogatory that does not

- 3 -

violate the defendant's privacy obligations to its insureds. A copy of said compliance is attached hereto as Exhibit A.

7. The defendant would assert that it has in fact complied, to the extent that it is capable under Connecticut law. Should the Court order further compliance, the defendant would request an in camera review, in order to protect the privacy rights of the defendant's insureds, of any documentation provided for determination of its relevance and probative value to the present action.

DEFENDANT, PATRONS MUTUAL
INSURANCE COMPANY


By_____
Heather J. Adams-Beman
Skelley Rottner P.C.
P.O. Box 340890
Hartford, CT 06134-0890
Tel. (860) 561-7077
Fax (860) 561-7088
Federal Bar No. ct24091

CERTIFICATION

I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on May 7, 2004, to the following counsel of record:

Attorney Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, CT 06518
*Tel. (203) 288-8266*

_____
Heather J. Adams-Beman

- 5 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | MAY 5, 2004 |

### NOTICE OF SUPPLEMENTAL COMPLIANCE WITH PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION, DATED FEBRUARY 23, 2004

The defendant, Patrons Mutual Insurance Company of Connecticut, by its attorneys, Skelley Rottner, P.C., hereby gives notice of filing supplemental compliance with the plaintiffs' Interrogatories and Request for Production, dated February 23, 2004.

DEFENDANT, PATRONS MUTUAL
INSURANCE COMPANY

By_____
Heather J. Adams-Beman
Skelley Rottner P.C.
P.O. Box 340890
Hartford, CT  06134-0890
Tel. (860) 561-7077
Fax (860) 561-7088
Federal Bar No. ct24091

SR/216146/hab

## CERTIFICATION

I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on May 5, 2004, to the following counsel of record:

Attorney Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, CT 06518
*Tel. (203) 288-8266*

                                                    Heather J. Adams-Beman

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH ATTIAS & HAIM ATTIAS : CIVIL ACTION NO.
: 3:03 CV 01009 (SRU)
VS. :
:
PATRONS MUTUAL INSURANCE :
COMPANY OF CONNECTICUT : MAY 5, 2004

### DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES DIRECTED TO THE DEFENDANT, PATRONS MUTUAL INSURANCE COMPANY OF CONNECTICUT

The undersigned, pursuant to the applicable sections of the Federal Rules of Practice, requests that the defendant, PATRONS MUTUAL INSURANCE COMPANY OF CONNECTICUT, answer the following interrogatories within 30 days and file amended answers to the date of trial as supplemental or additional information is discovered.

3.  Identify all fire loss homeowner claims filed with the defendant from January 1, 2001 until the present time. As to each such claim, set forth the name and address of the policy holder, name and address of attorney for policy holder, date of loss, name of defendant's claim representative handling claim, value of said loss, whether the claim was paid or denied, amount paid on claim if any, date of payment on claim, reason if any of denial of claim, date of denial of claim.

SR/216146/hab

**ANSWER:**  Multiple fire loss claims have been presented to the defendant within the requested time period. None of the applicable claims filed within the relevant period have been denied except Claim #6185274020, date of loss 10/08/03, which was brought under a dwelling fire policy. Said claim was denied on the basis of the policy exclusion for coverage due to vandalism when the property is vacant for more than 30 consecutive days prior to the loss. The identified claim is not in litigation, and the basis for denial of that claim has no relationship to the present action. Therefore, absent an order of the Court, the defendant refuses to disclose the confidential claims information.

I, Scott Terra, hereby certify that I have