United States District Court
District of Connecticut
FILED AT     BRIDGEPORT

6-22-04 ................20
Kevin F Rowe, Clerk
By

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

*03CV1009SUPMEMO*

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL NO. 3:03 CV 01009 (SRU) |
| Plaintiffs | : | |
| | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | |
| Defendant | : | June 21, 2004 |

### MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCLOSURE,

Pursuant to Rule 37 (a) of the Federal Rules of Civil Procedure and Rule 9 of the Local

Rules for the District of Connecticut, the Plaintiffs hereby submit the following in support of their

motion to compel disclosure.

**NATURE OF CASE:**

The above-referenced civil case involves allegations that the defendant insurance

company breached its contract with the plaintiff insureds by denying a valid fire loss claim on

property located at 475 New Britain Avenue, Hartford, Connecticut. The case further alleges that

the defendant's actions in the handling of the investigation and the denial of this claim where in

violation of Connecticut Unfair Insurance Trade Practices Act (CUIPA) and therefore a violation

of Connecticut Unfair Trade Practices Act (CUTPA). As part of the discovery process the

plaintiffs seek to obtain information and documentation relative to the defendant's handling of

other fire loss claims.   To accomplish such, the plaintiffs served on the defendant Discovery

Requests dated February 23, 2004, requesting the defendant to file responses within 30 days of

receipt. Responses were not received within the required 30 days and therefore the plaintiffs'

counsel forwarded a fax to defendant's counsel on March 30, 2004 requesting that compliance be forwarded immediately. On April 1, 2004 defense counsel contacted the undersigned counsel and advised that 10 additional days were required to obtain the information and documents requested. "Compliance" was received on April 13, 2004, twenty (20) days after originally due. In said "compliance" the defendant filed for the first time objections to some of the requests, specifically those related to other fire loss claims. The defendant's objection is that the requests are "Overly broad, not reasonably calculated to lead to the discovery of admissible evidence."

The discovery phase of this case is scheduled to be completed by April 31, 2004. Due to the defendant's refusal to comply with these requests and the delay in filing objections to the requests, will clearly require an enlargement of the discovery period.

Undersigned counsel forwarded a letter on April 13, 2004 to defendant's counsel seeking to resolve said objections. Resolution could not be met. The Defendants have now filed a supplemental objection to these discovery request, specifically Interrogatory number 3 on or about June 7, 2004. The plaintiffs accordingly now move for an order of compliance

**ITEMS FOR WHICH DISCOVERY IS SOUGHT AND REASON FOR ALLOWANCE OF DISCLOSURE:**

1.    **Interrogatory number 3.**    Identify all fire loss claims filed with the defendant from January 1, 2001 until the present time. As to each such claim set forth the name and address of the policy holder, name and address of attorney for policy holder, date of loss, name of defendant's claim representative handling claim, value of said loss, whether the claim was paid or denied, amount paid on claim if any, date of payment on claim, reason if any of denial of claim, date of denial of claim.

2.    **Production request number 1.** Please produce all documents relative to all fire loss claims referred to in response to interrogatory number 3 including but not limited to all claims files and files maintained by other agents, servants and/or employees of

2

the Defendant, including but not limited to attorneys, supervisors, independent contractors of the defendants, etc., whether maintained in document or electronic form.

**Reason disclosure should be ordered:** The requested information and documents are necessary for the plaintiffs to establish their claim of violations of CUIPA and CUTPA. The handling of other fire loss claims can be illustrative of the improprieties in the handling of the subject fire loss claim. Additionally, a "practice" needs to be established which can only be shown by an analysis of other similar claims during the relevant time period. The plaintiffs' request for fire loss claims occurring in the two years prior to the loss of November 13, 2002 and the one-year plus since the loss is not an unreasonable period of time. Additionally as the defendant is a small company with only 5,200 fire loss polices in effect at any given time (Testimony of Supervisor of Underwriting Department, Guy Garofalo, taken this date, transcript not available at this time) the amount of potential fire loss claims included within these parameters cannot be large and thereby burdensome. Finally the failure of the defendant to file the objections within the required 30-day period or to request an enlargement of time to do so should constitute waiver of any objections to compliance with the requests.

The plaintiffs are seeking disclosure of all fire loss claims filed with the defendant in a reasonable narrow period of time. The defendant's contention that the plaintiffs should limit the request to claims denied for the same reasons as the denial in the case-at-bar. That is not reasonable. Part of the plaintiffs' contentions in this case involves improper investigation of the plaintiffs' claim. The plaintiffs seek to

3

establish that this is a business practice of the defendant. Whether the impropriety lead to a denial of other claims is irrelevant.

The defendant has failed to demonstrate their claim of undue burden as well. The defendant has not provided the Court with any information regarding how the plaintiffs' request is burdensome as no information has been provided regarding the number of claims for which disclosure is sought that were filed during the subject time period.

Finally, the plaintiffs have previously advised the defendant that they would agree, without prejudice, to the records being provided with the name and personal information of the insured blocked out at this juncture, thereby resolving for the moment the defendant's objection in regard to the privacy interests of its policy holders

## CONCLUSION:

Wherefore the Plaintiff respectfully requests the Court to order the defendant to fully comply with the plaintiff's discovery requests by responding fully to interrogatory number 3 and producing the documents requested in production request number 1. The plaintiffs' further request the Court to order the defendant to pay the costs for the filing and prosecution of this motion.

THE PLAINTIFF,

BY

Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, Connecticut 06518
Telephone: 203-288-8266
Facsimile: 203-288-4702
Fed Bar No.:CT 06473

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid

this 21st day of June 2004, to:

Heather Adams-Beman, Esq.
Joel Rottner, Esq.
Skelley Rottner P.C.
PO Box 340890
Hartford, CT  06134-0890

Cheryl E. Heffernan