UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | JULY 6, 2004 |
| COMPANY OF CONNECTICUT | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**MOTION TO COMPEL DISCLOSURE, DATED JUNE 21, 2004**

    The defendant, Patrons Mutual Insurance Company of Connecticut, hereby responds to the plaintiffs' Motion to Compel Disclosure, dated June 21, 2004.  The defendant continues to assert its objections that interrogatory # 3 and the corresponding production request are overly broad and not reasonably calculated to lead to the discovery of admissible evidence and further seek information well beyond that which the insurer can permissibly disclose under the Connecticut Insurance Information and Privacy Protection Act.  The defendant sets forth the following in support of said objection:

    1.    The above-referenced matter arises out of a claim filed under a Dwelling Fire policy, not a homeowner's policy, that was issued to Joseph and Haim Attias for a property located at 473-475 New Britain Avenue, Hartford, Connecticut.  Said loss occurred on November 13, 2002, as a result of a fire in the basement of the dwelling.  Said claim was

investigated and denied by the defendant on the basis of misrepresentations and/or fraud on the part of the insured.

    2.    The defendant has indicated in its responses to the plaintiffs' requests that a search of the defendant's records reflect that the defendant has been unable to identify any other fire loss claim during the relevant period that was denied on the basis of misrepresentation and fraud on the part of the insured.

    3.    To the extent that the plaintiffs may seek information regarding the defendant's business practices in an attempt to meet their burden of proof, the defendant has further objected on the basis that the plaintiffs have failed to identify or establish any business pattern or practice on the part of the defendant for which they are seeking information. Making a claim of unfair trade practices or unfair insurance practices does not entitle the plaintiffs to a wholesale fishing expedition into the defendant's business records. Rather, the plaintiffs must tailor their request to seek those documents and information which are reasonably calculated to lead to admissible evidence in the context of their claim. It is not the obligation of the defendant to seek to interpret the request, but rather the burden of the party seeking the information to sufficiently identify the information it is seeking.

    4.    Further, the plaintiffs' broad categories of requests seek information that may not be disclosable without the explicit consent and agreement of those insureds. Under the

Connecticut Insurance Information Privacy Protection Act (C.G.S. 38a-975-38a-998), the defendant, by virtue of writing insurance products within the State of Connecticut, is bound by its obligations under this act to protect the privacy of its customers.  C.G.S. 38a-976 (t) defines "personal information" as "any individually identifiable information gathered in connection with an insurance transaction from which judgments can be made about an individual's character, habits, avocations, finances, occupation, general reputation, credit, health, or any other personal characteristics."  Under (w) of C.G.S. 38a-976, privileged information is defined as "any individually identifiable information that (1) relates to a claim for insurance benefits or a civil or criminal proceeding involving an individual, and (2) is collected in connection with or in the reasonable anticipation of a claim for insurance benefits or a civil or criminal proceeding involving that individual."

     5.    C.G.S. 38a-988, entitled "Disclosure Limitations and Conditions," provides specific circumstances in which the information, both personal and privileged, presently sought by the plaintiffs may be disclosed.  However, none of the circumstances in which disclosure is permissible are applicable to the present scenario.

     6.    The defendant has attempted to provide the plaintiffs with information in compliance with the interrogatory that does not violate the defendant's privacy obligations to

its insureds through its supplemental compliance. A copy of said compliance is attached hereto as Exhibit A.

      7.      Once again, the defendant would assert that it has in fact complied, to the extent that it is capable under Connecticut law. Should the Court order further compliance, the defendant would request an in camera review, in order to protect the privacy rights of the defendant's insureds, of any documentation provided for determination of its relevance and probative value to the present action.

                      DEFENDANT, PATRONS MUTUAL
                          INSURANCE COMPANY


By_____\\S \\_____
                Heather J. Adams-Beman
                Skelley Rottner P.C.
                P.O. Box 340890
                Hartford, CT  06134-0890
                Tel. (860) 561-7077
                Fax (860) 561-7088
                Federal Bar No. ct24091

<u>CERTIFICATION</u>

I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on July 6, 2004, to the following counsel of record:

Attorney Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, CT  06518
*Tel. (203) 288-8266*

\S \
Heather J. Adams-Beman