UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | SEPTEMBER 9, 2004 |
| COMPANY OF CONNECTICUT | : | |

### DEFENDANT'S, PATRONS MUTUAL INSURANCE COMPANY OF CONNECTICUT, MOTION TO COMPEL PAYMENT FOR DEPOSITION TESTIMONY OF DEFENDANT'S EXPERT, ROBERT NATTRASS

Pursuant to Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure and Local Rule 37 of the United States District Court for the District of Connecticut, the defendant, Patrons Mutual Insurance Company of Connecticut, hereby seeks an order from the Court compelling the plaintiffs to pay the deposition fees of defendant's expert, Robert Nattrass.

**FACTS:**

The plaintiffs, on or about June 23, 2004, initially noticed the deposition of Mr. Nattrass. (A copy of said notice is attached hereto as Exhibit "A"). However, the subpoena issued for the same was not properly served upon the witness. Counsel for the defendant advised counsel for the plaintiffs that it was the intention of the defendant to disclose Mr. Nattrass as an expert witness for the defense. (A copy of said disclosure is attached hereto as Exhibit "B"). The defendant then provided the plaintiffs with the disclosure

SR/223927/hab

of expert and agreed to produce Mr. Nattrass for a deposition without the need for further service of a subpoena and advised the plaintiffs of Mr. Nattrass' testimony fees. The plaintiffs then re-issued the notice of deposition, which identified Mr. Nattrass as defendant's expert, and re-issued a subpoena for his attendance at the deposition. (A copy of said notice, dated June 28, 2004, is attached hereto as Exhibit "C"). Said deposition took place on July 7, 2004.

      During said deposition, Mr. Nattrass was requested to produce his file regarding his investigation of the subject loss as well as a copy of his current curriculum vitae. During the course of the deposition, Mr. Nattrass was questioned regarding his educational background, his training as a cause-and-origin expert, his experience within the industry (please see deposition transcript of Robert Nattrass, dated July 7, 2004, p. 86, L. 6 – p. 87, L.14), his experience testifying as an expert (please see deposition transcript of Robert Nattrass, dated July 7, 2004 p. 4-10, p. 58, L. 22 – p. 59, L. 23), as well as the actions and findings he made with respect to the subject loss (please see deposition transcript of Robert Nattrass, dated July 7, 2004, p. 24, L. 3-16). Mr. Nattrass was also asked to provide his opinion and the basis of the same for his determination that the insured had overestimated the renovations to the subject property. (Please see transcript of the deposition of Robert Nattrass, dated July 7, 2004, p. 40, L. 6-20, p. 43, L 13-17, pp. 90-91). In addition, Mr. Nattrass was asked for his opinions as a result of his investigation into the cause and origin of the fire, which is the

subject of this action (Please see transcript of deposition of Robert Nattrass, dated July 7, 2004, p. 24, L. 3-4).  After asking Mr. Nattrass for his opinions in accordance with his expert disclosure, counsel for the plaintiffs indicated, on the record, that she refused to pay Mr. Nattrass' testimony fees on the basis that the witness was a fact witness and not an expert. (Please see transcript of deposition of Robert Nattrass, dated July 7, 2004, p. 92, L. 22 – p. 94, L. 5).

**ARGUMENT:**

    **A.**    **If the plaintiffs' objection to payment of Mr. Nattrass for his testimony is based upon his qualifications, then the proper solution is not to withhold payment for the deposition testimony, but rather to challenge the admissibility of his testimony at the time of trial.**

Whether a witness possesses the requisite qualifications to be an expert is a primary question largely within the discretion of the trial court. *Independent Life & Acc. Ins. Co. of Jacksonville, Fla. v. Aaron*, 282 Ala. 685, 688, 213 So.2d 847, 850 (1968), *citing King v. State*, 266 Ala. 232(5), 95 So. 2d 816.  The admissibility of the testimony of an expert is governed by the trial court answering the following three questions:

    1.    Is the subject concerning which he is to testify, one upon which the opinion of an expert can be received?

    2.    What are the qualifications necessary to entitle a witness to testify as an expert?

      3.      Has the witness those qualifications?

*Kulak v. Nationwide Mutual Insurance Co.*, 40 NY 2d 140,149, dissent Fuchsberg, J. (1976). *citing Jones v. Tucker*, 41 N.H. 546, 547.

"The broad discretion of the trial court to determine the qualifications of witness will not be disturbed unless its ruling was 'manifestly erroneous.'" *Fernandez v. Chios Shipping Co., Ltd.,* 542 F.2d 145, 153 (2d Cir.1976), *citing Salem v. United States Lines Co.,* 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962).

In the case at hand, the plaintiffs requested and were provided with Mr. Nattrass' qualifications based on his educational and work experience through both his curriculum vitae and the questions posed during the deposition. He was asked a series of factual questions as well as questions requiring him to provide his opinions based on his expertise and training, and Mr. Nattrass complied with those requests.

By refusing to pay Mr. Nattrass for his time providing counsel with his opinions at his deposition, the plaintiffs are attempting to usurp the court's authority to determine the qualifications and relevancy of the expert's testimony.

