# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL NO. 3:03 CV 01009 (SRU) |
| Plaintiffs | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | |
| Defendant | : | September 17, 2004 |

### MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCLOSURE,

Pursuant to Rule 37 (a) of the Federal Rules of Civil Procedure and Rule 9 of the Local Rules for the District of Connecticut, the Plaintiffs hereby submit the following in support of their motion to compel disclosure dated September 17, 2004.

**NATURE OF CASE:**

The above-referenced civil case involves allegations that the defendant insurance company breached its contract with the plaintiff insureds by denying a valid fire loss claim on property located at 475 New Britain Avenue, Hartford, Connecticut. The defendant has failed affirmative defenses and a counterclaim in this action contending among other things that the denial was valid under the contract due to martial misrepresentations of the plaintiffs and that as result of the plaintiff's actions the defendant had to pay the mortgage holder under the policy and the plaintiff were unjustly enriched thereby.

As part of the discovery process the plaintiffs seek to obtain identification and production of the specific facts and supporting documents on which the defendant's rely for their special

defenses and counterclaim. To accomplish such, the plaintiffs served on the defendant Discovery Requests dated July 7, 2004, requesting the defendant to file responses within 30 days of receipt.

The defendant's have objected to these requests contending that "It is the defendant's position that all materials obtained during the course of the litigation which are reflective or supportive of the contention that the plaintiffs have made misrepresentations regarding the nature and extent of the repairs prior to the loss are done so in anticipation of litigation and are for the purpose of impeaching the testimony of witnesses. Therefore are not subject to discovery." ( Fax form Attorney Adams-Beman dated September 16, 2004 attached hereto.)

Undersigned counsel forwarded a letter on September 16, 2004 to defendant's counsel seeking to resolve said objections. Resolution could not be met. The plaintiffs accordingly now move for an order of compliance

**ITEMS FOR WHICH DISCOVERY IS SOUGHT AND REASON FOR ALLOWANCE OF DISCLOSURE:**

1.  **Interrogatory number 1.** State specifically each and every material misrepresentation the defendant claims the plaintiffs' made with respect to the loss, who made the misrepresentation, the date (s) of said misrepresentation and to whom the misrepresentation was made.

2.  **Interrogatory number 2.** Identify and documents of any kind which contain or reflect the misrepresentation set forth in response to interrogatory number 1.

3.  **Interrogatory number 4.** Please state specifically what misrepresentation the plaintiffs made in regards to the extent of the completion of the renovation to the insured premises and the condition of the property on the date of the loss. Provide the name of the person making the misrepresentation,, the date of the

misrepresentation, to whom the misrepresentation was made, and identify any and all documents which contain or reflect the claimed misrepresentation.

4.  **Production request number 1.**    Please produce copies of all documents identified in response to interrogatory number 2.

5.  **Production request number 2.**    Please produce copies of all documents identified in response to interrogatory number 4.

**REASON DISCLOSURE SHOULD BE ORDERED:**

The requested information and documents are necessary for the plaintiffs to defend the defendant's special defenses and counter claim and to properly present their own case in chief. The information and documents requested by the plaintiff are not "materials prepared in anticipation of litigation" but as acknowledged by counsel in her fax of September 16, 2004. "materials obtained during the course of litigation" As such they are not protected, but discoverable. There is no claim that the requests are burdensome or seek irrelevant information, simply that the defendant would like to hold them in secret until springing them on the plaintiffs during cross-examination. Trial by ambush is not the practice in the Federal Courts.

**CONCLUSION:**

Wherefore the Plaintiff respectfully requests the Court to order the defendant to fully comply with the plaintiff's discovery requests by responding fully to interrogatory numbers 1, 2 and 4, and producing the documents requested in production request numbers 1 and 2. Additionally as the defendant's objection are obviously without merit, the plaintiffs' further request the Court to order the defendant to pay the costs for the filing and prosecution of this motion.

THE PLAINTIFF,

BY_____
Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, Connecticut 06518
Telephone: 203-288-8266
Facsimile: 203-288-4702
Fed Bar No.:CT 06473

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid this 17th day of September 2004, to:

Heather Adams-Beman, Esq.
Joel Rottner, Esq.
Skelley Rottner P.C.
PO Box 340890
Hartford, CT  06134-0890

_____
Cheryl E. Heffernan

4

**SKELLEY ROTTNER** P.C.

Law Offices
Corporate Center West
Suite 305
433 South Main Street
West Hartford, CT 06110

Reply to
P.O. Box 340890
Hartford, CT 06134-0890
Phone: (860) 561-7077
Fax: (860) 561-7088

Joseph F. Skelley, Jr.
1927-1995

Heather J. Adams-Burnun
Matthew Dallas Gordon
Randall M. Hayes
Susan L. Miller
Joel J. Rottner
Curt F. Yeich

September 16, 2004

**VIA FACSIMILE: (203)288-4702**

Attorney Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, Connecticut 06518

Re:  Insured      :  Joseph and Haim Atias
     Policy       :  DCT 0023909
     Date of Loss :  November 13, 2002
     Our File No. :  7373-03002

Dear Ms. Heffernan:

I am in receipt of your facsimiles of earlier today regarding both plaintiffs' and defendant's discovery responses. Frankly, it appears that we have a bit of confusion with respect to the adequacy of the responses. Upon review of the plaintiffs' objections to the defendant's Requests for Production dated June 24, 2004, said objections were not filed until July 29, 2004, pursuant to the certification. Therefore, said objections are untimely. The defendant expects complete compliance with the discovery requests seeking the Citibank Acct. No. 42069911 statements for the period of November 15, 2002 through February 15, 2003 as well as the Citibank Acct. No. 11399168 for the period of June 20, 2002 through January 20, 2003. It is possible for the plaintiffs to make a request to the bank for the records, and we will therefore expect the same within the next 30 days. Without such response, we will move to compel the same as well as seek costs for doing so.

Further, the defendants disagree with your position that the objections to plaintiffs' requests of July 7, 2003 are untimely as you will recall the defendant filed a motion for extension of time to respond to the plaintiffs' requests which was granted by Judge Underhill on July 28, 2004. It is the defendant's position that all materials obtained during the course of the litigation which are reflective or supportive of the contention that the plaintiffs have made material misrepresentations regarding the nature and extent of the repairs prior to the loss are done so in anticipation of litigation and are for the purpose of impeaching the testimony of witnesses. Therefore, it is not subject to discovery. The defendant has in fact responded by identifying those actions that were identified with specificity within the counterclaim and therefore will not be providing additional information.

Attorney Cheryl E. Heffernan
September 16, 2004
Page 2

I appreciate your timely compliance with our request.

Very truly yours,

Heather J. Adams-Beman

HAB:bsw
SR/224723