UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL NO. 3:03 CV 01009 (SRU) |
| Plaintiffs | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | |
| Defendant | : | FEBRUARY 14, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rules of Civil Procedure, Rule 56, the plaintiffs, Joseph and Haim Attias hereby submit that they are entitled to summary judgment as to the defendant's counterclaim as there exist no genuine issues as to material fact and the plaintiffs are entitled to judgment as a matter of law. In support of this motion the motion plaintiffs rely on the following:

**FACTS:**

The plaintiffs Joseph and Haim Attias, owners of a three-family home located at 475 New Britain Avenue in Hartford, Connecticut, purchased from the defendant a fire loss insurance policy for said property on or about July 29, 2002. (See Exhibit B.) Effective October 8, 2002 the mortgagee for said property, Americus, was added as an insured mortgagee under said policy. (See Exhibit C.) On November 13, 2002 a fire destroyed the plaintiffs' property. (See Exhibit E.) It was determined that the fire was not caused by the insured. (See Exhibit G.) On January 9, 2003 the defendant issued a denial of the plaintiffs' claim under the policy alleging misrepresentations by the plaintiffs during the course of the investigation. (See Exhibit H.) On or about July 24, 2003 the defendant paid the mortgagee, Ameriquest $114,000.00 under the terms of the policy of insurance. (See Exhibit E.) Prior to that on or about November 20, 2002 the defendant issued a payment in the amount of $20,000.00 as an advance on the claim to the

plaintiffs, which they in turn turned over to the mortgagee, Ameriquest, as required. (See Exhibits A & B.)

The defendant now seeks to cause the plaintiffs to reimburse the $134,000 received by the mortgagee pursuant to the policy of insurance paid for by the plaintiffs.

**LAW AND ARGUMENT:**

The defendant's counter claim seeks compensation for benefits it paid a mortgagee under the terms of the insurance policy it provided the plaintiffs in exchange for the paid premium for that policy. The defendant does not claim in its counterclaim that the plaintiffs intentionally caused the loss, instead it acknowledges that it was obligated to pay the mortgage company's claim. (See paragraph 4 of the defendant's counterclaim).

While the equitable doctrine of unjust enrichment is a flexible and broad one it does contain three basics requirements: "(1) the defendant was benefited, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiff's detriment." *Gagne v. Vaccaro*, 255 Conn. 390, 409 (2001) citing *Bolmer v. Kocet*, 6 Conn.App. 595, 612-13 (1986). In the present case the defendant (plaintiff for the counterclaim) does not contend that payment was not made for the benefit received or made to its detriment. In fact the defendant Patrons was paid for exactly what it complains it should not have had to do, namely honor a valid claim on the plaintiffs' fire loss policy.

A claim of unjust enrichment further will not prevail where there exists an enforceable contract between the parties. "An allegation of a contract enforceable at law would, of course, preclude the equitable remedy of unjust enrichment. *United States Fidelity & Guaranty co. v. Metropolitan Property & Liability Ins. Co.*, 10 Conn.App. 125, 127 (1987). While the defendant Patrons has denied coverage for the plaintiff's fire loss claim, at no time did the insurer seek to cancel or rescind the contract for insurance, therefore, as it remains a contract between the parties subject to enforcement under law, a claim of unjust enrichment is precluded. Only those remedies

2

available under the contract between the parties may be pursued. *Wausau Underwriters Insurance Company v. Vulcan Development, Inc.,* (Electronic Citation) 2003 FED App. 0083 P (6th Circuit 2003), (Copy attached hereto). There are no provisions within said contract for the defendant to sue the insureds for interest, or costs of investigating the claim or any other element of damages the defendant is seeking in its counterclaim.

Essentially the defendant Patrons Mutual Insurance Company is seeking to avoid its obligation under a policy for which it was paid premiums. By allowing such **Patrons** would be unjustly enriched. See: *Lee v. Royal Indemnity Co.,* 108 F.3$^d$ 651, (6th Circuit 1997).

## CONCLUSION:

**WHEREFORE,** for the foregoing reasons the plaintiffs respectfully submit that the defendant's counterclaim has no basis in law and, accordingly, judgment should be entered for the plaintiffs on the counterclaim as a matter of law.

                                            THE PLAINTIFFS,

                                            BY _____
                                            Cheryl E. Heffernan
                                            Farver & Heffernan
                                            2842 Old Dixwell Avenue
                                            Hamden, Connecticut 06518
                                            Telephone: 203-230-2500
                                            Facsimile: 203-288-4702
                                            Fed Bar No.:CT 06473

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid this 14th day of February, 2005 to:

Joel J. Rottner, Esq.
Heather J. Adams-Beman, Esq.
Skelley Rottner P.C.
PO Box 340890
Hartford, CT 06134-0890

_____
Cheryl E. Heffernan