UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH ATTIAS & HAIM ATTIAS : CIVIL NO. 3:03 CV 01009 (SRU)

    Plaintiffs :

:

PATRONS MUTUAL INSURANCE :

COMPANY OF CONNECTICUT :

    Defendant : FEBRUARY 13, 2005

## MEMORANDUM OF LAW IN OPPOSITION TO

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rules of Civil Procedure, Rule 56, the plaintiffs, Joseph and Haim Attias hereby submit that the defendant is not entitled to judgment as a matter of law in that there exist genuine issues of material facts in dispute and the defendant has not carried its burden of establishing a lack of genuine issues of material facts in dispute. In support of their objection the plaintiffs submit the following:

**FACTS:**

The plaintiffs, Joseph and Haim Attias, owners of a three-family home located at 475 New Britain Avenue in Hartford, Connecticut, purchased from the defendant a fire loss insurance policy for said property on or about July 29, 2002. (See Defendant's Exhibit A.) On or about October 8, 2002 the plaintiff Haim Attias obtained a mortgage on said property with Ameriquest Mortgage. Effective October 8, 2002 the mortgagee for said property, Ameriquest, was added as an insured mortgagee under said policy. (See Defendant's Exhibit A.) On November 13, 2002 a fire destroyed the plaintiffs' property. (See Defendant's Exhibit E.) On January 9, 2003 the defendant issued a denial of the plaintiffs' claim under the policy, alleging misrepresentations by the plaintiffs during the course of the investigation. (See Defendant's Exhibit G.) This action was commenced by the plaintiffs via a summons and complaint dated June 3, 2003. (See Defendant's Exhibit H.)

During the course of discovery the plaintiffs have disclosed acts and omissions of unfair insurance settlement practices committed by the defendant. (See Plaintiffs' Exhibits D & E.)

The plaintiffs have entered into a contract to rebuild on the subject property. (See Plaintiffs' Exhibits A, B & F.)

The defendant has moved for summary judgment on two grounds: First, in regards to the plaintiffs' claims under the Connecticut Unfair Insurance Practices Act (CUIPA, C.G.S. § 38a-816) and the Connecticut Unfair Trade Practices Act (CUTPA, C.G.S. § 42-110). Second, that the plaintiff is not entitled to set forth claims for recovery on a replacement cost basis as a matter of law. The defendant's motion was filed on December 14, 2004.

The plaintiffs' object to the defendant's motion on two basic grounds: First that the defendant has failed to meet its burden to establish that there are no genuine issues of material facts in dispute. Second that the plaintiffs have legally sufficient claims which should be submitted to the jury for determination.

## LAW AND ARGUMENT:

### I. The Standard for Ruling on a Motion for Summary Judgment:

Summary Judgment can only be granted if "the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(c). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify in the matters stated therein." Fed. R. Civ. P. 56 (e). Affidavits not based on personal knowledge are not sufficient to support a motion for summary judgment. *St. Pieere v. Dyer*, 208 F.3d 378, 394, 404 (2d Cir. 2000). Affidavits merely expressing the affiant's belief or opinion also are not valid support for a motion for summary judgment. *Drake v. 3M*, 134 F.3d 878 (7th cir. 1998).

The movant has the burden of clearly establishing the lack of material facts in dispute and their submissions on that shall be carefully scrutinized. *Bishop v. Wood*, 426 U.S. 341 (1976). In reviewing the record presented by the parties, the Court must resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom the motion has been brought. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If a movant fails to submit the supporting documentation for its motion required by Local Rules and Fed. R. Civ. P. Rule 56 the motion must be denied. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970), *Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003); *Security Insurance Company of Hartford v. Old Dominion*, ___F.3d___ (2d Cir. 2004). Additionally, failure by a moving party to provide the required support alieviates the party defending the motion from the requirement of submitting opposing supporting documents. *St. Pieere v. Dyer*, 208 F.3d 378, 404 (2d Cir. 2000); *Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003).

The District of Connecticut's Local Rule 56(a) 1 provided that a party seeking summary judgment must file a statement with their motion "which sets forth …a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried… " Local Rule 56 (a) 3 further requires "[e]ach statement of material fact by a movant in a Local Rule 56 (a) 1 Statement….must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial…**The "specific citation" obligation of this Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits…**" (Emphasis in original.)

