UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | APRIL 21, 2005 |
| COMPANY OF CONNECTICUT | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' SUMMARY JUDGMENT**

I.  **INTRODUCTION**

The Federal Rules of Civil Procedure 56(d) provides that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." The plaintiffs in their motion for summary judgment contest the legal liability as alleged in Patrons Mutual Insurance Company's ("Patrons Mutual") counterclaim. Patrons Mutual alleges in its counterclaim that the plaintiffs' made material misrepresentations, which voided the coverage as to the plaintiffs, and that nevertheless Patrons Mutual was contractually obligated to pay the mortgagee. Patrons Mutual alleges it is entitled to recover from the plaintiffs the amount paid to the mortgagee, and consequential damages.

The plaintiffs first argue that Patrons Mutual has not claimed that the plaintiffs intentionally caused the loss, followed by the argument that Patrons Mutual acknowledges that it was obligated to pay the mortgagee. The relevance of these arguments is unclear because Patrons Mutual's counterclaim is based on the plaintiffs' alleged material misrepresentations. The plaintiffs also argue that Patrons Mutual's counterclaim for

damages is based on the doctrine of unjust enrichment. In fact the counterclaim for payment to the mortgagee is based on the mortgage clause in the policy of insurance. The doctrine of unjust enrichment is not at issue. The Connecticut Supreme Court, as well as other courts that have reviewed the mortgage clause, recognize an insurer's rights to subrogation against the insured after payment to the mortgagee. The plaintiffs also argue that Patrons Mutual is not entitled to consequential damages, but such damages are a remedy for material misrepresentations that result in a breach of a contract, which is what Patrons Mutual alleges in this case. As more fully explained below, the plaintiffs' motion for summary judgment must be denied.

## II.     ARGUMENT AND LAW

### A.     <u>The materiality of the plaintiffs' misrepresentations as to their loss is an issue of fact for the jury.</u>

Patrons Mutual Insurance Company claims that there is no coverage for the plaintiffs' loss due to the plaintiffs' material misrepresentations and the breach of the misrepresentation provision in the policy of insurance, which states:

**POLICY CONDITIONS**

\* \* \*

9. **Misrepresentation, Concealment, or Fraud -**
   **We** do not provide coverage, if, before or after a loss:
   a. **you** or another insured have willfully concealed
      or misrepresented:
      1. a material fact or circumstance with respect
         to this insurance; or
      2. their interest herein; or
   b. there has been fraud or false swearing by **you** or any
      other insured with respect to this insurance or
      the subject thereof.

Based on the above provision, it is well established that an insurer seeking to deny coverage due to misrepresentations of a loss must show that the insured's submissions were false, willfully made, and material to the insurer's investigation. Pacific Indem. Co. v. Golden, 985 F.2d 51, 55 (2nd Cir. 1993). In Golden, a Connecticut case with similar facts, the Second Circuit Court held that "the materiality of [the insured's] statements was an issue to be decided by a jury, [and] we find ourselves in agreement with the Fifth Circuit's decision in *Watkins v. Continental Insurance Cos.*, 690 F.2d 449, 452-53 (5th Cir.1982)." Id. at 57. Other Circuit Courts agree that the materiality of a misrepresentation by an insured is an issue for the jury. See Wagnon v. State Farm Fire & Cas. Co., 146 F.3d 764, 768 (10th Cir.1998) ("The materiality of a misrepresentation is a mixed question of law and fact that under most circumstances should be determined by the trier of fact."); Intermetal Mexicana, S.A. v. Insurance Co. of North America, 866 F.2d 71, 79 (3rd Cir. 1989) ("[The insurer] is entitled to a jury determination on the question of misrepresentation."); Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441, 1444 (11th Cir. 1984) (Whether a misrepresentation is material is a jury question, unless the evidence excludes every reasonable inference except that there was or was not a material misrepresentation.). The plaintiffs' material misrepresentations at issue in this case are disputed issues of material fact, and they are issues for a jury.

### B. When the plaintiffs were denied coverage due to their material misrepresentations, Patrons Mutual Insurance Company became subrogated to the rights of the mortgagee.

Patrons Mutual's rights to recover from the plaintiffs the payment of the mortgage arises from the mortgage clause in the policy of insurance, and not the equitable remedy of unjust enrichment. The mortgage clause of the insurance contract, provides as follows:

**POLICY CONDITIONS**

\* \* \*

10.     **Mortgage Clause**

\* \* \*

    a. If a mortgagee is named on the Declarations, a loss payable under Coverages A or B will be paid to the mortgagee and **you**, as interests appear.

