UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTULA INSURANCE | : | MAY 9, 2005 |
| COMPANY OF CONNECTICUT | : | |

FILED
2005 MAY 10 A 9 30
U.S. DISTRICT COURT
BRIDGEPORT, CONN

**PLAINTIFFS' RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendant, Patron's Mutual Insurance Company, filed a motion for summary judgment dated December 14, 2004. The plaintiff's filed their opposition to said motion dated February 14, 2005 and the defendant filed a reply to the plaintiffs' opposition dated April 21, 2005 raising new arguments in support of its motion. The plaintiffs now respond to the defendant's reply memorandum.

I. **SUMMARY OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT' MOTION FOR SUMMARY JUDGMENT:**

1. The affidavit of Scott Terra's attached to the defendant's 56(1)a statement is sufficient to support the defendant's 56(1)a statement number 12. (Defendant's Reply memorandum, pages 3-5.)

2. The plaintiffs have produced no evidence that the defendants violated CUTPA and CUIPA. (Defendant's Reply Memorandum, pages 6-8.)

1

   3. The plaintiff's affidavit cannot create an issue of fact by affidavit that contradicts their previous testimony. (Defendant's Reply Memorandum pages, 8-10.

   4. The plaintiffs' entering into a contract to rebuild does not permit them to seek and recover replacement cost coverage as an element of damages in this action. (Defendant's Reply Memorandum, pages 10-17.)

## II.  PLAINTIFFS' RESPONSE:

**The defendant's employee's affidavit does not support the defendant's contention that the plaintiffs have not presented any evidence to support the plaintiff's claim of violation of CUTPA and CUIPA.**

In its reply memorandum, defendant has apparently misunderstood the plaintiffs' issue with the affidavit of Scott Terra. The plaintiffs do not contest the use of the affidavit in support of Statement 12 of the Defendant's 56(a)1 statement on the basis of lack of personal knowledge, but that said affidavit does not support the statement at all as it only states that the **examinations under oaths of the plaintiffs** "did not disclose any evidence that Patrons Mutual Insurance Company violated any insurance practices in the investigation or adjustment of the Attias' Claim." (Scott Terra Affidavit attached as Exhibit E to Defendant's 56(1)a Statement.) Said affidavit does **not** address the larger statement contained within Statement #12 that **no** evidence has been produced by the plaintiffs. Rule 56 (a) of the Local Rules requires a party bringing a motion for summary judgment to file a 56 (a) 1 Statement and to support each statement contained there in with "a specific citation to (1) the affidavit of a witness competent to testify as to the

2

facts at trial and/or (2) evidence that would be admissible at trial." Failure to satisfy this rule may result in the Court imposing sanctions including " when the movant fails to comply, an order denying the motion for summary judgment…" Local Rule 56 (a) 3. Mr. Terra's affidavit does not support Statement number 12 of the defendant's Rule 56 (a)1 Statement, nor is any evidence cited in support thereof.

Finally, as set forth in the plaintiffs' memorandum in opposition, the plaintiffs have presented more evidence in support of their claim that simply presented in their examinations under oath referenced in the Terra Affidavit, which occurred during the investigative phase of the plaintiffs' fire loss claim. Many depositions have been taken in this case and disclosure has been submitted by the plaintiffs, which the plaintiffs contend demonstrate violations of insurance practices. It appears to be the defendant's position that in order to support a motion for summary judgment it simply needs to make a bald unsupported assertion to shift the burden to the other party to counter. That is not correct under the Court's rules of procedure as cited above. *St. Pieere v. Dyer,* 208 F.3d 378, 394 (2d Cir. 2000). "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits to cite specific concrete facts establishing the existence of the truth of the matter asserted" *Hadley v.. County of Du Page,* 715 F.2d 1238, 1243 (7th Cir. 1983), cert. denied, 465 U.S. 1006 (1984). Mr. Terra's affidavit is nothing but a bald assertion without any support cited and therefore insufficient to support the defendant's motion for summary judgment on that issue.

**The plaintiffs have produced evidence of the defendant's violations of insurance practices.**

Although it is the plaintiffs' position that the defendant has not met their initial burden in its motion for summary judgment to require the plaintiffs to respond to this issue, the plaintiffs have established that they have submitted evidence of the defendant's violations sufficient to defeat the motion as set forth in their opposition brief. (Plaintiffs' Rule 56 (a) 2 Statement, #12, and Exhibits referenced thereto.) As this issue has been addressed in the plaintiffs' memorandum in opposition the plaintiffs will not reiterate such here in accordance with Local Rule 7 (d) but rely on such previously filed memorandum.

**The plaintiffs have not created an issue of fact by way of the submitted affidavit of Joseph Attias.**

It is the Defendant's contention that the plaintiff Joseph Attias' affidavit submitted in support of the plaintiffs' memorandum in opposition cannot be relied onto create an issue of material fact as to whether the plaintiffs intend to rebuild the subject property. In their original memorandum in support of the motion for summary judgment the defendant simply asserted that the failure to rebuild or replace the subject property precluded them from seeking as damages the replacement cost coverage under the policy. As a solution to this claimed defect, the defendant proposed that the plaintiffs enter into a contract to rebuild contingent on the plaintiff's successful prosecution of this action. The defendant contended then that the entry into such a contract would resolve that dispute. "[T]he defendant, Patrons Mutual Insurance Company, contends that the

4

plaintiffs are barred from presenting any evidence regarding the replacement cost value of the subject property in the absence of an executed legally binding contract to make repairs." (Page 13 of Defendant's Memorandum in Support dated December 14, 2005.)

