UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAY 10  A 9: 30

DISTRICT COURT
BRIDGEPORT, CONN

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTULA INSURANCE | : | MAY 9, 2005 |
| COMPANY OF CONNECTICUT | : | |

**PLAINTIFFS' REPLY TO DEFENDANT'S 56(a) 2 STATEMENT
AND OPPOSITION TO SUMMARY JUDGMENT**

The plaintiffs, Joseph and Haim Attias, filed a motion for summary judgment as to the defendant's counterclaim on February 14, 2005. The defendant filed it's opposition dated April 21, 2005. The plaintiffs now reply to defendant's 56(a) 2 Statement and to defendant's Opposition to Defendant's Summary Judgment.

I. **SUMMARY OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT:**

1. The defendant contends in its memorandum opposition that the alleged misrepresentations of the plaintiffs constitute "material misrepresentations" for pursues of voiding the subject contract of insurance is a disputed issue of material fact precluding summary judgment. (Defendant's memorandum in opposition, pages, 2-3.)

2. That the defendant's counterclaim lies in the theory of subrogation and/or breach of contract and not unjust enrichment. (Defendant's memorandum in opposition, page 1,2, 4-7.)

1

3.  That the defendant is entitled to the cost of the investigation under a theory of breach of contract. (Defendant's memorandum in opposition, pages 7-8.)

## II. PLAINTIFFS' REBUTTAL:

### The issue of the materiality of the plaintiffs' alleged misrepresentations is not a material issue in dispute precluding summary judgment on the defendant's counter claim.

For a factual issue to preclude the entry of summary judgment the factual issue must be material to the determination of the legal viability of the party's claim. The plaintiffs have filed a motion for summary judgment claiming that the defendant's counterclaim has no legal authority. Specifically the plaintiffs contend that the counterclaim was brought under a theory of unjust enrichment and that such a claim is not valid regardless of whether the plaintiffs' alleged acts are determined to have been material misrepresentations. Accordingly, the issue of whether the plaintiffs' alleged misrepresentations were material is not a barrier to the Court determining the legal viability of the defendant's counterclaim.

### The defendant's counterclaim was brought under a theory of unjust enrichment.

As the court's file will reflect the defendant's original counterclaim did not clearly set forth the nature of the legal theory or theories on which it was brought. Accordingly, the plaintiffs filed on October 30, 3003 a Motion for More Definite Statement, seeking an articulation of the legal theory on which the defendant based its

2

counterclaim. The Court granted that motion in part on December 17, 2003 ordering the defendant to "identify the legal theory or theories (eg: breach of contract, fraud) on which it bases its counterclaim…" See **Exhibit A** attached hereto. As a result the defendant filed a new counterclaim dated January 12, 2004. The only legal theory set forth in that controlling counterclaim is the theory of unjust enrichment. Nowhere in the counter claim is a theory of subrogation or breach of contract offered as the legal theory under which the counterclaim is based. In fact, in its memorandum in opposition the defendant quotes a section of the contract of insurance that is not even vaguely referenced in the counterclaim as the support for newly disclosed theories of subrogation and breach of contract.

While the rules of pleading in Federal cases are liberal, the requirement of notice pleading exists to properly alert the opposing side as to the basis of the claim being brought. In the present case the plaintiffs specifically requested, and the Court ordered the defendant to set out exactly what legal theory or theories were the basis for it counterclaim. No reading of the defendant's operative counterclaim can give the reader the impression that it lies in the theories of breach of contract or subrogation. *Karpel v. Inova Health System*, 134 F.3d 1222, 1228 (4th Cir. 1998); *Self Directed Placement Corp. v. Control a corp.*, 908 F.2d 462, 466 (9th Cir. 1990). Accordingly, such should not be permitted now to defeat the plaintiffs' motion on the only cause of action pled by defendant.

**The defendant does not have a valid claim for subrogation as against the plaintiffs under the contract of insurance.**

Regardless of the defendant's absolute failure to plead subrogation as discussed above, the defendants contend that its counterclaim is based on the defendant subrogating to the rights of the mortgagee under the terms of the contract of insurance and accordingly are entitled to pursue the plaintiffs for reimbursement of monies it paid to the mortgagee. Even assuming that the defendant's contention is correct, the plaintiffs are still entitled to judgment as a matter of law on the defendant's counterclaim.

The defendant is correct in stating that the subject contract for insurance provides for the defendant to be able to be subrogated to the rights of the mortgagee, up to the amount paid to the mortgagee. However, the only rights the defendant could get are those that the mortgagee holds. The mortgagee does not hold any rights due to its release of the mortgage between the plaintiffs and itself. (See Release of Mortgage contained in Exhibit C of the defendant's memorandum in opposition.) Additionally, unlike the factual situation in *Savings Bank of Ansonia v. Schancupp*, 108 Conn. 588 (1928) the defendant here did not condition it's payment to the mortgagee under the insurance contract on reserving its subrogation rights when it entered into the settlement with the plaintiffs' mortgagee. In other words it did not obtain the assignment it needs now to make this claim. Therefore the mortgagee was entitled to, and did, release the plaintiffs from the mortgage, canceling all indebtedness on February 12, 2004. The defendant cannot now try to claim enforcement of rights which have been released, and which were never assigned by the legal holder of the note, Ameriquest Mortgage. [1]

---

[1] All the cases cited by the defendant are distinguishable from the case-at-bar on their facts and holdings: *Madsen v. Threshermen's* 439 N.W2d 607 (Wis.App. 1989), the insured caused the loss, direct subrogation

### III. CONCLUSION:

Wherefore, for the foregoing reasons and those set forth in the plaintiffs' memorandum of law in support dated Febraury 14, 2004 previously filed, the defendant's counterclaim has no basis in law and therefore judgment should enter for the plaintiffs on the counterclaim as a matter of law.

        RESPECTFULLY SUBMITTED,
        THE PLAINTIFFS,

        BY _____
        Cheryl E. Heffernan
        Farver & Heffernan
        2842 Old Dixwell Avenue
        Hamden, Connecticut 06518
        Telephone: 203-230-2500
        Facsimile:  203-288-4702
        Fed Bar No. CT 06473

### CERTIFICATION

I hereby certify that a copy of the foregoing was forwarded vat first class mail, postage prepaid, this 9th day of May, 2005 to the following:

Joel J. Rottner, Esquire
Heather Adams-Beman, Esquire
Skelley Rottner P.C.
P.O. Box 340890
Hartford, Connecticut 06134-0890
Telephone:   860-561-7077
Facsimile:   860-561-7088

        _____
        Cheryl E. Heffernan

---

tortfeasor; *Parasco v. Pacific Indem. Co.* 920 F.Supp. 647, 657 (E.D.Pa. 1996), mortgagee and insurance company executed subrogation agreement as part of settlement. The mortgagee never issued a release of mortgage; *Auto-Owners Mutual Insurance Company ,Inc.* 851 S.W.2d 22, (Mo.Ct.App. 1993), insurer obtained assignment of promissory note from mortgagee under settlement agreement. Mortgagee did not release mortgagor/insured from mortgage.