UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | AUGUST 26, 2005 |

## AMENDED COUNTERCLAIM

1. Paragraphs 1 and 2 of the First Affirmative Defense are hereby incorporated by reference and made Paragraphs 1 and 2 of the Counterclaim.

2. As a result of the above mentioned misrepresentations by the plaintiffs, the plaintiffs have breached the above quoted provisions of the policy of insurance, "Misrepresentation, Concealment and Fraud"; and, therefore, in accordance with said provision of the policy of insurance, there is no coverage for the loss to the plaintiffs' premises referred to in the Complaint; and the defendant denied the plaintiffs' claim.

4. Said policy of insurance further provides as follows:

> **10.  Mortgage Clause** – This applies only to coverage on buildings. The word "mortgagee" includes trustee.

  **a**. If a mortgagee is named on the Declarations, a loss payee under Coverages A or B will be paid to the mortgagee and **you**, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

  If we deny **your** claim, that denial does not apply to a valid claim of the mortgagee…

    \* \* \*

  **c**. If **we** pay the mortgagee for a loss and deny payment to you:
   1) **we** are subrogated, up to the amount **we** paid for the loss, to all the rights of the mortgagee granted under the mortgage on the property; or
   2) at our option, **we** may pay to the mortgage the whole principal on the mortgage plus the accrued interest. In this event, **we** shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

  5. Subsequent to the denial of the plaintiffs' claim, plaintiffs' mortgagee bank submitted a claim for a payment to the defendant.

  6. On receipt of said claim the defendant paid the plaintiffs' mortgagee bank $114,000 in accordance with its duties and obligations pursuant to the above quoted "mortgagee clause."

      7.      The defendant in good faith paid to the plaintiffs $20,000 in advance of the defendant's decision to accept or deny payment of the plaintiffs' claim.

      8.      The defendant is entitled to recover from the plaintiffs the foregoing payments in the total amount of $134,000 for one or more of the following reasons:

      a)      The plaintiffs breached the insurance contract in making the material misrepresentations referred to in paragraph 2 of this counterclaim in breach of the contractual provisions referred to in paragraph 1 of this counterclaim.

      b)      As a result of the defendant's contractual obligation to pay the mortgagee bank; and, as a result of the defendant's voluntary good faith advance payment to the plaintiffs in anticipation that the plaintiffs had complied with their contractual obligations, the plaintiffs received the contractual benefit of $134,000 to which the plaintiffs were not entitled as a result of their breach of the contract. Therefore, the plaintiffs were unjustly enriched in the amount of $134,000 and/or

      c)      Pursuant to the above quoted "Mortgage Clause" the defendant was subrogated to all rights of the defendant's mortgagee bank granted under the mortgage on the property which existed at the time of the payment by the defendant to the mortgagee bank.

9.  **WHEREFORE,** the defendant claims:

   1. Money damages from the plaintiffs in the amount of $134,000;

   2. Interest; and

   3. Such other relief as the court may deem equitable and proper.

> DEFENDANT, PATRONS MUTUAL
> INSURANCE COMPANY
>
>
> By_____\S_____
> Joel J. Rottner
> Skelley Rottner P.C.
> 433 South Main Street, Suite 305
> West Hartford, Connecticut  06110
>    Tel. (860) 561-7077
>    Fax (860) 561-7088
>    Federal Bar No. ct05612

## CERTIFICATION

I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on August 26, 2005, to the following counsel of record:

Attorney Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, CT  06518
*Tel. (203) 288-8266*

                                                \S\
                                         Joel J. Rottner

SR/234964