

FILED
2005 NOV -3 A 11: 54
DISTRICT COURT, CONN.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL NO. 3:03 CV 01009 (SRU) |
| Plaintiffs | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | |
| Defendant | : | October 31, 2005 |

### PLAINTIFFS' OBJECTION TO DEFENDANT'S
### MOTION TO PRECLUDE PLAINTIFFS' EXPERT WITNESS
### LOUIS E. RANCIATO

The Plaintiffs' Hiam and Joseph Attias hereby object to the Defendant's motion to preclude the plaintiffs' expert witness Louis E. Ranciato on the grounds that, no trial date has been scheduled in this matter, no prejudice would occur to the defendant in allowing this belated disclosure of an expert witness, yet preclusion of this expert would prejudice the plaintiffs' ability to prosecute their case and respond to the defendant's defense of said case. Additionally, good cause exists to permit the plaintiffs the belated disclosure of this expert witness.

As stated by the defendant, the parties entered into a scheduling order, endorsed by the Court, which provided for the completion of discovery by August 31, 2004. No discovery has been undertaken since said time, however discovery disputes continued until resolved by the Court at a hearing on July 27, 2005.[1] At that hearing the Court additionally allowed the defendants to file an amended counterclaim against the plaintiffs. Said amended counterclaim was filed on August 29, 2005 and set forth three (3)

separate causes of action against the plaintiffs, verses the one cause of action that had been filed in response to the Court's order on the plaintiff motion for more definite statement on December 17, 2003.

Also at the July 27, 2005 hearing the Court ruled on the defendant's motion for summary judgment on the issue of whether the plaintiffs' can seek replacement cost coverage as an element of damage in this case if they had not in fact replaced or rebuilt the property insured by the policy at issue in this case. The Court denied that motion, without prejudice to renew, indicating that it might later grant such a motion if, as trial approached, the plaintiffs' had not actually replaced or rebuilt said property. That ruling has required the plaintiffs to seek an expert opinion to combat that proposed defense. The plaintiffs' proposed expert Louis E. Ranciato has been disclosed address the issues raised by that claim of the defendant and he will testify on the proper method of determining Actual Cash Value and the appropriate method of determining the plaintiffs' loss under the subject policy. Mr. Ranciato is a Public Adjuster located in Durham, Connecticut. As such he is qualified to render such expert opinions. Additionally as he is a locally located expert he is more assessable to the plaintiffs counsel for trial and trial preparation then the previously disclosed plaintiffs' expert.

On June 29, 2004 the plaintiffs had disclosed Darin R. Checchia a representative of Adjusters International, located in Albany New York to offer expert testimony on similar issues. The defendant took Mr. Checchia's deposition as a fact witness never questioning him on his expert opinions. Mr. Checchia's geographic location has impeded plaintiffs' counsel's ability to work with him as closely as necessary especially as a trial will grow near. Something that was not anticipated at the time of the original disclosure. Mr. Ranciato's position as an expert witness on the issues of the value of the subject loss, and proper methods of evaluating the loss, and the methods used by the defendant in evaluating the loss, including the appropriateness of the defendant's use of those methods in the plaintiffs' claim would be in lieu of Mr. Checchia's expert testimony.

The defendant does not contend that the belated disclosure of this expert has caused it any prejudice. No trial has been scheduled to date. The defendant merely contends that it will be prejudiced

2

unless it is given an opportunity to depose Mr. Ranciato. The plaintiffs are more than willing to produce Mr. Ranciato promptly for deposition. The remainder of the defendant's objection to Mr. Ranciato as an expert appear to revolve around whether his opinions merit expert qualification. That is a subject to be dealt with at the time of trial after an appropriate voir dire of his qualifications. However Mr. Ranciato has been a public adjuster for over 20 years in Connecticut and has testified at numerous depositions and at two trials in the State of Connecticut as an expert witness.

The defendant also contends that Mr. Ranciato's report is too broad and indefinite, and accordingly to permit his late disclosure would be prejudicial to the defendant. The plaintiffs submitted to the defendant a seven (7) page report with the disclosure, which specifically set forth Mr. Ranciato's analysis and opinions. Such opinions are available for exploration by deposition. In contrast, the defendant has disclosed Robert Nattrass as an expert witness to testify on the extent of improvement on the plaintiffs' property without supply any report regarding such proposed expert testimony[2]. See Exhibit A, Defendant's June 23, 2004 disclosure. The defendant further disclosed as an expert witness John Lo Monte with a brief, inadequate, one and a half page report and no CV. See Exhibit B Defendant's disclosure dated April 8, 2004. Mr. Ranciato's report is through, specific and detailed. Please see attached Exhibit C. The plaintiffs' disclosure of Mr. Ranciato is sufficient to meet the requirements of the F. R. Civ., Rule 26(a)(2)(B).

In determining whether to preclude a party from offering an expert witness due to late disclosure, the Court is to consider, "the existence of prejudice in fact against the surprised party, the ability to cure the prejudice, the extent to which the improperly disclosed testimony would disrupt trial and whether the failure to disclose was a bad faith or willful act." *Dunn v. Zimmer, Inc.*, _____ F. Supp.2d _____ , 3:00CV1306a (March 9, 2005, Conn., Squatrito, J.) (Attached hereto as Exhibit D). In the present case. new issues were recently joined to the case by way of the defendant's new counterclaims. There is no disruption of trial, as trial has not yet been scheduled. No prejudice in fact has been claimed by the

3

defendant. Any possible prejudice can be easily cured by the taking of the deposition of Mr. Ranciato, which can be accomplished as soon as the defendant so requests. The defendant never took the expert deposition of the plaintiffs' prior expert Mr. Checchia, therefore no duplicative costs will be incurred by the defendant due to Mr. Ranciato's disclosure. There is no bad faith on the part of the plaintiffs or plaintiffs' counsel in seeking a new expert or in the timing of the disclosure. The late disclosure was not willful, but a result of the progression and developments of the case. "The remedy of exclusion is considered "drastic" and should not be imposed where it could frustrate the overarching objective of the Rules, which is to provide substantial justice for litigants." *Dunn* attached hereto as Exhibit D.

Wherefore for the foregoing reasons the plaintiffs respectfully submit that the defendant's motion to preclude should be denied and the plaintiffs permitted to call Mr. Ranciato as an expert witness in the trial of this matter.

THE PLAINTIFFS,

BY _____
Cheryl E. Heffernan
Farver & Heffernan
2842 Old Dixwell Avenue
Hamden, Connecticut 06518
Telephone: 203-288-8266
Facsimile: 203-288-4702
Fed Bar No.:CT 06473

### CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid this 27th day of October 2005, to:

Joel Rottner, Esq.
Skelley Rottner P.C.
PO Box 340890
Hartford, CT 06134-0890

_____
Cheryl E. Heffernan

---

[2] Mr. Nattrass' fire loss report was disclosed by the defendant prior to disclosing him as an expert but such report does not address the issues for which he was disclosed as an expert witness.

4