# UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | APRIL 7, 2006 |

## JOINT TRIAL MEMORANDUM

1.    **Trial Counsel:**

      **For the Plaintiffs:**      Cheryl E. Heffernan, Esquire
      Farver & Heffernan
      2858 Old Dixwell Avenue
      Hamden, CT 0658
      Federal Bar Number:  ct06473
Telephone:      203-230-2500
Facsimile:      203-288-4702

      **For the Defendant:**      Joel J. Rottner, Esquire
      Heather J. Adams-Beman, Esquire
      Skelley Rottner P.C.
      Corporate Center West, Suite 305
      433 South Main Street
      West Hartford, Connecticut 06110
      Federal Bar No. ct05612
      Federal Bar No. ct24091
      Telephone:      860-561-7077
      Facsimile:      860-561-7088

2.    **Jurisdiction**:

Jurisdiction of this Court is invoked pursuant to diversity of citizenship with the amount in controversy exceeding Seventy-Five ($75,000.000) Thousand Dollars.

3.    **Jury/Non-Jury:**

The Plaintiffs claimed a trial by jury on all issues in their complaint dated June 3, 2003.

4.    **Length of Trial:**

The parties anticipate the length of the trial to be five (5) days.

5.    **Further Proceedings:**

There may be further proceedings depending on whether or not the Court submits the counterclaim to the jury.

6.    **Nature of Case:**

**Plaintiffs**:      The plaintiffs have brought this action in regards to a "Fire Loss" insurance policy on property owned by them in Hartford, Connecticut that was totally destroyed by fire while covered by a policy held by the defendant.  The legal theories under which this case has been brought by the plaintiffs are Breach of Contract, Bad Faith, Breach of Good Faith and Fair Dealing, and Unjust Enrichment.  The plaintiffs are seeking compensatory damages, interest, costs of litigation, and attorney fees.

**Defendant:**

Patrons Mutual Insurance Company asserts as an affirmative defense that the plaintiffs' claims are barred

by the concealment and fraud condition of the policy of insurance because the plaintiffs misrepresented material facts concerning the claim.

Patrons Mutual Insurance Company has asserted a counterclaim against the plaintiffs for unjust enrichment. The defendant claims that payments were made to and on behalf of the plaintiffs in the amount of $134,000. This amount represents a $20,000 advance to the plaintiffs and $114,000 which was paid to the mortgagee in satisfaction of the ~~mortgage on the property~~ mortgagee's claim on the policy of insurance.

7.    **Statement of the Case"**

Haim and Joseph Attias allege that on July 25, 2002 the defendant issued a "Fire Loss" policy of insurance to the Attias' for property owned by them located at 475 New Britain Avenue in Hartford, Connecticut. A claim under the insurance policy with the defendant was made by the plaintiffs Haim and Joseph Attias. The defendant denied the plaintiffs' claim. Joseph and Haim Attias contend that in denying their claim, the defendant, Patrons Mutual Insurance Company, breached its contract with them, acted in bad faith, breached the convent of good faith and fair dealing and were unjustly enriched.

The defendant denies the material allegations of the plaintiffs' claims and contends that the plaintiffs violated the contract of insurance by making material misrepresentations to the defendant during the claim investigation. The defendant has also filed a counterclaim seeking reimbursement for all monies it paid under the policy and for the cost of their investigation and defense of this case.

8.    **Trial By Magistrate Judge:**

A.    The parties have not agreed to trial by Magistrate.

9.    **List of Witnesses:**

The Plaintiffs may call the following witnesses during the course of the trial:

**A.     Witnesses expected to be called at trial**:

1.  Haim Attias, plaintiff.  Mr. Attias will testify as to the purchase of the properly

    located at 475 New Britain Avenue, Hartford, Connecticut.  Mr. Attias will testify as

    to the renovations performed on said property, the cost of the renovations, the fire on

    said property, the insurance claim submitted on the property and the losses the

    plaintiffs suffered as a result of the defendant's denial of the insurance claim.

2.  Joseph Attias, plaintiff.  Mr. Attias will testify as to the renovations performed on

    said property, the cost of the renovations, the fire on said property, the insurance

    claim submitted on the property and the losses the plaintiffs suffered as a result of the

    defendant's denial of the insurance claim.

