**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOSEPH ATTIAS & HAIM ATTIAS :     CIVIL NO. 3:03 CV 01009 (SRU)

                                 :

       Plaintiffs :

                                 :

PATRONS MUTUAL INSURANCE :

COMPANY OF CONNECTICUT :

       Defendant :     April 7, 2006

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

     The plaintiffs hereby submit the following as their proposed jury instructions for the above-captioned case.

     The plaintiffs request the Court to charge the jury on the following general areas:

1. Functions of Court and Jury;

2. No inference from Judge's Questions;

3. All litigants equal before the law;

4. Evidence;

5. Deposition testimony;

6. What is not evidence;

7. Consideration of all evidence regardless of who produced;

8. Limited purpose of evidence;

9. Weighing the evidence;

10. Definition of "Direct" and "Circumstantial" Evidence;

11. Testimony of Witness: Deciding What to Believe;

12. Prior Inconsistent Statements or Acts;

13. Number of Witnesses;

14. Expert Witnesses;

15. Demonstrative Evidence;

16. Burden of Proof;

17. Burden for affirmative Defense/Burden-Shifting Theory:

18. Proximate cause;

19. Selection of Presiding Juror;

20. Communication with Court;

21. Disagreement among Jurors

22. Stipulated Testimony;

23. Stipulations of Facts;

24. Judicial Notice;

25. Deposition as Substantive Evidence;

26. Use of Interrogatories;

27. Judge's comments to Lawyer;

The plaintiffs hereby submit the following specific instructions:

**I.    CONDUCT OF DEFENDANT:**

Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether the defendant has acted wrongfully. When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of wrongdoing. Ordinarily, it is reasonable to infer that an innocent person does not fully find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether evidence as to the defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury. A statement or action "knowingly" done, if made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**AUTHORITY:**

*Fernandez v. Fitzgerald*, 711 F.2d 485 (2d Cir. 1983); *United States v. McDougal*, 650 F.2d 532 (4th Cir. 1982; *Government of Virgin Islands v. Testamark*, 570 F.2d 1162 (8d Cir. 1978); *United States v. Barresi*, 601 F.2d 193 (5th Cir. 1979); *United States v. Wood*, 550 F.2d 435 (9th Cir. 1976); *Opper. v. United States*, 348 U.S. 84, 92 (1954); *Wilson v. United States*, 162 U.S. 613, 20-21 (1896); *United States v. DeAlesandro*, 361 F.2d 694. 697-98 (2d Cir. 1966) cert. denied, 385 U.S. 842 (l967).]

**II.    IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING:**

Every contract contains an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other party to receive benefits of the contract. The concept is essentially a rule of construction designed to fulfill the

reasonable expectations of the contracting parties as they presumably intended. It is not a separate contractual claim and the covenant cannot be applied to achieve a result contrary to the clearly expressed terms of the contract between the parties.

Here, the defendant Patrons Mutual Insurance Company had an obligation to exercise good faith when investigating and determining the validity of the plaintiffs' claim for the fire loss to their property

You must decide whether the defendant fulfilled that obligation to exercise good faith. Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. Good faith and fair dealing mean an attitude or state of mind denoting honesty of purpose and freedom from intention to defraud. It means being faithful to one's duty and obligation under the contract. Good faith is defined as the opposite of bad faith. If the defendant engaged in bad faith you must find that it did not fulfill the covenant. Bad faith generally implies a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties. Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose. Bad faith contemplates a state of mind affirmatively operating with furtive design or ill will.

**AUTHORITY**

*Habetz v. Condon*, 224 Conn. 231, 238 (1992); *Eis v. Meyer*, 213 Conn. 29,, 36 (1989); *Warner v. Konover*, 210 Conn. 150, 154 (1989); *Buckman v. People Express, Inc.*, 205 Conn. 166, 171-72 (1987) (specifically holding that the trial court's instruction was not in error); *Foley v. Huntington Co.*, 42 Conn. App. 712, 727 n.6 (1996) (quoting instruction on the implied covenant of good faith and fair dealing); *Feinberg v. Berglewicz*, 32 Conn. App. 857, 861 (1993); Conn. Gen. Stat. §§ 42a-1-203 (obligation of good faith), 42a- 2-103(1)(b) (definition of good faith).

