UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH ATTIAS & HAIM ATTIAS     :     CIVIL ACTION NO.
                                :     3:03 CV 01009 (SRU)
VS.                             :
                                :
PATRONS MUTUAL INSURANCE :
COMPANY OF CONNECTICUT          :

## DEFENDANT'S REQUEST TO CHARGE

## I.     MATERIAL MISREPRESENTATION OR CONCEALMENT AS TO THE LOSS

1.     The defendant, Patrons Mutual Insurance Company of

Connecticut, has alleged as an affirmative defense that the

plaintiffs made material misrepresentations with respect to this

loss in one or more of the following respects:

> a)     The plaintiffs misrepresented the extent of the
> repairs and/or renovations made to the insured
> premises subsequent to its purchase in August
> 2002 and prior to the fire on November 13, 2002 in
> an effort to
> influence and increase the amount of the claim in
> that:
>
> > (1)   The plaintiffs represented that they had
> > made
> >        $65,000 to $75,000 in improvements to
> > the
> >        premises which representations were
> > false;
> > (2)   The plaintiffs represented that they had
> > paid $8,000
> >        to a contractor, Sebastian Lentini,
> > which representation
> >        was false in that they had paid only
> > $5,000; and
> >
> > > (3)     The plaintiffs presented a bill to the defendant from
> > > a contractor in an amount in excess of $100,000 for work allegedly
> > > performed by said contractor when the plaintiffs knew that the
> > > majority of the work referred to in said bill was not performed by

said contractor and in that the plaintiffs had paid less than $17,000
to said contractor.

     b)   The plaintiffs misrepresented the extent of the
completion of the             renovation to the insured
premises and the condition of the property on
     the date of loss in that:

            (1)   They made misrepresentations as referred
to in paragraph
             (a) above;
            (2)   They presented to the defendant a real
estate appraisal
            obtained for the purpose of financing
the premises with
            knowledge that said real estate
appraisal contained
            representations that the premises
contained
            improvements including but not limited
to
            "new kitchens, baths, flooring, interior
– exterior paint,
            windows, electrical and heating…" and in
that said
            appraisal represented that "no
significant repairs required"
            with knowledge that said representations
were false.

     c)   The plaintiffs misrepresented that on the date of
the fire the building was
     ready for occupancy.  Said misrepresentation was
made for the purpose
     of obtaining coverage for lost rental income and
in support thereof the
     plaintiffs provided a document purporting to be
from the City of
     Hartford Inspections Department representing the
building to be ready
     for occupancy when the plaintiffs knew that said
document was false
     and/or that the representations contained within
said document were
     false in that the building was not ready for

-

occupancy.

The Patrons Mutual Insurance Company policy of insurance issued to the plaintiffs, Ex. 1, provides as follows:

MISREPRESENTATION, CONCEALMENT AND FRAUD –

We do not provide coverage, if, before or after a loss:
(a)  You or another insured have willfully concealed
    or misrepresented:
        1.  A material fact or circumstance with respect
            to this insurance; or
        2.  Their interest herein; or
(b)  there has been fraud or false swearing by you or any
    other insured with respect to this insurance or
        the subject thereof.

The concealment or fraud provision in the insurance policy clearly provides that the penalty for making false statements is a voiding of the entire policy.  While the result may seem harsh, it does not apply to innocent misrepresentations.  The rationale for voiding the policy as a penalty is to insure that the parties deal fairly and honestly with each other.  An insured knows better than anyone what the loss is.  Misrepresentations made as to the loss, and withholding information during an insurer's investigation of the loss, strikes at the heart of the insurer's ability to obtain the

-

3 -

information necessary to define its obligations, and to protect
itself from false claims.  This rule of law thus defeats all
claims unless honestly made, and it is intended to protect the
insurance company from frauds, which would otherwise be
perpetrated upon it.  If the rule did not exist, then the insured
would have everything to win and nothing to lose by making false
statements.  It is a rule that can do an honest man no harm.

Ofstein v. Nationwide Mut. Ins. Co., 1999 WL 329642, at *3 (Conn.
Super. 1999);

Middlesex Mut. Assurance Co. v. John A. Perrino, 1994 WL 146508,
at *2-5 (Conn. Super. April 7, 1994).

