UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | APRIL13, 2006 |
| COMPANY OF CONNECTICUT | : | |

**DEFENDANT'S, PATRONS MUTUAL INSURANCE COMPANY OF CONNECTICUT, OBJECTION TO PLAINTIFF'S MOTION IN LIMINE, DATED APRIL 7, 2005**

The plaintiffs have filed a motion in limine seeking to preclude any examination of the plaintiffs with respect to filing of income tax returns. The basis of the plaintiffs' motion is that the plaintiffs' failure to file tax returns is not relevant to the issues presented.

The amount of money which was spent by the plaintiffs to renovate the insured premises is central to the defendant's defense in this matter. The insured premises were purchased by the plaintiffs as investment property. Therefore, it is reasonable to expect that the plaintiffs would keep expense records if for no other reason that because they are required by federal law to report any income either from the sale or rental of the insured premises to the Internal Revenue Service. Because the plaintiffs claim to have spent

**SR/240833/bsw**

$65,000-$75,000 to restore the premises, reference to the plaintiffs' obligation to document any expenses to minimize their federal tax obligations is a relevant inquiry. The plaintiffs would be expected to keep records of the renovation expenses for the purpose of reducing any income required by law to be reported to the Internal Revenue Service. Therefore, an inquiry into the plaintiffs' income taxes is relevant and essential to the defendant's cross-examination of the plaintiffs.

Furthermore, the plaintiffs acquired the property by the payment of $65,000 cash. Thereafter, the plaintiffs obtained mortgage financing for the property. Thereafter, as a result of this loss, the plaintiffs have received approximately $140,000 in direct payment from the defendant insurance company and/or reduction in the principal amount of the mortgage. Therefore, the plaintiffs have already realized income from this property which should have been reported on their federal income tax returns. This income would be subject to reduction by the expense of renovating the premises, which expenses should be reflected on the plaintiffs' federal income tax returns. Because the amount of money the plaintiffs spent to renovate the premises is at the core of the defendant's defense, the cross-examination should be allowed to reference the plaintiffs' tax returns, as said tax returns would constitute a customary record of these expenses.

WHEREFORE, the defendant contends that the subject of the plaintiffs' federal income tax returns is relevant and material to the plaintiffs' claim that they incurred $65,000-$75,000 in expenses in renovating the property when there is less than $25,000 in documented expenses.

DEFENDANT, PATRONS MUTUAL
INSURANCE COMPANY


By_____/s/_____
        Joel J. Rottner
        Skelley Rottner P.C.
        Corporate Center West, Suite 305
        433 South Main Street
        West Hartford, Connecticut  06110
        Tel. (860) 561-7077
        Fax (860) 561-7088
        Federal Bar No. ct ct05612

CERTIFICATION

      I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on April 13, 2006, to the following counsel of record:

Attorney Cheryl E. Heffernan
Farver & Heffernan
2858 Old Dixwell Avenue
Hamden, CT  06518
*Tel. (203) 288-8266*

                                                    /s/
                                          Joel J. Rottner