UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | APRIL 13, 2006 |
| COMPANY OF CONNECTICUT | : | |

**DEFENDANT'S SUPPLEMENT TO JOINT TRIAL MEMORANDUM**

The defendant, Patrons Mutual Insurance Company of Connecticut, upon review of the plaintiffs' list of witnesses, has identified additional evidentiary issues and hereby supplements the parties' Joint Trial Memorandum by identifying the following additional evidentiary issues.

4. The defendant anticipates that the plaintiffs will offer testimony from Mr. Ranciato as set forth in the plaintiffs' designation of witnesses and will offer Mr. Ranciato to testify "in regards to the proper determination of the value of the plaintiffs' claim, actual cash value and replacement cost, as well as the information that is material to that determination." The defendant will object to Mr. Ranciato's testimony as to the proper determination of actual cash value. The law in Connecticut is well-settled that policies of

SR/240831/bsw

insurance are contracts, and the interpretation of insurance contracts are matters of law for the court.  <u>See</u> Memorandum attached hereto.

    5.    The defendant also anticipates that Mr. Ranciato may offer to testify that the plaintiffs are entitled to replacement cost value without the need to rebuild or replace the premises.  Said testimony is objectionable and should be excluded as it expresses an opinion of law which is directly contrary to the prior ruling of the court in this matter.

    6.    The plaintiffs have also disclosed Joseph Citino to testify concerning the contract to rebuild the premises.  The defendant will object to this testimony based on the court's ruling that the plaintiffs are not entitled to replacement cost of the premises if the premises have not been rebuilt.

    7.    The plaintiffs have identified in the Joint Trial Memorandum that the defendant was "unjustly enriched."  The defendant objects to evidence or claims of unjust enrichment as any such claim was not alleged in the complaint or heretofore disclosed.

    8.    The plaintiffs have identified in its Request to Charge IV several components of damages for which the plaintiffs claim they are entitled as a result of the alleged breach of contract.  Since the insurance contract provides only for the payment of money to compensate for certain specified losses, there can be no claim for "liquidated damages"

and/or "consequential damages" and/or "incidental damages." The defendant will file a brief in support of said objection.

9. The plaintiffs, in Requests to Charge VII and VIII, make a similar request for consequential and incidental damages including the claim for architect's fees, attorney's fees, litigation costs, and the public adjuster's fee. Said damages are not recoverable as part of the insurance contract. The defendant will file a brief in support of said objection.

10. The plaintiffs' Request to Charge IX claims unjust enrichment. The defendant objects to this claim. Where there is an express contract, there can be no claim for unjust enrichment. Furthermore, said claim has not been made in the plaintiffs' complaint.

DEFENDANT, PATRONS MUTUAL
INSURANCE COMPANY


By_____/s/_____
    Joel J. Rottner
    Skelley Rottner P.C.
    Corporate Center West, Suite 305
    433 South Main Street
    West Hartford, Connecticut  06110
    Tel. (860) 561-7077
    Fax (860) 561-7088
    Federal Bar No. ct ct05612

- 4 -

CERTIFICATION

      I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on April 13, 2006, to the following counsel of record:

Attorney Cheryl E. Heffernan
Farver & Heffernan
2858 Old Dixwell Avenue
Hamden, CT  06518
*Tel. (203) 288-8266*

                                                /s/
                                        Joel J. Rottner