      **B.**      **The plaintiffs are estopped from refusing to pay the expert for his deposition testimony because the plaintiffs not only failed to raise the issue with the adequacy of his expert disclosure prior to the commencement of the deposition but further asked the expert for his opinions during the course of his deposition.**

According to *Lamere v. New York State Office of the Aging*, 2004 WL 1592669 (July 14, 2004)(a copy of which is attached hereto), Rule 26(a)(2)(B) provides for the disclosure of any witness who may provide evidence at trial "pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence" regardless of whether or not that individual was specifically retained for the purpose of acting as an expert witness. *Lamere* at 1. It is the substance of the testimony that controls whether a witnesses testimony is considered that of a lay witness or expert. *Id.* The Court went on to say that Rule 26(b)(4)(C), which governs the payment of expert fees, does not distinguish between those experts specifically retained and those who may generally give expert testimony. *Id* at 2. If the testimony elicited from the expert may reasonably considered to be opinions based on specialized skill or knowledge that fall within Rule 702," then the expert, in the case of *Lamere* a physician, is entitled to be deemed and expert and therefore entitled to a reasonable fee for their time. *Id* at 2. Clearly, based on the portions of Mr. Nattrass' transcript, which have been referenced above, counsel elicited opinion testimony regarding both the cause and origin of the fire as well as the issue of valuation of the work performed on the property. As plaintiff has benefited from the education as to Mr. Nattrass' opinions, plaintiff is now estopped from claiming that such testimony was of a factual nature.

Based on the statements made by plaintiffs' counsel at the conclusion of Mr. Nattrass' deposition, it is the defendant's contention that it was counsel's intention to refuse to pay Mr. Nattrass for his time even prior to the commencement of the deposition. The plaintiff did not raise issues with the adequacy of the disclosure or the fees charged by Mr. Nattrass for his testimony at any time prior to the commencement of the deposition. If the plaintiffs took issue with the expert disclosure or the intended area of testimony, then it was incumbent on the plaintiffs to advise the defendant of those concerns and to raise the same prior to the deposition. Had plaintiffs' counsel informed the defendant that it was her intention to proceed with the deposition solely on the basis of seeking factual testimony, then the defendant would agree that Mr. Nattrass would be limited in the scope of questioning to factual issues and not as an expert for the purposes of the deposition, and counsel would have had the opportunity to advise the witness that he was not to provide his opinions. However, plaintiffs' counsel not only failed to advise either counsel or the witness of her concerns prior to the inception of the deposition, she also did not seek to limit the scope of her questioning to Mr. Nattrass' factual observations, but rather on several occasions asked for his opinions and, as such, Mr. Nattrass is entitled to be paid for his time.

In fact, the plaintiffs not only sought but also obtained the expert's opinion on a number of issues, and several of the inquiries were beyond the scope of his disclosure in this

matter.  Mr. Nattrass was disclosed by the defendant as an expert witness and appeared for his deposition responding to both factual and opinion-based questions.  It is disingenuous of the plaintiffs to say, once counsel has received the benefit of discovering Mr. Nattrass opinions, that this individual is not in fact an expert and therefore not entitled to payment.  Clearly, such determination is in the province of the Court at the time of trial.  Regardless of whether the Court will ultimately deem Mr. Nattrass as an expert to testify at trial, the defendant has disclosed him as an expert for trial.  Therefore, the plaintiffs must compensate him for the time spent testifying during the deposition as noticed by the plaintiffs.

      WHEREFORE, the defendant seeks an order from the Court compelling the plaintiffs to pay Mr. Nattrass his fee for his deposition testimony.  (Please see bill attached here to as Exhibit "D").  Counsel has paid the witness the fee for the copying of the videotape and therefore we are not seeking that payment in this motion.

DEFENDANT, PATRONS MUTUAL
INSURANCE COMPANY


By_____\S_____
      Heather J. Adams-Beman
      Skelley Rottner P.C.
      P.O. Box 340890
      Hartford, CT  06134-0890
      Tel. (860) 561-7077
      Fax (860) 561-7088
      Federal Bar No. ct24091


## CERTIFICATION

I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on September 9, 2004, to the following counsel of record:

Attorney Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, CT  06518
*Tel. (203) 288-8266*


_____\S_____
Heather J. Adams-Beman

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : CIVIL ACTION NO. |
| | : 3:03 CV 01009 (SRU) |
| VS. | : |
| | : |
| PATRONS MUTUAL INSURANCE | : SEPTEMBER 9, 2004 |
| COMPANY OF CONNECTICUT | : |

## AFFIDAVIT OF COUNSEL

I, Joel J. Rottner, being duly sworn upon my oath, hereby state as follows:

1. I am over the age of 18 and understand the duties and obligations of an oath.

2. As counsel for the defendant, Patrons Mutual Insurance Company of Connecticut, I attended the deposition of defense expert, Robert Nattrass, as noticed by counsel for the plaintiffs, Cheryl Heffernan, on or about July 7, 2004.

3. The attached pages 92-96 are true and accurate copies of portions of the transcript of the deposition of Mr. Nattrass as provided to me by the court reporter.

4. At the conclusion of Attorney Heffernan's questioning of Mr. Nattrass, she stated for the record that she would not pay Mr. Nattrass' fees for the deposition testimony.

5. On or about August 23, 2004, a copy of Mr. Nattrass' bill was forwarded to Attorney Heffernan's office.

SR/223927/hab

6.  Attorney Heffernan has paid only $50.00 of said bill, which was payment for a copy of a videotape.

7.  Based on the statements made by counsel on the record regarding the payment of Mr. Nattrass' fees, the parties are unable at this time to resolve the issue and require the Court's intervention.

_____
Joel J. Rottner

Subscribed and sworn to, before me,
this 9th day of September, 2004.

_____
Commissioner of Superior Court

Law Offices of SKELLEY ROTTNER P.C. ☐ P.O. Box 340890, Hartford, CT 06134-0890 ☐ Phone: (860) 561-7077 Fax: (860) 561-7088
Juris No. 58693