## II.    The Defendant/Movant Has Failed to Establish That No Genuine Issues of Material Fact Exist.

In support of its motion for summary judgment the defendant has submitted a required Local Rule 56 (a) 1 statement containing 12 itemized paragraphs of claimed undisputed facts. All but one of the itemized paragraphs is purportedly supported by an exhibit attached thereto including

3

deposition transcript excerpts, documents, and an affidavit of Scott Terra, an employee of the defendant. Mr. Terra's affidavit is the sole support cited by the defendant for its contention that "[t]here has been no testimony or evidence presented by the plaintiffs as to any facts to support the allegation that Patrons Mutual Insurance Company violated the Connecticut Unfair Insurance Practices Act or the Connecticut Unfair Trade Practices Act." (Defendant's Local Rule 56 (a) 1 Statement, Paragraph # 12.) No supporting documents are referenced in regards to the defendant's statement paragraph # 10 that "[t]o date, said property has neither repaired nor replaced by the insureds." That paragraph relates to the second issue on which the defendant has moved for summary judgment, damages regarding replacement cost.

### A. The Defendant's Motion for Summary Judgment Regarding the Plaintiffs' CUTPA and CUIPA Claims.

The first issue for which the defendant has moved for summary judgment is based on its contention that the plaintiffs have failed to produce any evidence through discovery to demonstrate any improper practice by the defendant which constitutes a general business practice in violation of CUIPA and therefore CUTPA. In support of this factual argument, the defendant relies solely on the affidavit of the defendant's employee, Scott Terra. (Defendant's Exhibit E). The defendant has failed to specify which paragraph of said affidavit it relies on to support this factual argument in violation of Local Rule 56 (1)e cited above. For that reason alone the defendant's motion for summary judgment can be denied. "[F]ailure to provide specific citations to evidence in the record as required by this Local Rule may result in **the Court deeming certain facts admitted in accordance with Rule 56(a)1 or in the Court imposing** sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment..." District of Connecticut Local Rule 56(a) 3 (emphasis supplied).

However, even if the Court were to choose to not issue such a sanction, the Court should still find the affidavit insufficient as a matter of law. As set forth above, Rule 56 (e) provides for the requirements of an affidavit submitted in support of a motion for summary judgment. The Terra

4

Affidavit does not meet those requirements as the affidavit merely sets forth the opinion of the affiant and is not based on personal knowledge. The only paragraph within the affidavit that even arguably goes to the issue of the defendant's motion is paragraph # 13 which reads "The Examinations Under Oath of Joseph Attias and Haim Attias did not disclose any evidence that Patrons Mutual Insurance Company violated any insurance practices in the investigation or adjustment of the Attias' claim." Defendant's Exhibit E. Said statement does not indicate when the examinations under oath occurred, nor whether Mr. Terra was present. As such it cannot be assumed that that statement was based on personal knowledge. Additionally the statement is merely the opinion of an employee of the defendant and as such not proper evidence to establish the lack of any genuine issue of material facts in dispute. Additionally it does not support the paragraph in their Local Rule 56 (a) 1 Statement that the defendants have not produced any evidence at all to prove their allegations in this case under CUTPA and CUIPA.

As Mr. Terra's affidavit, the sole support provided by the defendant for this issue on this motion, is insufficient as a matter of law, the defendant has failed to meet its burden and the motion for summary judgment as to the plaintiffs' CUPTA and CUIPA claims should be denied. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970), *Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003); *Security Insurance Company of Hartford v. Old Dominion*, ____F.3d___(2d Cir. 2004).

**B.    The Defendant's Motion for Summary Judgment as to the Plaintiffs' Damages Claim for Replacement Cost.[1]**

As set forth above, the second issue for which the defendant is seeking summary judgment regards an element of the plaintiffs' claim for damages. In its Rule 56 (a) 1 statement at paragraph 10 the defendant states "To date, said property has been neither repaired nor

---

[1] It is the plaintiffs' additional position that a Rule 56 summary judgment motion is not the proper vehicle by which to challenge a damages issue. The more appropriate motion would be a motion in liminie.