\* \* \*

If **we** deny **your** claim, that denial does not apply to a valid claim of the mortgagee, if the mortgagee has:

1) notified **us** of change in ownership, occupancy, or substantial change in risk of which the mortgagee became aware;
2) paid the premium due under this policy on demand if **you** neglected to pay the premium' and
3) submitted a signed, sworn proof of loss within 60 days after receiving notice from **us** if **you** failed to do so.

\* \* \*

    c. If **we** pay the mortgagee for a loss and deny payment to **you**:

1) **we** are subrogated, up to the amount **we** paid for the loss, to all the rights of the mortgagee granted under the mortgagee on the property; or
2) at **our** option, **we** may pay to the mortgagee the whole principal on the mortgage plus the accrued interest. In this even, **we** shall receive a full

> assignment and transfer of the mortgage and all
> securities held as collateral to the mortgage debt.

The policy unambiguously states in paragraph "a." that Patrons Mutual will pay the mortgagee, even if the plaintiffs' claim is denied. The Connecticut Supreme Court has stated that the mortgage clause "creates a direct contractual relationship between the mortgagee and the insurer." Burritt Mutual Savings Bank v. Transamerica Insurance Co., 180 Conn. 71, 76, 428 A.2d 333 (1980). Therefore, even if the plaintiffs' claim is denied, the insurer must pay the mortgagee. Although Patrons Mutual denied the plaintiffs' claim, Patrons Mutual is nevertheless obligated by the policy's mortgage clause to pay Ameriquest. That Patrons Mutual did pay Ameriquest is an undisputed fact. See **Exhibit C**, release of the mortgage, and plaintiffs Local Rule 56(a)1 Statement, paragraphs 11 and 12.

Paragraph "c." of the mortgage clause provides that if Patrons Mutual pays the mortgagee and denies payment to the plaintiffs, then Patrons Mutual is subrogated to the rights of the mortgagee, up to the amount paid to the mortgagee. That is the exact scenario in this case. Patrons Mutual has denied the plaintiffs coverage for their loss, and it has paid the mortgagee, therefore Patrons Mutual is subrogated to all the rights of the mortgagee, up to the amount it paid the mortgagee. It is the mortgage clause, a contractual provision, that is the legal support for Patrons Mutual's counterclaim.

The plaintiffs argue that Patrons Mutual cannot be subrogated to the rights of the mortgagee for the amount paid by Patrons Mutual to the mortgagee. However, the right of an insurer to recover payment to a mortgage made on behalf of an insured that has been denied coverage was upheld by the Supreme Court of Connecticut in Savings Bank of Ansonia v. Schancupp, 108 Conn. 588, 144 A. 36, 39 (1928):

> The effect of this mortgage clause is that from the time the policy becomes void as to the mortgagor the insurance is only in favor of the mortgagee on its interest as such, and not an insurance on the property generally, to which the mortgagor, or his successor in interest therein, should be entitled. That the mortgagee should receive the primary benefit, and the insurers the opportunity for ultimate reimbursement, through such security as the mortgage note and mortgage may afford, accords with the general legal and equitable rights of the parties. Clark v. Trainor (1925) 237 Ill. App. 269, 274; note, L. R. A. 1916A, 562. The insurers, through their subrogation, virtually occupy the position of a purchaser from the mortgagee for value. Insurance Co. of North America v. Martin, supra, page 226 of 151 Ind. (51 N. E. 361). The payment, by them, does not operate to reduce or extinguish the mortgage debt or discharge the mortgage, but to satisfy, pro tanto, the mortgagee's claim and assign it to the insurers, leaving it in full force as against the mortgagor and those claiming under him, with no right, on their part, to claim a reduction of the debt by the payment to the mortgagee. Allen v. Watertown Fire Ins. Co., 132 Mass. 480, 483; Badger v. Platts, 68 N. H. 222, 224, 44 A. 296, 73 Am. St. Rep. 572; Walker v. Queen Ins. Co., supra; Hare v. Headley, 54 N. J. Eq. 545, 558, 35 A. 445; Cooley's Briefs on Law of Insurance (2d Ed.) pp. 628, 2390, and cases cited.
>
> To hold that, under such circumstances, the insurance must be credited upon the mortgage debt would enable the mortgagor to get, indirectly, the benefit of insurance, the right to enforce which, directly and affirmatively, had been lost by breach of conditions of the policy. Clark v. Trainor, supra, page 274 of 237 Ill. App.