The plaintiffs, taking the sage advice of the defense counsel, have entered into such a contract and now are being accused of inappropriate conduct by the same counsel. The defendant contends that since one of the plaintiffs testified previously that he believed that replacing the subject property was not economically appropriate, that he at this stage cannot change his mind. The evidence in this case is that the plaintiffs have repeated readdressed the issue of whether or not to rebuild. In fact in the deposition testimony of Joseph Attias relied on by the defendant, Mr. Attias at one point indicates that he decided not to rebuild, but then later that he decided not to sell but keep the property:

> "Q. Did you talk to the bank about how you would rebuild?
> A. At one point they were considering on rebuilding and, yes, and converting it to a loan, into a construction loan. And then we realized it would be too expensive for us.
> Q. Why would it be too expensive?
> A. Because we got offers to build the house for $400,000, 350,000, and I said it's ridiculous, doesn't make any sense.
> Q. What did you decide to do then?
> A. We decided pretty much to maybe sell it as-is.
> Q. Have you tried to sell it as-is?
> A. We got some offers, but decided it's not worth it. We got a 20,000 offer. We said no, hell, we're going to keep it."
>
> (Deposition Transcript of Joseph Attias, page 161, Exhibit G of Defendant's Reply Memorandum.)

Clearly, contrary to the defendant's assertions in their reply brief, the plaintiffs have not attempted to create an issue of material fact by way of filing an affidavit contradicting deposition testimony. In fact the plaintiff's affidavit merely serves to reiterate and clarify Mr. Attias' prior deposition testimony.

**The fact that the plaintiffs have entered into a contract to rebuild is sufficient for the plaintiffs to seek damages of replacement cost coverage under the policy.**

5

As set forth above, the defendant's original memorandum of support for summary judgment sought to preclude the plaintiffs from submitting evidence regarding replacement cost value of the subject property in the absence of a contract to rebuild or repair. (Page 13 of Defendant's Memorandum in Support dated December 14, 2005.) In seeking this the defendant relied on *Northrop v. Allstate Insurance Co.* 44 Conn.App. 415 (1997) as controlling. Now in their reply memorandum the defendant has disavowed *Northrop* and requests the court to find its holding inapplicable to the case-at-bar. In its place the defendants have requested the court to follow cases of other jurisdictions: *Rhodes v. Farmers Ins. Co.* 86 S.W.3d 401, 403 (Ark.Ct.App. 2002); *Burchett v. Kansas Mut.Ins. Co.*, 48 P3d 1290, 1291-1292 (Kan.Ct.App. 2002); *Miller v. Farm Bureau Town & Country Ins. Co. of Missouri*, 6 S.W.3d 432, 438 (Mo.Ct.App. 1999); *Gilbert v. North Carolina Farm Bureau Mut. Inc. Co.*, 574 S.E.2d 115, 118 (N.C.Ct.App. 2002) and *Rotell v. Erie Ins. Group*, 2001 1820335 (Pa.Com.Pl. March 16, 2001). All of these cases' facts are significantly distinctive from the case-at-bar, in that in all of these cases the insurance company paid the actual cash value to the insureds and then the insureds brought suit to recover the replacement cost value without having replaced or repaired the property or entering into a contract for such replacement or repair. Due to such distinctions they are not applicable to the case before this Court.

In the present case the defendant insurance company has denied any payment to the insureds. Clearly an injustice would result in requiring an insured to expend replacement cost in such situations in order to bring suit under all the terms of a policy. The compromise reached in the *Northrop* case, and advanced by the defendant in its

6

original memorandum, is fair and appropriate in a situation such as the one in the case-at-bar where the insurer has denied all payment to the insured.

The defendants' also contend that the enforceability or unenforceability of the contract to rebuild is an issue which affects whether the plaintiffs should be able to seek replacement cost value in this action. That issue is also addressed in *Northrop*. In *Northrop* the defendant insurance company claimed that the contract to rebuild between the insured and the contractor was unenforceable under Connecticut law and therefore not sufficient to permit the insured to seek replacement cost damages. The Court rejected that argument claiming that the law was to protect the insured/homeowner and "[t]hus, the defendant, as the plaintiff's insurer, cannot interpose noncompliance with the act as a defense to its own insured's claim for replacement cost coverage" *Northrop* at 253.

### III. CONCLUSION:

Wherefore, for the foregoing reasons and those set forth in the plaintiffs' memorandum of law in opposition dated February 14, 2004 previously filed, the defendant's motion for summary judgment should be denied.

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS,

BY _____
Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, Connecticut 06518
Telephone: 203-230-2500
Facsimile: 203-288-4702
Fed Bar No. CT 06473

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was forwarded vat first class mail, postage prepaid, this 9th day of May, 2005 to the following:

Joel J. Rottner, Esquire
Heather Adams-Beman, Esquire
Skelley Rottner P.C.
P.O. Box 340890
Hartford, Connecticut 06134-0890
Telephone:     860-561-7077
Facsimile:     860-561-7088

_____
Cheryl E. Heffernan