3.  Duro Tola, 190 Cambria Avenue, Newington, Connecticut.  Mr. Tola will testify

    regarding the renovations on the property located at 475 New Britain Avenue,

    Hartford, Connecticut and the money he was paid for the work he and his men

    performed.

4.  Angel Omar Viera, 43-C Dutch Point, Hartford, Connecticut. Mr. Viera will testify

    regarding the renovations on the property located at 475 New Britain Avenue,

    Hartford, Connecticut and the money he was paid for the work he and his men

    performed.

4

5.   Sebastian Lentini, 465 New Britain Avenue, Hartford, Connecticut.  Mr. Lentini will

testify regarding the renovations on the property located at 475 New Britain Avenue,

Hartford, Connecticut and the money he was paid for the work he and his men

performed, and the condition of the property the day before the fire.

6.   Juan Ramos, address unknown at the present time. Mr. Ramos will testify regarding

the renovations on the property located at 475 New Britain Avenue, Hartford,

Connecticut and the money he was paid for the work he and his men performed, and

the condition of the property the day before the fire, as well as the Certificate of

Occupancy he sent to the plaintiffs after the fire.

7.   David Pacheco, 56 Dart Street, Hartford, Connecticut. Mr. Pacheco will testify

regarding the renovations on the property located at 475 New Britain Avenue,

Hartford, Connecticut and the money he was paid for the work he and his men

performed.

8.

Louis Ranciato, 23 Canterbury Drive, Durham, Connecticut.  Expert witness.  Mr. Ranciato will testify in regards to the proper determination of the value of the plaintiffs' claim, actual cash value and replacement cost, as well as to the information that is material to that determination.  Mr. Ranciato's testimony will be based on the subject contract, the defendant's claims manual and dwelling property manual, as well as his review of deposition transcripts in this case, Scott Terra's file and his training and experience.  CV attached hereto.

9.  William Bosworth, address currently unknown.  Mr. Bosworth is the former supervisor at Patrons of Scott Terra and will testify regarding the defendant's investigation of the plaintiffs' fire loss claim and the Patrons' negotiations with the mortgagee to resolve their claim;

10.  Representative(s) of Ameriquest Mortgage; will testify regarding the mortgage on the property located at 475 New Britain Avenue, Hartford, Connecticut and the negotiations with the plaintiffs and defendant regarding the insurance claim of the mortgagee and the payoff and release of the mortgage.

11.  Margaret Ralphs, Esquire, 14 Highway Road, Simsbury, Connecticut.  Attorney Ralphs

will testify regarding her role in the investigation of the plaintiffs' fire loss claim for the

defendant.

12. Lieut. Edward Casare, or other representative of the Fire Department of the City of

Hartford, 275 Pearl Street, Hartford, CT 06103.  Lieut. Casare will testify in

accordance with his on the scene of the fire at 475-477 New Britain Avenue,

Hartford, Connecticut on November 13, 2002.

13. Terrill L. Leighton, Leighton Appraisal Services; 48 Bouldercrest Lane, Vernon, CT

06066-5904.  Mr. Leighton will testify in accordance with his Appraisal Report dated

August 25, 2002 on the condition and value of the plaintiffs' property located at 475-

477 New Britain Avenue, Hartford, Connecticut as of the date of said report.

14. John Oliveri, Century 21 Access America, 449 Silas Deane Highway, Wethersfield,

CT 06109.  Mr. Oliveri will testify in regards to the rental value of the plaintiffs'

property located at 475-477 New Britain Avenue, Hartford, Connecticut as of the

date of the fire in November 2002 and at the present time.  Mr. Olivieri will also

testified regarding his company's representation of Greenpoint Bank and the

plaintiffs in the sale of the subject property to the plaintiffs.

15. Lilybell Ramos, address not available at the present time.  Ms. Ramos will testify

regarding faxing the plaintiffs' the Certificate of Occupancy for the subject property.

16. Darin R. Checchia or other representative of Adjusters International, 125 Wolf Road,

Suite 503-2 Albany New York.  Mr. Checchia, or his representative will testify

regarding the preparation of the Notice of Loss prepared by his company and his

company's involvement in negotiating the plaintiffs' claim for this fire.