### III.    INTRODUCTION TO DAMAGES:

If you find that the defendant is liable to the plaintiff for breach of contract, breach of good faith and fair dealing, and/or bad faith, then you must determine the amount of money to award to the plaintiff as contract damages. The following instructions tell you how to do that.  If you find that the defendant is not liable for any of the [identify contractual cause(s) of action], then you do not need to consider the subject of damages. The fact that I am telling you about the law of contract damages does not mean that I believe that you will, or should, find against the defendant.

### IV.    COMPONENTS OF DAMAGES:

Damages for breach of contract are measured as of the time of the breach. These damages may consist of [include whatever is applicable:

- direct damages (expectation, reliance)

- liquidated damages

- consequential damages

- incidental damages

all of which I will explain in a moment.

- In addition, you may award interest.

- In addition, you may award attorneys' fees.

- You may reduce or eliminate your award of damages if and to the extent that the defendant establishes that the plaintiff failed to mitigate his/her/its damages.

**AUTHORITY:**        Connecticut Standard Jury Instructions, State of Connecticut Judicial Website.

## V.    PLAINTIFF'S BURDEN OF PROOF AS TO AMOUNTS:

The plaintiff must prove by a preponderance of the evidence the amount of any damages to be awarded. The evidence must give you a sufficient basis to estimate the amount of damages to a reasonable certainty. Although damages may be based on reasonable and probable estimates, you may not award damages on the basis of guess, speculation or conjecture.

**AUTHORITY**

*Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin*, 247 Conn. 48, 69 (1998); *West Haven Sound Development Corp. v. West Haven*, 207 Conn. 308, 317 (1988); *Bronson & Townsend Co. v. Battistoni*, 167 Conn. 321, 326-27 (1974); *Bertozzi v. McCarthy*, 164 Conn. 463, 468 (1973).

## VI.    EXPECTATION/BENEFIT OF THE BARGAIN/MAKE WHOLE:

Any damages you award on the plaintiffs' claims should be designed to place the plaintiffs, so far as can be done by money, in the same position as that which they would have been in had the contract been fully performed. You should determine the fair and reasonable value, in money, of the position the plaintiffs would have been in if the defendant had fully performed the contract. Then you should determine the fair and reasonable value, in money, of the position the plaintiffs were in at the time of the defendant's breach of the contract. The difference between the amount for performance and the amount for breach should be your award.

## AUTHORITY

_Beckman v. Jalich Homes, Inc._, 190 Conn. 299, 309-10 (1983); Lar Rob Bus Corp. v. _Fairfield_, 170 Conn. 397, 404-05 (1976); _Bachman v. Fortuna_, 145 Conn. 191, 194 (1958).

## VII.    CONSEQUENTIAL DAMAGES:

In addition to damages for amounts owed under the contract of insurance, any damages you award  may include amounts to compensate the plaintiffs for consequential damages. Consequential damages are damages that are reasonably foreseeable to the defendant as the natural and probable results of his/her/its breach. The plaintiffs claim architect fee, attorney fees, litigation costs and the Public Adjuster Fee are consequential damages. If you find that these damages were reasonably foreseeable to the defendant as the natural and probable results of its breach, then your award should include the fair and reasonable value of these as consequential damages.

**AUTHORITY**

*Gaynor Electric Co. v. Hollander,* 29 Conn. App. 865, 869 (1993); *Hadley v. Baxendale,* 156 Eng. Rep. 145, 9 Exch. 341 (1854). *See* Conn. Gen. Stat. § 42a-2-715(2).

## VIII.    INCIDENTAL DAMAGES:

In addition to damages for direct damages, any damages you award on the plaintiffs' claims also may include amounts to compensate the plaintiffs for incidental damages. Incidental damages are reasonable expenses incident to the breach. The plaintiffs claim that Attorney Fees, litigation costs and the public adjuster fee were incidental damages. If you find that the plaintiff reasonably incurred those costs either in responding to the breach or in securing the benefit that the defendant's performance was to have provided, then you should award the fair and reasonable value of those costs as incidental damages.

## AUTHORITY

*Gaynor Electric Co. v. Hollander,* 29 Conn. App. 865, 869 (1993). *See* General Statute's § 42a-2-715(1).