2.    False statements or concealment of facts by Joseph or Haim Attias are material if the false statement or concealment of a fact concerns a subject relevant and applicable to Patrons Mutual Insurance Company's investigation.  False statements or concealment of facts by Joseph or Haim Attias are material if they might have affected the attitude or action of Patrons Mutual Insurance Company.  False statements or concealment of facts are also material if they are statements that would discourage or mislead the Patrons Mutual Insurance Company investigation.  Misstatements or concealment of facts are material if a reasonable insurance company would have considered the misrepresented fact relevant to its concerns and important in determining its course of action.

Bauco v. Hartford Fire Ins. Co., 2004 WL 573829, at *7 (Conn. Super. March 3, 2004), *quoting* Fine v. Bellefonte Underwriters Ins. Co., 725 F.2d 179, 183 (2nd Cir. 1984); Allstate Insurance Company v. Priga, 810 F. Supp. 373, 376 (D. Conn. 1999) (applying Connecticut law, and also quoting Fine).

3.    False statements by an insured are
material if the false statement concerns a
subject relevant and germane to the insurer's investigation as it was then proceeding.  False statements which might have affected the attitude or action of the insurer or which would discourage, mislead or deflect the insurer's investigation are material.  An insured's misstatement is material if, when made, a reasonable insurer would have considered the misrepresented fact relevant to its concerns important in determining its course of action.

<u>Middlesex Mutual Assurance Co. v. John A. Perrino</u>, 1994 WL 146508, Aurigemma, J., Ruling on Post Verdict Motions.

4.    The materiality of a statement is not
defined and determined by the effect it has on the outcome of the
investigation; rather, a question and answer are material when
they relate to the insured's duty to give the insurer all the
information he has as well as other sources of information so
that the insurer can make an informed determination of its
obligations.  Therefore, materiality is determined by its
perspective reasonable relevance to the insurer's inquiry.  The
materiality requirement is satisfied if the false statements
concern a subject relevant to the insurer's investigation as it
is then proceeding.  False answers are material if they might
have affected the insurer's action or attitude, or if they may be
said to have been calculated to discourage, mislead, or deflect
the insurer's investigation in any area that might have seemed to
it, at the time, a relevant area to investigate.  A statement is
not material only if it relates to a matter which ultimately
proves to be significant to the final disposition of a claim.
Rather, if the misrepresentation concerns a subject reasonably
relevant to Patrons Mutual Insurance Company's investigation, and
if a reasonable insurer would attach importance to the facts
misrepresented, then it is material.

Here, in order for the defendant to establish
the defense of material misrepresentation, concealment or fraud,

-
7 -

it is not necessary for the defendant to prove that it relied on the misrepresentations or that it was injured by them.  All that the defendant must prove is that the misrepresentations were material, knowingly made, and false.  If the defendant establishes that any statements made by the insureds were material and intentionally false, then the defendant's insurance policy, by its terms, becomes void even if no prejudice results to the insurance company.  Therefore, if you find that the plaintiff, Joseph or Haim Attias, concealed or misrepresented any material facts from the defendant, or if you find that the plaintiffs misrepresented any material fact to the defendant, Patrons Mutual Insurance Company, then you must decide this case in favor of the Patrons Mutual Insurance Company and render a defendant's verdict as to the defendant, Patrons Mutual Insurance Company.

Davis-Scofield Co. v. Reliance Ins. Co., 109 Conn. 686, 690, 145 A. 42 (1929);

Saks & Co. v. Continental Ins. Co., 23 N.Y.S.2d 161 (1940);

Davis v. State Farm Fire and Casualty Company, 931 F.2d 904 (11th Cir. 1991);

Passero v. Allstate Insurance Company, 554 N.E.2d 384 (Ill. App. 1990);

Longobardi v. Chubb Insurance Company, 582 A.2d 1257 (N.J. 1990);

- 8 -

Galvan v. Cameron Mutual Insurance, 733 S.W.2d 463 (Mo. App.

1987);

Fine v. Bellefonte Underwriters Insurance Company, 725 F.2d 179
(2d Cir.), *cert. denied*, 469 U.S. 874 (1984);

Pacific Indemnity Company v. Golden,  985 F.2d 51 (2nd Cir.