5

replaced by the insureds." There is no corresponding citation to that paragraph as required by the Local Rule. In reviewing all the exhibits submitted in support of the Local Rule 56 (a)1 Statement it appears that the only possible support is the affidavit of Scott Terra, (Defendant's Exhibit E). Paragraph 12 of that affidavit states "As of the date of this affidavit, it is my understanding that the property is still owned by Joseph and Haim Attias and has not been demolished or rebuilt." Exhibit E of Defendant's Local Rule 56(a)1 Statement Dated December 14, 2005. Clearly this statement is not based on personal knowledge and as such is insufficient as a matter of law to establish the lack of any genuine issues of material fact. *St. Pieere v. Dyer*, 208 F.3d 378, 394, 404 (2d Cir. 2000).

Accordingly, the defendant's have failed to meet their burden and the motion for summary judgment as to the plaintiffs claim for damages for replacement costs should be denied.

### III.    There are Genuine Issues of Material Facts in Dispute:[2]
### A.    The Defendant's Motion for Summary Judgment Regarding the Plaintiffs' CUTPA and CUIPA Claims.

It is the defendant's contention that in order for the plaintiffs to prevail on their CUIPA and/or CUPTA claims against them, that they must prove that the defendant insurance company engaged in unfair settlement practices as a general business practice. (Defendant's memorandum of law in support of motion for summary judgment dated December 14, 2005, page 9-10.) As the sole basis of their motion for summary judgment on this claims, the defendant contends, without evidentiary support, that the plaintiffs have not produced any evidence demonstrating that the defendant engaged in more than an isolated episode of unfair settlement practices. Without

---

[2] It is the plaintiffs' position that due to the defendant's complete failure to comply with Local Rule 56 (a) 1 or meet it burden under Fed. R. Civ. P. 56, the plaintiffs have no obligation to respond substantively to the motion or to even submit a Local Rule 56 (a) 2 statement. *Adicks v. S.H. Kress & Co.*, 398 U.S. 144, 160-161 (1970); *Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003); *St. Pieere v. Dyer*, 208 F.3d 378, 404 (2d Cir. 2000). However in the exercise of caution the plaintiffs have

6

arguing that legal presumption of the defendant's, the plaintiffs have throughout the course of discovery disclosed evidence which they contend demonstrate that the defendant insurance company engaged in unfair settlement practices in violation of CUIPA. (Plaintiffs' Exhibits D & E attached hereto.) The defendant's bald assertion that the plaintiffs' have not made such disclosure is incorrect and not sufficient to eliminate that material issue in dispute. *Drake v. 3M*, 134 F.3d 878 (7th cir. 1998).

Wherefore, as there exists a genuine issue of material fact as to whether the defendant's engaged in unfair settlement practices as a general business practice, the defendant's motion for summary judgment as to the plaintiffs' CUIPA and CUPTA claims should be denied.

**B.    The Defendant's Motion for Summary Judgment as to the Plaintiffs Damages Claim for Replacement Cost.**

The second issue on which the defendant seeks summary judgment is on the plaintiffs' seeking, as an element of damages, replacement costs under the terms of the policy at issue. It is the defendant's contention that in order for the plaintiffs to seek and be awarded replacement costs as an element of damages in this case the plaintiffs' must have either rebuilt the structure on the covered property or at least entered into an enforceable contract for such. (Defendant's memorandum of law in support of motion for summary judgment dated December 14, 2005, page 13.) Without arguing the merits of the defendant's legal argument the plaintiffs submit that they have entered into a contract for replacement of the structures on said property. (Plaintiffs' Exhibits A, B & C.)

Accordingly, the defendant's motion for summary judgment should be denied.

---

submitted a proper Local Rule 56 (a)2 statement and herein contest the defendant's motion on its merits.

**CONCLUSION:**

**WHEREFORE,** for the foregoing reasons the plaintiffs respectfully submit that the defendant's motion for summary judgment should be denied in full.

THE PLAINTIFFS,

BY _____
Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, Connecticut 06518
Telephone: 203-230-2500
Facsimile: 203-288-4702
Fed Bar No.:CT 06473

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid this 14th day of February, 2005 to:

Joel J. Rottner, Esq.
Heather J. Adams-Beman, Esq.
Skelley Rottner P.C.
PO Box 340890
Hartford, CT 06134-0890

_____
Cheryl E. Heffernan