Other courts that have reviewed the mortgage clauses have reached the same conclusion. See Parasco v. Pacific Indem. Co., 920 F. Supp. 647, 657 (E.D. Pa. 1996) (awarding summary judgment to insurer against its insureds, for the amount the insurer paid to the mortgagee, when the insureds breached the fraud and concealment provision); Auto-Owners Mut. Ins. Co., 851 S.W.2d 22, 27 (Mo. Ct. App.1993) (holding that the insurer's payment to the mortgagee could not inure to insured mortgagor's benefit when the insurer was not liable to provide coverage to the insured); Northwest Farm Bureau Ins. Co. v.

Althauser, 750 P.2d 1166, 1168 (Or. Ct. App. 1988) (holding that insureds were not entitled to insurance benefits because of material misrepresentations, and because insurer was compelled to pay the debt by its separate duty to the mortgagee, the insurer was entitled to the mortgagee's remedies, which included a foreclosure action against the insured).

In the present case, if the jury concludes that there is no coverage for the plaintiffs' claim, then Patrons Mutual is subrogated to the rights of the mortgagee, and may recover from the plaintiffs the payments it made to the mortgagee. Therefore, the plaintiffs' summary judgment motion must be denied.

### Patrons Mutual Insurance Company is entitled to consequential damages as a result of plaintiffs' breach of contract.

Patrons Mutual's counterclaim alleges that the plaintiffs made material misrepresentations, in a breach of their duties and obligations pursuant to the contract of insurance; specifically the "misrepresentation, concealment, or fraud" provision. As a result of the plaintiffs' material misrepresentations, it was reasonably foreseeable that Patrons Mutual would investigate the plaintiffs' claim. An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract. Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). Izzo v. Colonial Penn Ins. Co., 203 Conn. 305, 309, 524 A.2d 641 (1987). Contract damages ordinarily consist of consequential damages. Gazo v. City of Stamford, 255 Conn. 245, 245, 765 A.2d 505 (2001). The Connecticut Appellate Court has "defined consequential damages as "special damages [that] result from the natural consequences of the act complained of ...*Waterbury Petroleum Products, Inc. v. Canaan Oil & Fuel Co.*, 193 Conn. 208, 223 n.16, 477 A.2d 988

(1980).'"" Hartford v. International Assn. of Firefighters, Local 760, 49 Conn. App. 805, 816, 717 A.2d 258, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998). In the present case, the plaintiffs' breach of the contract results in remedies that include a denial of the claim, and the reasonably foreseeable investigation that had to be conducted to determine the breach of the contract due to the plaintiffs' material misrepresentations. Patrons Mutual has already denied the plaintiffs' claim, and now counterclaims for the "natural consequences" of the plaintiffs' breach of contract that lead to the investigative costs. If the plaintiffs had not breached the contract, these investigative costs would not have been necessary. See Ryan v. Tursi, 2002 WL 31462968, at *6 (Conn. Super. 2002) (holding that consequential damages were appropriate when the defendant breached his contract by failing to inform the plaintiffs that their septic system was defective, and the plaintiffs incurred the natural consequences of property expenses as a result). See **Exhibit D** for case.

Although there are no Connecticut cases on point, in Madsen v. Threshermen's Mut. Ins. Co., 439 N.W.2d 594, 606 (Wis. Ct. App. 1989), review denied, 443 N.W.2d 311 (1989), the court held that the insurance company was entitled to recover consequential damages for adjusting expenses, as a result of the insured's breach of the insurance contract when the insured committed arson. Similar to the present case, the plaintiffs have breached the insurance contract by making material misrepresentations and Patrons Mutual is entitled to the consequential damages that were reasonably foreseeable as a result of the plaintiffs' breach.

### III. CONCLUSION

For all of the foregoing reasons, Patrons Mutual Insurance Company respectfully submits that the plaintiffs' motion for summary judgment should be denied because there are genuine issues of material fact in Patrons Mutual's counterclaim as to the materiality of the representations made by the plaintiffs in their claims for loss. Further, there is no issue that Patrons Mutual, as a matter of law, is subrogated to the mortgagee's rights against the plaintiffs, and Patrons Mutual is entitled to consequential damages, which flow from the plaintiffs' breach of the contract. Therefore, the plaintiffs' motion for summary judgment should be denied as a matter of law.

                  DEFENDANT, PATRONS MUTUAL
                  INSURANCE COMPANY

By _____
    Heather J. Adams-Beman
    Skelley Rottner P.C.
    P.O. Box 340890
    Hartford, CT 06134-0890
    Tel. (860) 561-7077
    Fax (860) 561-7088
    Federal Bar No. ct24091

SR/229765/tao
7373-03002

## CERTIFICATION

I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on April 21, 2005, to the following counsel of record:

Attorney Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, CT  06518
*Tel. (203) 288-8266*

_____
Heather J. Adams-Beman

SR/229765/tao
7373-03002