17. Joseph Citino, 318 Franklin Avenue, Hartford, Connecticut.  Mr. Citino will testify

regarding the contract between Providian Builders LLC and the plaintiffs to rebuild

the property located at 475 New Britain Avenue, Hartford, CT, including the cost

therefore.

18. Representative of Charles G. Marcus Agency, 842 Silas Deane HW, Wethersfield,

CT.  This witness will testify regarding the application and issuance of the subject

fire loss policy and their role in the subsequent fire loss claim on said policy.

**B.     Witnesses that may be called at trial if the need arises.**

1.     Scott Terra, Patrons Mutual Insurance Company.  Mr. Terra will testify

regarding his role in the investigation of the plaintiffs' fire loss claim and the

mortgagee's claim under the policy with the defendant.

2.      Richard Wojtkowiak, 330 Mountain Road, West Hartford, Connecticut.  Mr.

Wojtkowiak will testify as to the underwriting of the plaintiffs' fire loss policy

and his actions as an underwriter for the defendant after the fire loss.

3.      Mark Masse.  Mr. Masse will testify regarding sworn statements he obtained in this

case.

4.      Guy Garofalo, Patrons Mutual Insurance Company.  Mr. Garafalo will testify as

to the underwriting of the plaintiffs' fire loss policy and his actions as an

underwriter for the defendant after the fire loss.

5.      Amy Paciotti, Patrons Mutual Insurance Company.  Ms. Paciotti will testify as to

the underwriting of the plaintiffs' fire loss policy and her actions as an

underwriter for the defendant after the fire loss.

6.      Vincent Vizzo, 31 Scenic View Drive, Deep River, Connecticut, will testify as to

his involvement with the plaintiffs at the scene of the fire.

**The Defendant may call the following witnesses during the course of the trial:**

<span style="color:red">Vincent Vizzo</span> – Mr. Vizzo will testify as to his discussions with the plaintiffs on the date of the loss regarding the possible use of his services as a public adjuster and the nature and extent of coverage and the plaintiffs' representations to him concerning the improvements made by the plaintiffs to the premises.

<span style="color:red">John Oliveri</span> – Mr. Oliveri is the realtor who sold the subject property to the plaintiffs and is expected to testify regarding his retention by the plaintiffs for the purpose of the sale of the property.

<span style="color:red">Terry Leighton</span> – Mr. Leighton is a real estate appraiser who prepared an appraisal of the property

9

for Ameriquest Mortgage, the mortgagee of the subject property. Mr. Leighton will be called to testify as to his appraisal and observations at the property prior to the loss.

Dura Tola – Mr. Tola will testify as to the nature and extent of the improvements he made to the subject property and the amounts he was paid by the plaintiffs.

Angel Viera – Mr. Viera will testify as to the nature and extent of the improvements he made to the subject property prior to the date of loss and the amounts he was paid by the plaintiffs.

Sebastian Lentini – Mr. Lentini will testify as to the nature and extent of the improvements he made to the subject property prior to the date of loss and the amounts he was paid by the plaintiffs.

Juan Ramos – Mr. Ramos will testify as to the nature and extent of the improvements he made to the subject property prior to the date of loss and the amounts he was paid by the plaintiffs.

Robert Nattrass – Mr. Nattrass is expected to testify as to the information he obtained from the insureds during the course of his investigation and the conclusions he reached concerning the value of improvements made to the property by the insureds.

John LoMonte – Mr. LoMonte is expected to testify that renovations and the installation of new fixtures and improvements will serve to increase the value of a given property and will further testify has to how improvements may affect the value of a property in conjunction with the real estate market.

Michael Brogan or other Representative of Imagineers – A Representative of Imagineers is expected to testify that they were not retained by the plaintiffs for the purpose of renting the insured premises.

Scott Terra – Mr. Terra will testify as to the sums paid by Patrons to the insureds and Ameriquest Mortgage Company, and to his observation of the premises immediately subsequent to the fire concerning the extent of renovations, and to the plaintiffs' oral and written representations concerning the amount spent by the plaintiffs to renovate the premises.

10.   **Deposition testimony:**

**Plaintiffs:**   The plaintiffs do not anticipate offering deposition testimony in lieu of live testimony during their case-in-chief at the present time however, reserve the right to do so in the event a witness cannot be served for trial. At that time, the Plaintiffs will amend this submission and identify any portions of the deposition transcripts to be offered..