### IX.    UNJUST ENRICHMENT (RESTITUTION):

In the complaint, the plaintiffs claim the defendant was unjustly enriched. Any damages you award on the plaintiffs' unjust enrichment claim are determined by the value of the benefit the plaintiffs provided to the defendant. In other words, the amount of unjust enrichment is the value to the defendant of the insurance premium paid to the defendant. The evidence was the plaintiffs paid the defendant $1,051.00 for the policy of insurance. The plaintiffs' must prove the fair and reasonable value of the insurance premium to the defendant. That value should be measured in terms of the benefit the defendant received by not providing proper compensation to the plaintiffs for the insurance coverage sought.

### AUTHORITY

*Meaney v. Connecticut Hospital Assn., Inc.,* 250 Conn. 500, 511-15 (1999); *Monarch Accounting Supplies, Inc. v. Prezioso*, 170 Conn. 659, 667 (1976); *Anderson v. Zweigbaum*, 150 Conn. 478, 482-84 (1963). *See also John T. Brady & Co. v. Stamford*, 220 Conn. 432, 447 (1991); *Bernstein v. Nemeyer*, 213 Conn. 665, 675-76 (1990).

**X.    INTEREST (PURSUANT TO GENERAL STATUTES § 37-3A):**

In addition to damages fro breach of contract, you may award interest. This is intended to compensate the plaintiffs for the loss of use of money that was not paid when it was due. To award interest, you must find that the plaintiffs are entitled to an award of damages in the first place, and you must find under all of the circumstances that the defendant wrongfully detained money due to the plaintiffs. There is no hard and fast rule for what constitutes wrongful detention. The question is whether justice requires that the plaintiffs be paid interest for the loss of use of money.

If you decide to award interest, then you must compute the amount. Your verdict form will help you to do this. You must first determine the time period that the money was wrongfully detained. In this case, it is claimed that the wrongful detention began on January 16, 2003 when the defendant formally denied the plaintiffs' fire loss claim as when the defendant breached the contract and the end date would be the date of your verdict. You need to determine that total number of days. Under our statutes, you must divide that number of days by 360 days. You should then multiply that by 10 percent, which is our annual interest rate. You should then multiply that percentage by the total amount of damages to come up with the amount of interest.

**AUTHORITY**

*Blakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc.,* 239 Conn. 708, 734-38 (1997) (holding that wrongful detention is determined "in view of the demands of justice rather than through application of an arbitrary rule"); *West Haven Sound Development Corp. v. West Haven*, 207 Conn. 308, 321 (1988); *Scribner v. O'Brien, Inc.,* 169 Conn. 389, 405-06 (1975); *Southern New England Contracting Co. v. State,* 165 Conn. 644, 664-65 (1974); *Bertozzi v. McCarthy,* 164 Conn. 463, 467 (1973); *Rapin v. Nettleton*, 50 Conn. App. 640, 651 (1998); *Sperry v. Moler,* 3 Conn. App. 692, 695-96 (1985) *See* Conn. Gen. Stat. §§ 37-3a and 37-1.

## XI.    ELEMENTS OF AN EXPRESS CONTRACT:

The plaintiffs claim that they entered into a contract with the defendant. A contract is an agreement enforceable at law. Contracts may be express or implied. If the agreement is shown by the direct words of the parties, spoken or written, the contract is an express one. If such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one.

**AUTHORITY**

*Boland v. Catalano*, 202 Conn. 333, 338-39 (1987); *Skelly v. Bristol Savings Bank*, 63 Conn. 83, 87 (1893); *Atlas v. Miller*, 20 Conn. App. 680, 683 (1990); *Hale v. Benvenuti, Inc.*, 38 Conn. Sup. 634, 638-39 (1983); 1 Restatement (Second), Contracts §§ 1,4.

## XII.   NECESSITY FOR DEFINITE TERMS:

To be enforceable, an agreement must be definite and certain as to its essential terms and requirements.

## AUTHORITY

*Presidential Capital Corp. v. Reale*, 231 Conn. 500, 506-07 (1994); *Dunham v. Dunham*, 204 Conn. 303, 313 (1987); 1 A. Corbin, Contracts (Rev. Ed. 1996) § 4.1, p. 525.