1993).

## II.    CREDIBILITY

The credibility of witnesses and the weight to be given to their testimony are matters for you as jurors to determine. However, there are some principles that you should keep in mind. No fact is, of course, to be determined merely by the number of witnesses who testify for or against it; it is the quality and not the quantity of testimony that controls.  In weighing the testimony of each witness, you should consider the witness' appearance on the stand and whether the witness has an interest of whatever sort in the outcome of the trial.  You should consider a witness' opportunity and ability to observe facts correctly and to remember them truly and accurately, and you should test the evidence each witness gives you by your own knowledge of human nature and the motives that influence and control human actions.  You may consider the reasonableness of what the witness says and the consistency or inconsistency of his or her testimony.  You may consider his or her testimony in relation to facts that you find to have been otherwise proven. You may believe all of what a witness tells you, some of what a witness tells you, or none of what a particular witness tells you.  You need not believe any particular number of witnesses and you may reject uncontradicted testimony if you find it reasonable to do so.  In short, you are to apply the same considerations and

-

use the same sound judgment and common sense that you use for questions of truth and veracity in your daily life.

## III. ACTUAL CASH VALUE

1.    If you find that the plaintiffs did not make material misrepresentations or conceal material facts regarding the repairs and improvements to the property, then you must determine the amount that the plaintiffs are entitled to recover.  Recovery in this matter is bound by the terms of the insurance contract. Therefore, if you find for the plaintiffs then you must look to the insurance policy to determine what recovery they are entitled to.  In this case, the Patrons Mutual policy of insurance provides for payment to the plaintiffs for a covered loss in the amount of the actual cash value of the property lost.  In determining actual cash value, you may consider the following:

First, where property is of such nature that its market value can be readily determined, market value is frequently applied as the test or criterion of actual cash value at the time of loss.

Second, you may consider any evidence logically tending to the formation of a correct estimate of the value of the destroyed or damaged property. Sullivan v. Liberty Mutual Fire Ins. Co., 174 Conn. 229, 232 (1978).

Therefore, to determine actual cash value of the loss, you may consider the evidence of the purchase price of the 473-475

-
12 -

New Britain Avenue property by the plaintiffs and the documented cost of any improvements to the property and compare that to the subsequent sale price of the property as one method of determining the actual cash value of the loss.  You may also consider the testimony of the witnesses as to the market value of the property on the date of loss.

Sullivan v. Liberty Mutual Fire Ins. Co., 174 Conn. 229, 232 (1978).

2.   Fire insurance is a contract of indemnity against actual loss sustained by the insured in an amount not exceeding that stipulated in the policy.  In this case, the policy stipulates that the maximum recovery for the building loss is $200,000, and therefore you cannot award more than that amount for the actual cash value loss to the building.  The purpose of the insurance contract is to make the insured whole but never to benefit the insured because a fire occurred.

Thus, the determination of actual cash value by whatever measure it is reached is intended to indemnify the insured.  Ideally, it should not amount to under-compensation that fails to make the insured whole, nor should it be over-compensation that would increase the moral hazard by giving the insured motive to create a loss or be less vigilant to prevent one.  Moral hazard in insurance is but another name for a pecuniary interest to the insured should the property be destroyed.  Therefore, the determination by you of the actual cash value of the loss should not be an amount of money which would result in the plaintiffs reaping a profit as a result of the fire.

Steiner v. Middlesex Mutual Assurance Co., 44 Conn. App. 431-32, 689 A.2d 1154 (1997).

-

14 -

## IV.  UNJUST ENRICHMENT

In the defendant's affirmative defenses, the defendant claims that the plaintiffs were unjustly enriched.  Any damages you award on the defendant's unjust enrichment claim are determined by the value of the benefit the defendant provided to the plaintiffs.  In other words, the amount of unjust enrichment is the payment of a $20,000 advance and the payment of $114,000 to Ameriquest on the plaintiffs' mortgage on the property

Meaney v. Connecticut Hospital Assn., Inc., 250 Conn. 500, 511-15 (1999);

Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 667 (1976);

Anderson v. Zweigbaum, 150 Conn. 478, 482-84 (1963).