**Defendant:**   The availability of the fact witnesses, Dura Toal, Angel Viera, Sebastian Lentini, and Juan Ramos, is unknown, and, the defendant presumes that they will be subject to subpoena as they were subpoenaed to their depositions. If they cannot be served, the defendant will identify the portions of the deposition transcripts to be offered.

11.   **Exhibits:**

**The Plaintiff may offer the following exhibits during the course of the trial:**

A.      **Expect to offer at trial:**

1.      Policy of insurance;

2.      Declarations Page for Patrons Mutual Insurance Company Fire Loss Policy #
        DCT0023909, dated 8/7/02;

3.      Declarations Page for Patrons Mutual insurance Company Fire Loss Policy #
        DCT0023909, dated 10/13/02;

4.      Deed for property located at 475 New Britain Avenue, Hartford, Connecticut;

5.      Patrons' Dwelling Properties Manual for Connecticut;

6.      Patrons' Connecticut Dwelling Program Manual;

7.      Patrons' Claim Manual;

8.      Patron's Large Loss Report dated 12/26/02;

9.      "Memopad for DCT0023909" – Patrons' underwriting computer logsheet;

10.     Patrons Mutual "Dwelling Fire Application" for 475 New Britain Avenue,
        Hartford, Connecticut;

11.     Patron's Binder for 475 New Britain Avenue, Hartford, Connecticut;

12.     "Safeco Insurance Companies" Residential Cost Guide Worksheet" dated
        7/31/02;

13.     Patrons Mutual's "Dwelling Fire Quote"  dated 7/25/02;

14.     Charles Marcus Agency Memo dated 10/8/02;

15.     City of Hartford, Fire Marshall Report;

16.     Video tape of taken by Robert Nastrass on 11/13/02 of 475 New Britain Avenue,
        Hartford, Connecticut;

17.     Correspondence to Joseph Attias from Scott Terra dated January 16, 2003 re:
        denial of claim;

18.     Certification of City of Hartford Lien dated July 6, 2004 on 475 New Britain
        Avenue, Hartford, Connecticut;

19.     Patrons' check number 09062 in the amount of $20,000.00;

20.     Patrons' check number 095611 in the amount of $114,000.00;

21. Correspondence dated 11/19/02 from Scott Terra to William Bosworth;

22. Receipt dated 11/5/02 from Sebastian Lentini;

23. Release of Mortgage from Ameriquest dated 2/12/04;

24. Six (6) Lowe's cash register receipts dated 11/062/02, 11/11/02, 11/12/02;

25. Contractor Agreement dated 11/5/02 from Angel Viera and Juan Ramos;

26. Duro Tola Order/Invoice undated;

27. Duro Tola Contractor License;

28. "Building Valuation Summary Report" from Patrons dated 11/19/02;