### XIII.   DAMAGES – BAD FAITH CLAIM:

The plaintiffs also seek to recover for attorney fees incurred in obtaining the benefits of the insurance policy.  If you find (1) that the plaintiffs are entitled to recover on their claim for breach of the implied duty of good faith and fair dealing, and (2) that because of such breach, it was necessary for the plaintiffs to employ the services of an attorney to collect the benefits due under the policy then, the plaintiffs are entitled to an award for attorney fees, reasonably incurred, to obtain the policy benefits.  Award of attorneys' fees may only include that amount expended to obtain the policy benefits and may not include attorneys' fees incurred by the plaintiffs to recover any other damages.

**AUTHORITY**

*Brandt v. Superior Court*, 37 Cal. 3d 813, 819, 693 P.2d 796 (1985).

**XIII.   COURTS DO NOT MAKE CONTRACTS:**

It is not your function to remake the contract or to change the terms of the contract. You must determine the intent of the parties from the contract the parties themselves made and apply the terms of that contract that the parties in fact made.

**AUTHORITY**

*Bank of Boston Connecticut v. Schlesinger*, 220 Conn. 152, 159 (1991); *Barnard v. Barnard,* 214 Conn. 99, 110 (1990); *Jay Realty, Inc. v. Ahearn Development Corp.,* 189 Conn. 52, 55 (1983).

## XIV.   CONTRACT CONSTRUED AGAINST THE ONE WHO DREW IT:

If you are unable to determine the intent of the parties from the language and the surrounding circumstances, you may construe that language against the defendant Patrons Mutual Insurance Company, the party who wrote the contract.

However, you should not construe the contract against the defendant, the party who drafted the contract, if it leads you to a result that was not intended by the parties or if it leads you to a result that is not a reasonable meaning of the contract.

## AUTHORITY

*Sturman v. Socha*, 191 Conn. 1, 9 (1983); *Southern New England Contracting Co. v. State*, 165 Conn. 644, 656 (1974); *Ravitch v. Stollman Poultry Farms, Inc.*, 165 Conn. 135, 145-46 (1973).

**XV.    INTERPRET CONTRACT AS A WHOLE:**

When determining the intent of the parties, you should consider all relevant provisions of the contract. Assume that all language of the contract is necessary, unless this would be unfair or unreasonable.

**AUTHORITY**

*White v. Kampner,* 229 Conn. 465, 473 (1994); *Barnard v. Barnard*, 214 Conn. 99, 109 (1990); *Lar-Rob Bus Corp. v. Fairfield*, 170 Conn. 397, 407 (1976).

## XVI.   EFFECT OF INCORPORATED DOCUMENTS:

If you find that the parties entered into a contract that refers to other existing document[s] in such a manner as to establish that they intended to make the terms and conditions of that other document[s] part of their contract, you should interpret that incorporated document[s] as part of the contract between the parties according to the rules I have given you for interpreting contracts. The documents incorporated need not be attached to the contract nor signed nor initialed to be part of the contract unless the contract so requires.

In the absence of an express provision, incorporated documents may neither expand nor restrict the obligations of the parties under the basic contract.

## AUTHORITY

*Randolph Construction Co. v. Kings East Corp.*, 165 Conn. 269, 275 (1973); *Batter Building Materials Co. v. Kirschner,* 142 Conn. 1, 7 (1954).

**XVII.  CONFLICTING PROVISIONS - SPECIFIC TERMS GOVERN OVER GENERAL TERMS:**

If you find that specific terms and general terms both apply to the same subject in the contract, you should favor the specific terms over the general terms.

**AUTHORITY**

*Miller Bros. Construction Co. v. Maryland Casualty Co.*, 113 Conn. 504, 514 (1931); 2 Williston, *Contracts* § 619.

## XVIII.    BAD FAITH:

An insurance company has the duty and obligation under the law to deal fairly and in good faith with its insured. Good faith and fair dealing mean an attitude or state of mind denoting honesty of purpose, freedom from intention to defraud and generally speaking, means faithful to one's duty or obligation, an honest intention not to take an unconscionable advantage of another. Bad faith is defined as the opposite of good faith, generally implying a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties. Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity. It contemplates a state of mind affirmatively operating with furtive design or ill will.

An insurance company that refuses, without proper cause, to compensate its insured for a loss covered by the policy breached its duty of good faith and fair dealing. To provide defendant's breach of its duty of good faith and fair dealing, the plaintiffs are not required to prove an evil motive or an intent to harm the plaintiffs. The Plaintiffs are required to prove only that the defendant failed, without cause to pay the plaintiffs for a claim that was covered by the insurance policy.