See also John T. Brady & Co. v. Stamford, 220 Conn. 432, 447 (1991);

Bernstein v. Nemeyer, 213 Conn. 665, 675-76 (1990).

**V.    SETOFF**

If you find for the plaintiffs in this matter, you are instructed with respect to the plaintiffs' recovery that any recovery must take into consideration the amount that the defendant has already paid to the plaintiffs and to any entities on behalf of the plaintiffs.  Patrons Mutual Insurance Company has already paid to the plaintiffs or for their benefit a total of $134,000.  Therefore, you must deduct this amount from any recovery you award to the plaintiffs.

## VI.  BAD FAITH

1.   The concept of good faith and fair dealing is essentially a rule of construction designed to fulfill the reasonable expectations of the contract and parties as they presumably intended.  Therefore, the principle cannot be applied to achieve a result contrary to the clearly expressed terms of the contract.

Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190 (1988); Magnan v. Anaconda Ind., Inc., 193 Conn. 558, 567 (1984).

2.   Where no payment is due to the insured, there is no basis upon which to infer the conscious doing of a wrong.  The plaintiffs must first show that they are entitled to recover under the policy before they can prove their claims of bad faith. Therefore, only if you find that the Attias' have proven that they are entitled to recover under the policy can you even consider these claims.  If you find that the Attias' have not proven that they are entitled to recover under the policy, then there can be no claim for bad faith and you must find for the defendant.

Guaranty Service Corp. v. American Employers' Ins. Co. 893 F.2d 725, 728 (5th Cir. 1990);

State Farm Mutual Fire Insurance Co. v. Roberts, 379 So.2d 321, 322 (Miss. 1980).

     3.     Good faith and fair dealing mean an attitude or statement of mind denoting honesty or purpose, freedom from intention of fraud, and generally speaking mean faithful to one's duty or obligation.  Bad faith is the opposite of good faith.

     Bad faith is not simply bad judgment or negligence but rather implies the conscious doing of a wrong because of dishonest purpose or moral obliquity.  It contemplates a state of mind affirmatively operating with furtive design or ill will.  In determining whether Patrons Mutual Insurance Company, through any of its other employees, acted in good faith, you are to consider only whether any other employees believed that he or she was acting honestly.  You are not to concern yourself with what other persons might have known or believed under the same circumstances.  Thus, in deciding whether Patrons Mutual Insurance Company breached its covenant or good faith and fair dealing, you may not find for the Attias' unless you find intentional and malicious conduct by Patrons Mutual Insurance Company.  Even if you find that any representative of Patrons Mutual was negligent, mere negligence does not constitute bad faith.

<u>Buckman v. People Express, Inc.</u>, 205 Conn. 166, 171 (1987).

4.      In order for there to be a finding of bad faith against Patrons Mutual Insurance Company, the evidence must reveal a reckless indifference to the rights of the Attias' or an intentional and wanton violation of those rights.  In fact, the basic requirement to justify such an award is described in terms of wanton and malicious injury, evil motive, and violence.  A finding of bad faith in the context of an alleged breach of contract can only be made when the breach is aggravated by particularly egregious conduct on the part of the insurance company.  A finding of bad faith is not ordinarily allowed for a simple breach of contract.

L.F. Pace & Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 46-47 (1986).

5.     In every contract of insurance there is a duty to act in good faith and to fairly handle the claim of an insured; namely, a duty not to withhold unreasonably payments due under an insurance policy.  However, the Patrons Mutual Insurance Company has the right to fairly dispute its obligations under the insurance policy, and any actions by Patrons Mutual Insurance Company which pertain to the fair dispute of any of its obligations cannot be the basis for a finding of bad faith.

McCauley Enterprises v. New Hampshire Co., 716 F. Supp. 718, 721
(D. Conn. 1989), *quoting*
Grandsheet Metal Products Co. v. Protection Mutual Ins. Co. v.
Patrons Mutual Ins. Co., 34 Conn. Supp. 46, 50 (1977);

Corriveau v. Aetna, CV91 0388036S (March 14, 1996, Sheldon, J.).