29. City of Hartford Fire Department Incident Supplemental Report dated 11/15/02;

30. Correspondence dated 10/28/02 signed by Felix Ortix of City of Hartford;

31. White Insulation, Inc. proposals dated 11/29/02;

32. Manafort Brothers correspondence dated 11/14/02;

33. Statement of David Pacheco dated 7/10/03;

34. Asbestos Inspection Report dated 11/19/02;

35. White Insulation invoice dated12/6/02;

36. Jones Destruction, Inc., estimate dated 11/15/02;

37. Risk Control Systems, LLC report dated 12/5/02;

38. Correspondence to Joseph Attias from Attorney Margaret Ralphs dated 12/9/02;

39.     Terry Lieghten Appraisal dated 8/15/02;

40.     Correspondence from Attorney Ralphs to John Ryan of Adjusters International dated 1/23/03;

41.     Handwritten note from Attorney Ralphs' file dated 11/14/02 – 2 pages;

42.     Public Adjuster Employment Contract dated 1/16/03 between the plaintiffs and Adjusters International;

43.     Correspondence from Attorney Ralphs to Scott Terra dated 1/9/03;

44.     Fax from Juan Ramos to Joseph Attias with attachments dated 11/29/02;

45.     Correspondence from Attorney Ralphs to Scott Terra dated January 16, 2003;

46.     Correspondence dated February 11, 2003 from Manfort Brothers to Scott Terra;

47.     Five (5) Sworn Proofs of Loss from Joseph Attias dated 2/24/03;

48.     Correspondence form Attorney Ralphs to Ramon Navarra dated April 22, 2003;

49.     Correspondence form Attorney Ralphs to Attorney Heffernan dated 4/18/03;

50.     Correspondence from Scott Terra to Susan Speer undated;

51.     Adjusters International correspondence and report dated February 25, 2003;

52.     Correspondence from Attorney Ralphs to John Ryan dated February 27, 2003;

53.     North American Reinsurance Corporation form dated 12/2/02;

54.     Correspondence dated July 22, 2003 from Susan Speers to Scott Terra;

55.     Handwritten note dated 11/14/02 from Attorney Ralphs' file referencing telephone call with Scott Terra;

56.     Handwritten note date 2/3/03 from Attorney Ralphs' file referencing telephone call with Scott Terra;

57.     Handwritten note dated 4/10/03 from Attorney Ralphs' file referencing telephone call with Scott Terra;

58.     Handwritten note from Attorney Ralphs' file dated 11/14/02 – 6 pages;

59.     Handwritten note dated 11/21/02 from Attorney Ralph's file referencing meeting with Scott Terra;

60.     Handwritten note from Attorney Ralphs' file dated 4/9/03 referencing telephone call with Scott Terra – 2 pages;

61.     Handwritten note from Attorney Ralphs' file dated 2/3/03 referencing telephone call with Scott Terra re: Manafort;

62.     Typed note from Attorney Ralphs' file dated 12/24/02 addressed to "Peg";

63.     Typed note from Attorney Ralphs' file dated December 20, 2002;

64.     Handwritten note from Attorney Ralphs' file captioned "TO DO", undated;

65.     Handwritten note from Attorney Ralphs' file date 11/21/02 referencing telephone conversation with Scott Terra;

66.     Law Offices of Stuart G. Blackburn invoice dated 11/27/02;

67.     Law Offices of Stuart G. Blackburn invoice dated 1/16/03;

68.     Handwritten note dated 2/3/03 from Attorney Ralphs' file referencing telephone call with Scott Terra;

69.     Handwritten note from Attorney Ralphs' filed dated 5/14/03 referencing Susan Speer at Ameriquest Mortgage;

70.     Resume of Attorney Margaret Ralphs;

71.     Statement from Angel Viera dated 12/18/02;

72.     Statement from Sebastion Lentini dated 12/18/02;

73.     Acacia Investigations Fire Investigation Report undated;

74.     Statement of Joseph Attias dated 11/13/02;

75.     Four photographs of interior of 475 New Britain Avenue, Hartford, Connecticut prior to fire;

76.     Photograph of exterior of 475 New Britain Avenue, Hartford, CT prior to fire;

77.     Handwritten note from Attorney Ralphs' file dated 12/19/02 referencing telephone call with Detective Lopez';

78.     Handwritten note from Attorney Ralphs' file undated, referencing Angel Viera;

79.     Handwritten note from Attorney Ralphs' file undated, referencing

denying claim;

80. Handwritten note from Attorney Ralphs' file dated 1/2/03 captioned "Issues";

81. Handwritten note from Attorney Ralphs' file dated 1/6/03 referencing meeting with plaintiffs – 3 pages;

82. Handwritten note from Attorney Ralphs' file dated 1/16/03 referencing telephone call with Joseph Attias;

83. Handwritten note from Attorney Ralphs' file dated 1/16/03 referencing conversation with Scott Terra;

84. Handwritten note from Attorney Ralphs' file dated 1/20/03 referencing conversation with Scott Terra;

85. Handwritten note from Attorney Ralphs' file dated 3/20/03 referencing conversation with Scott Terra;

86. Handwritten note from Attorney Ralphs' file undated, captioned "Appraisal," 3 pages;

87. City of Hartford Police Department report #02-56475;

88. Acacia Investigations report, undated, contained in Attorney Ralphs' file;

89. Three (3) page typed legal memo from Attorney Ralph's file, undated;

90. Correspondence dated May 14, 2003 from Attorney Ralphs to Scott Terra;

91.    Sherry Appraisal Services report dated 4/9/03;

92.    Patrons Mutual "Claim Summary" from Attorney Ralphs' file, undated;

93.    Handwritten note from Attorney Ralphs' file dated 1/10/03 referencing conversation with Don Mikkelson of Manafort Brothers;