In determining whether defendant failed, without proper cause, to compensate the plaintiffs for a valid claim, the reasonableness or unreasonableness of the defendant's action must be measured as of the time it was confronted with the factual situation to which it was called on to respond.

An insurance company may be labile for damages in a bad faith action for an unreasonable delay in payment as well as for an outright denial of benefits. The insurance company is not relieved of liability for bad faith because payment of the claim was eventually

made.

The duty of good faith and fair dealing imposes a duty on the insurance company not to impair the right of the insured to receive policy benefits and to give at least as much consideration to the insured's interests as it does to its own. To protect the insured's interests, it is essential that an insurer fully inquire into possible bases that might support the insured's claim. An insurer cannot reasonably, and in good faith, deny payments to its insured without thoroughly investigating the foundation for its denial.

An insurance company's duty of good faith is unconditional and independent of the performance of the insured's contractual obligations.

**AUTHORITY**

*Gruenberg v. Aetna Insurance Co.* , 9 Cal. 3rd 566, 510 P.2d 1032 (1973) , *Buckman v. People Express*, 205 Conn. 166 (1987), *Aetna Life Ins. Co v. Lavoice*, 470 So.2d 1060 (Ala. 1984), *Berry v. United Of Omaha*, 719 F2d 1127 (11th Cir. 1983), *Ruwe v. Farmers Mutual United Ins. Co.*, 238 Neb. 67, 469 N.W.2d 129 (1991),

□□□

## XIX.   FALSE TESTIMONY:

If you believe that a witness testified falsely as to a part of his or her testimony, you may chose to disbelieve other parts of his or her testimony, or the whole of it, but you are not required to do so. You should bear in mind that inconsistencies and contradictions within a witness' testimony or between that testimony and other evidence do not necessarily mean that the witness is lying. Failures of memory may be the reason for some inconsistencies and contradictions; also, it is not uncommon for two honest people to witness the same event, yet perceive or recall things differently. Yet, if you find that a witness has testified falsely as to an issue, you should, of course, take that into account in assessing the credibility of the remainder of his or her testimony.

**AUTHORITY**

Connecticut Judicial Website, Standard Civil Jury Instructions.

## XX.     MATERIAL MISREPRESENTATION:

In this case the defendant has pled an affirmative defense under the terms of the contract that the plaintiffs willfully made misrepresentation of material facts during the investigation of this loss.  The specific contract provision states:

**9. Misrepresentation, Concealment, or Fraud -**

We do not provide coverage if, before or after a loss:

a. You or any other insured have willfully concealed or misrepresented:

1)      a material fact or circumstance with respect to this  insurance or

2)      Their interests herein; or

3)      there has been fraud or false swearing by you or any other insured with respect to this insurance or the subject thereof;

The defendant has alleged that the plaintiffs have made material misrepresentation in regards to the amount of money they spent on the renovation of the property and that they submitted documents in support of their loss that the insured knew were false.  In determining whether the plaintiffs have violated this provision you must understand that Connecticut law requires that the plaintiffs' actions must be more than mistake or even a falsehood.  The plaintiffs must have made an intentional misrepresentation of a material fact.  This means that one or both of the plaintiffs knowingly and intentionally lied, and lied about an issue that would have been in your view material or significant to the defendant's in its investigation and determination of this loss.

The defendants have the obligation to prove these allegations by a preponderance of the evidence.  The plaintiffs do not have to prove that they did not make misrepresentations and no adverse inference should be drawn if the plaintiffs have not attempted to disprove the defendant's claims.

 Specifically, the defendant must prove that the statements were false and that the plaintiffs knew they were false at the time of the making and that they did so with the intent