6.      While it is true that the Attias' bargained for prompt payment, not a right of action against Patrons Mutual Insurance Company, Patrons Mutual Insurance Company is not required to pay every claim presented to it.  Besides the duty to deal fairly with the Attias', Patrons Mutual Insurance Company also has a duty to all of its other policyholders not to dissipate its resources through the payment of merit-less claims.  Such a practice inevitably would prejudice the insurance-seeking public because of the necessity to increase rates and would finally drive Patrons Mutual Insurance Company out of business.  There is no rule of law which holds that under any circumstances an insurer which refuses to pay benefits claimed to be due under the policy does so at its own risk.  Clearly, both logic and good policy dictate that no such rule ever be applied.

Waters v. United Services Automobile Assoc., 48 Cal. Rptr. 2d 910 (1996).

7.    Although the plaintiffs' claims must be proven by a preponderance of the evidence as I have previously defined that for you, the plaintiffs' claim for breach of the covenant of good faith and fair dealing must be proven by a higher standard.    In order for the plaintiffs to recover on the claim for breach of the covenant of good faith and fair dealing, the plaintiffs must prove this claim to you by clear and convincing evidence.

M.J. Daly & Sons, Inc. v. City of West Haven, 66 Conn. App. 41, 52, 783 A.2d 1178 (2001).

8.     The phrase "clear and convincing evidence" denotes a degree of belief that lies between the belief that is required to find the truth or existence of the issuable fact in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution.  One court has suggested that "clear and convincing proof" is "strong, positive and free from doubt" and "full, clear and decisive."

Stone v. Essex County Newspaper, Inc., 367 Mass. 849, 871, 330 N.E. 2d 161 (1975).

- 

24 -

9.    The burden of persuasion is on the plaintiffs.
Therefore, their claim for bad faith for breach of the covenant
of good faith requires a showing of clear and convincing evidence
and is only sustained if the evidence induces in your mind a
clear and convincing belief that the Patrons Mutual Insurance
Company acted because of dishonest purpose or moral obliquity, or
that Patrons Mutual Insurance Company's employees had a state of
mind operating with furtive design or ill-will.

<u>Dacey v. Connecticut Bar Association</u>, 170 Conn. 520 (1976);
<u>Lopinto v. Haines</u>, 185 Conn. 527 (1981).

## VII. <u>DAMAGES – FAIR RENTAL VALUE</u>

1.    The plaintiffs have claimed as part of their damages the income they would have received as the fair rental value of the insured premises but for the fire.  In this regard, the policy of insurance provides as follows:

> Coverage D – Additional Living Expenses and Fair Rental Value
>
> We pay for the fair rental value if the part of the insured premises rented or held for rental to others is made unfit for use by an insured loss.

In order for the plaintiffs to recover pursuant to this portion of the policy of insurance, you must find that a portion of the plaintiffs' premises were either being rented or held for rental at the time of the fire, in which case you may award the fair rental value for that portion of the premises.  You will recall the testimony that the property was unoccupied at the time the fire occurred and that the plaintiffs had a meeting with John Oliveri, a realtor, to discuss listing the property for sale on the day the fire occurred.  If you find that the premises were neither rented nor being held for rental, then you cannot award fair rental value.

<u>Steiner v. Middlesex Mutual Assurance Co</u>., 44 Conn. App. 415 (1997), which stands for the proposition that insurance is a contract of indemnity and the insured cannot profit from a loss.

-

-

2.   If you find that the insured is entitled to fair rental value, I charge you that the amount of fair rental value that you may award must be for the shortest time required to repair the premises.

<u>See</u> provision of the policy, Coverage D – Additional Living Costs and Fair Rental Value

We only pay for the period of time reasonably required to make that part of the insured premises rented or held for rental to others fit for use.  Fair rental value is the amount you would have received less the charges and expenses that do not continue while the insured premises is unfit for use.

DEFENDANT, PATRONS MUTUAL
INSURANCE COMPANY


By_____

    Joel J. Rottner
    Skelley Rottner P.C.
    433 South Main Street, Suite 305
    West Hartford, CT  06110
    Tel. (860) 561-7077
    Fax (860) 561-7088
    Federal Bar No. ct05612