94.    Ideal Capital QuickBooks report dated 12/10/02;

95.    Ameriquest Mortgage closing packet;

96.    Western Union receipt dated 10/18/02;

97.    Handwritten note from Attorney Ralphs' file dated 4/9/03 referencing conversation with Attorney Heffernan;

98.    Correspondence to Joseph Attias from Attorney Ralphs dated 12/9/02;

99.    Telephone message from Attorney Ralphs' file from Joseph Attias, dated 1/17/3;

100.    Century 21 Broker Opinion Report undated;

101.    Greenpoint Bank foreclosure file on 475 New Britain Avenue, Hartford, Connecticut;

102.    Brokerage Agreement dated 4/14/02;

103.    Real Estate Purchase Agreement dated 7/15/02 for 475 New

Britain Avenue, Hartford, Connecticut;

104.    Resume of Robert R. Natrass, undated;

105.    Photographs of 475 New Britain Avenue, Hartford, Connecticut taken by Robert Natrass after fire – 72 pictures;

106.    Correspondence dated 2/10/04 from Attorney Rottner to Robert Natrass with statement of David Pacheco dated 7/10/03;

107.    Handwritten note from Attorney Ralphs' file dated 4/3/03 referencing conversation with Scott Terra;

108.    Typed noted to "Peg" contained in Attorney Ralphs' file dated 12/14/02;

109.    Louis Ranciato's Report undated;

110.    Louis Ranciato's Resume;

111.    Itemized bill for legal services and costs from Farver & Heffernan;

112.    Estimate from Winston's Home Improvements dated 7/17/03;

113.    Correspondence from Ameriquest Mortgage to Haim Attias dated 12/2/02;

114.    Superior Industries LLC Proposal dated 12/15/02;

115.    Superior Industries LLC correspondence dated 1/8/02 to Joseph Attias;

116.    Citibank Statements for Haim Attias from July 2002 through January 2003;

117.    Checks from Haim Attias' Citibank account #4206991, Check numbers: 101, 110, 113, 114, 116, 117, 118, 119, 120, 121, 122, 124, 125, 128, 309, 316, 317, 319, 320, 321, 329, 330, 331, 332,

333, 342, 344, 345, 347, 349, 351, 352, 353, 354, 355, 356, 360, 364, 368, 369;

118.  Statements/printout from Joseph Attias' Fleet Bank account # 9424804177 from July 2002 until November 19, 2003;

119.  Checks from Joseph Attias' Fleet Bank account # 9424804177, checks numbers 892, 1111, 1112, 1114, 1165;

120.  Contract between plaintiffs and Providian Builders;

121.  Home Depot receipts dated 11/6/02, 11/9/02;

122.  Lowes' receipts dated 9/20/02, 9/22/02, 9/23/02, 9/27/02, 11/8/02, 11/11/02, 11/12/02;

123.  Crosskey Architects LLC proposals dated 12/17/02 and 12/18/02;

124.  Crosskey Architects LLC invoices dated 1/4/03, 6/1/03, 9/30/03, 10/1/03;

125.  Superior Industries LLC, Receipt date 1/6/03;

126.  Discovery Card Account Number 6011002280269424 statements for July 2002 through January 2003;

127.  MBNA Account Number 5490351865017662 Statements from 12/02 through 2/02;

**B.  May offer at trial if the need arises:**

1.  Handwritten Notes of Robert Natrass, undated - 26 pages;

2.  Assignment sheet from Robert Natrass dated 11/13/02;

3.  Correspondence from John Lo Monte dated 3/31/04 to Heather Adams-Beman;

       4.       Correspondence from Attorney Heather Adams-Beman to John Lo

Monte dated 3/9/03;