24

to discourage, mislead or deflect the insurer's investigation.  In order to find that the plaintiffs made a misrepresentation, the defendant must prove that the plaintiffs gave information in the course of the investigation that they knew as false. The defendant must also prove by a preponderance of the evidence that the claimed false statements were material.    It is your determination to make a finding as to whether or not one or both of the plaintiffs made an intentional misrepresentation of the material fact.  You must first make a determination that a fact which is claimed by the defendant to be untrue is indeed untrue.  If you then make a determination that the fact is untrue, you must then find that the untruth was intentionally and knowingly made.  Additionally, you must find that the plaintiffs new the fact was false at the time of its making.  A failure to find that the untruth was intentional, would mean that the defendant has not satisfied its burden on this defense.  Similarly, even if you find that the act was untruthful and intention and that the plaintiffs knew it to be so at the time of the making, then you must find that the it was a misrepresentation as to a material fact intentionally made. It is not enough for you to simply find mistake, or even a falsehood, you must find that either or both of the plaintiffs made an intentional misrepresentation of a material fact.  A fact will be material when it is one that in your view was substantial and significant to the insurer's determination of this claim.  If you do not find that a fact which may have been untrue and made intentionally was untrue was material, then once again, the defendant has not satisfied its burden of proof on the special defense of misrepresentation.  Similarly, if you do not find that the plaintiffs were aware that a fact was false at the time it was made the defendant has met its burden.  Whether the plaintiffs learned of the falseness of a fact after the time they made, it is not sufficient for the defendant to prevail on this special defense.

**AUTHORITY**

*Middlesex Mutual Assurance Co. v. Walsh*, 218 Conn. 681 (1991); *Rego v. Connecticut Ins. Placement Facility*, 219 Conn. 339 (1991); *Allstate v. Priga*, 8109 F. Supp. 373 (Conn. 1992); *Ofstein v. Nationwide Mutual Insurance Co.*, 99 CBAR 0292, 24 Conn., L. Rptr. 494 (1999)

### XXI.   REPLACEMENT COST UNDER CONTRACT:

If you find that the defendant breached its duty under the insurance contract or operated in bad faith in its denial of the plaintiffs' claim, you must consider the issue of damages.  Under the contract of insurance, the plaintiffs are entitled to replacement cost coverage.  Meaning that they are entitled to the amount up to the limits of the policy, to replace the structure covered by the policy.  In this case, the policy of insurance provides for $200,000.00 limits on the policy including replacement cost for the structure with other amounts designated for rental reimbursement and other coverage.  You must determine what the plaintiffs are entitled to under the terms of the policy using the instructions I have given you regarding interpretation of insurance policies, namely that any language this ambiguous must be interpreted in the favor of the insureds, the plaintiffs, and against the insurer, the defendants, as the insurer drafted the contract.  The plaintiffs claim that they are entitled to the full limits of the policy and have offered the testimony of Louis Ranciato and other witnesses to support their claim as well as various documents.  Additionally, you should note that it is uncontested that the cost to replace the subject structure exceeds the policy limits of insurance.  It is your decision and only your decision as to what, under the policy, the plaintiffs are entitled to recover.

## XXII.  UNJUST ENRICHMENT – COUNTER CLAIM:

The defendant has asserted a counterclaim against the plaintiffs under the legal theory of unjust enrichment.  It is their claim that the plaintiffs have been unjustly enriched by the payment under the terms of the policy to the mortgagee, Ameriquest Mortgage and accordingly, should be required to reimburse the defendant for all such monies received by Ameriquest and paid by the defendant.  In order to prevail on this claim, the defendant must prove by a preponderance of the evidence that (1) that there was not an enforceable contract in existence at the time of the loss and (2) that the plaintiffs were unjustly enriched by the payments made by the defendant.  To meet the first part of their burden, the defendant must show that the contract of insurance was no concealed or rescinded by the defendant prior to the loss.  If you find that at no time did the defendant cancel or rescind the policy of insurance prior to the loss, then the defendant has not met its burden and you must find for the plaintiffs on that counterclaim.  If you find that the defendant did cancel or rescind the contract of insurance prior to the loss, then you must determine whether the plaintiffs were unjustly enriched by the payment to the mortgagee by the defendant.  If you find that the plaintiffs were not so unjustly enriched, then the defendant has not met its burden and you must find for the plaintiffs on this counterclaim.

**AUTHORITY**

*United States Fidelity & Guaranty co. v. Metropolitan Property & Liability Ins. Co.*, 10 Conn. App. 125, 127 (1987).  *Wausau Underwriters Insurance Company v. Vulcan Development, Inc.,* (Electronic Citation) 2003 FED App. 0083 P (6th Circuit 2003).

28

THE PLAINTIFFS,

BY: _____

Cheryl E. Heffernan
Farver & Heffernan
2858 Old Dixwell Avenue
Hamden, Connecticut 06518
Telephone: 203-230-2500
Facsimile: 203-288-4702
Fed Bar No.: CT 06473