**The Defendant may offer the following exhibits during the course of the trial:**

~~A~~(1)    Joseph Attias' signed statement, dated November 13, 2002

(2)    Quick Books summary of expenses

(3)    Fleet bank records

(4)    Copy of Exhibit 3 with expenses for building highlighted

(5)    Letter from Ryan to Blackburn, dated February 25, 2003

(6)    Quick Books summary of expenses

(7)    Duro Tola estimate

(8)    Quick Books detail Duro Tola

(9)    Citibank Check #317; 7/21/02

(10)    Citibank Check #320; 8/5/02

(11)    Citibank Check #321; 8/8/02

(12)    10 Citibank Checks; July-August 2002 Statement

(13)    Citibank Statement August-September 2002

(14)    Fleet Check #1094, dated 9/9/02

(15)    Citibank Statement September-October 2002

(16)    Citibank Statement with canceled checks October-November 2002

(17)    Quick Books Detail Sebastian Lentini

(18)    Citibank check #354; 11/1/02

(19)    Citibank check #353l

(20)    Western Union receipt; 10/2/02

(21)    Western Union receipt

(22)   Statement of Sebastian Lentini; 11/5/02

(23)   Citibank check #352

(24)   Citibank check #101

(25)   Contractor agreement Angel Viera/Juan Ramos, dated 11/5/02

(26)   Fax from Juan Ramos to JA; 11/29/02

(27)   Receipt Juan Ramos; 12/5/02

(28)   Citibank check #369; 11/21/02

(29)   Citibank Check #360; 11/13/02

(30)   Written statement of Angel Viera; 12/18/02

(31)   Receipt for payment by Angel Viera to Lowes; $34.26; 11/11/02

(32)   Receipt for payment by Angel Viera to Lowes; $592.00; 11/11/02

(33)   Receipt for payment by Angel Viera to Lowes; 11/12/02

(34)   Lowes receipt; 11/11/02

(35)   Lowes receipt; 11/12/02

(36)   Lowes receipt, illegible

(37)   Home Depot Quick Books detail; $8,299.25

(38)   Home Depot Receipt; 11/6/02

(39)   MBNA Statement; 11/5/02

(40)   Lowes Quick Books detail

(41)   Lowes Receipts; 9/22/02, 9/23/02 and 9/27/02

(42)   Lowes Receipt; 9/20/02

(43)   Lowes Receipts; 11/11/02 and 11/8/02

(44)   Lowes Receipts; 11/11/02 and 11/11/02

(45)   Lowes Receipts 11/12/02 and 11/12/02

(46)    Discover Card statement; 10/6/02

(47)    Discover Card statement; 11/6/02

(48)    Discover Card statement; 12/6/02

(49)    Ace Hardware Quick Book detail

(50)    Check number 3291; 5/21/02

(51)    Check number 1112; 9/30/02; $400.00

(52)    Haim Bank statement; 12/12/02

(53)    Citibank canceled checks

(54)    Certificate of Occupancy

(55)    Interior Photos, second and third floor

(56)    Check number 308

(57)    Interior photo

(58)    Interior photo

(59)    Letter, Ryan to Patrons Group; 1/17/03

(60)    Letter, Ryan to Blackburn; 2/25/03

(61)    Check to Ameriquest; $114,000.00A

12.    **Anticipated Evidentiary Problems**

The ~~plaintiffs anticipate~~plaintiff anticipates the following evidentiary issues:

1.    The plaintiffs contend that if they prevail on the allegations of their case-in-chief, they are entitled to recover the replacement cost of the property based on the language of the contract for insurance.

2.    The plaintiffs contend that they are entitled to recover for loss of rental income under the terms of the contract as the propertywas ready to be place

on the rental market at the time of the fire and only the occurrence of the fire and the failure of the defendant to honor its contract for insurance with the plaintiffs preventing them form repairing the building and offering it for rental.

3.      The plaintiffs would object to any bifurcation of the counterclaim and would request that it be submitted to the jury with the plaintiffs' case.

4.      The plaintiffs anticipate that the defendant intend to question the plaintiffs about the filing of income tax returns, the plaintiffs object to such inquire or mention of such during opening statements as irrelevant, more prejudicial than probative.

5.      The defendant are seeking compensation for costs of litigation and investigation, including attorneys fees as damages in their counter claim. The defendant should not be entitled to such as the contract for insurance does not provide such and the defendant's have failed to provide the plaintiffs with an disclosure of such damages.

**The defendant anticipates the following evidentiary problems:**

1.      1.      If the plaintiffs prevail on the allegations of their case-in-chief, they are not entitled to recover the replacement cost of the property based on the fact that the property has not been rebuilt or repaired.  The plaintiffs are only entitled to recover that amount once the expense of the replacement is incurred; however, the defendant cannot be held responsible for that amount indefinitely.

2.      The plaintiffs are not entitled to recover for loss of rental income under the insurance policy as the property was never offered for rental nor were any leases executed for rental of any of the property's units prior to the date of loss.

3.      Motion to bifurcate the counterclaim and to submit the issues in the counterclaim to the court for resolution based on the jury's verdict.

**13.**     <u>**Stipulations of Fact and Law**</u>:

1.     The parties entered into a valid contract of insurance on July 25, 2002.

2.     The contract of insurance between the plaintiffs and defendant carried policy number #DCT0023909 and was a fire loss policy with a replacement cost provision.

3.     The premium paid by the plaintiffs to the defendant for the subject fire loss policy was $1,051.00.

4.     The subject policy was in effect and valid from July 25, 2002 until July 24, 2003.

5.     A fire occurred on the insured premises located at 475 New Britain Avenue, Hartford, Connecticut on November 12, 2002.


6.     The cause of the fire on November 12, 2002 was a furnace that had been improperly installed prior to the plaintiffs' purchase of the subject property.

7.     The fire at 475 New Britain Avenue in Hartford, Connecticut on November 12, 2005 caused a total loss of the structure on that property.

8.     The fire at 475 New Britain Avenue in Hartford, Connecticut on November 12, 2005 was not a result of arson.

9.     The plaintiffs' purchased the property located at 475 New Britain Avenue for $65,000.00 from Greenpoint Bank.

10     The plaintiffs' obtained a mortgage on the property located at 475 New Britain Avenue from Americquest Mortgage on October 9, 2002 for $ 144,800.00.

11.     On October 8, 2002 Ameriquest Mortgage was added as a named insured on the policy with the defendant.

12.    On July 24, 2003, the defendant paid Ameriquest mortgage $114,000.00 on their claim under the terms of the subject policy.

13.    On November 27, 2002, the defendant issued a check to Joseph and Haim Attias and Ameriquest MTG Corp in the amount of $20,000.00.

**14.    Trial to Court/Jury**

    **A.    Uncontroversial Facts.**

    **B.    Proposed Voir Dire Questions**

A copy of the Plaintiffs' Proposed Voir Dire Questions is attached hereto.

A copy of the Defendant's Proposed Voir Dire Questions is attached hereto.

    **C.    Proposed Jury Instructions**

A copy of the Plaintiffs' Proposed Jury Instructions is attached hereto.

A copy of the Defendant's Proposed Jury Instructions is attached hereto.

**D.    Proposed Case Statement:**

Prior to July 29, 2002, the plaintiffs, Joseph and Haim Attias, purchased an insurance policy from the Patrons Mutual Insurance Company of Connecticut insuring 473-475 New Britain Avenue, Hartford. The plaintiffs suffered a fire loss at the property on November 13, 2002, and the plaintiffs filed a claim with Patrons for their losses. Said policy was in effect at the time of the loss. Patrons denied the plaintiffs' claim and the plaintiffs brought the present action.

**15.    Availability of Witnesses:**

**Plaintiffs:**    The plaintiffs do not anticipate any witness availability issues at the present time, however they reserve the right to alert the Court and Counsel of any such issues should they arise.

**Defendants:**    Other than the fact witnesses referred to above, the defendant does

not anticipate any witness availability issues at the present time.  However, they reserve the right to alert the court and counsel of any such issues should they arise.

The undersigned counsel for the parties hereby, respectfully submit the Joint Trial

Memorandum on this _____ day of April 2006.


**For the Plaintiffs:**     _____

Cheryl E. Heffernan, Esquire
Farver & Heffernan
2858 Old Dixwell Avenue
Hamden, CT 0658
Federal Bar Number: CT 06473
Telephone:                    203-230-2500
Facsimile:                    203-288-4702


**For the Defendant:**     _____

Joel J. Rottner, Esquire
Heather Adams-Beman, Esquire
Skelley Rottner P.C.
Corporate Center West, Suite 305
433 South Main Street
West Hartford, Connecticut 06110
Federal Bar No. ct05612
Federal Bar No. ct24091
Telephone:     860-561-7077
Facsimile:     860-561-7088