UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | |
| COMPANY OF CONNECTICUT | : | APRIL 7, 2006 |

### AMENDED ANSWER WITH AFFIRMATIVE DEFENSES, SET OFF AND COUNTERCLAIM

**JURISDICTIONAL ALLEGATIONS:**

1. As to Paragraph 1 of the plaintiffs' complaint, the defendant has insufficient knowledge or information upon which to form a belief and leaves the plaintiffs to their proof.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. As to Paragraph 4 of the plaintiffs' complaint, the defendant has insufficient knowledge or information upon which to form a belief and leaves the plaintiffs to their proof.

**CLAIM FOR RELIEF:**

1. Paragraph 1 is admitted.

2. That portion of Paragraph 2 which alleges, "On or about November 13, 2002, there was a fire at the plaintiffs' property located at 475 New Britain Avenue, Hartford,

SR/240645/bsw

Connecticut," is admitted. As to the remaining allegations in Paragraph 2, the defendant has insufficient knowledge or information upon which to form a belief and leaves the plaintiffs to their proof.

    3.    The defendant admits that the policy contained the coverages alleged but denies that all said coverages applied to this loss.

    4.    The defendant admits that the plaintiffs made their premium payments but denies that the plaintiffs satisfied all their obligations under the policy.

    5.    Paragraph 5 is admitted.

    6.    Paragraph 6 is denied.

    7.    Paragraph 7 is denied.

    8.    Paragraph 8 is denied.

    9.    Paragraph 9 is denied.

    10.    Paragraph 10 is denied.

    11.    Paragraph 11 is denied.

    12.    Paragraph 12 is denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE:**

1. The policy of insurance referred to in the complaint provides as follows:

    MISREPRESENTATION, CONCEALMENT AND FRAUD-

    We do not provide coverage, if, before or after a loss:
    (a) You or another insured have willfully concealed
        or misrepresented:
        1. A material fact or circumstance with respect
           to this insurance; or
        2. Their interest herein; or
    (b) there has been fraud or false swearing by you or any
        other insured with respect to this insurance or
        the subject thereof.

2. The plaintiffs have made material misrepresentations to the defendant with respect to this loss in one or more of the following respect:

    a) The plaintiffs misrepresented the extent of the repairs and/or renovations made to the insured premises subsequent to its purchase in August 2002 and prior to the fire on November 13, 2002 in an effort to influence and increase the amount of the claim in that:

    (1) The plaintiffs represented that they had made $65,000 to $75,000 in improvements to the premises which representations were false;
    (2) The plaintiffs represented that they had paid $8,000 to a contractor, Sebastian Lentini, which representation was false in that they had paid only $5,000; and

       (3)    The plaintiffs presented a bill to the defendant from a contractor in an amount in excess of $100,000 for work allegedly performed by said contractor when the plaintiffs knew that the majority of the work referred to in said bill was not performed by said contractor and in that the plaintiffs had paid less than $17,000 to said contractor.

b)    The plaintiffs misrepresented the extent of the completion of the renovation to the insured premises and the condition of the property on the date of loss in that:

       (1)    They made misrepresentations as referred to in paragraph (a) above;

       (2)    They presented to the defendant a real estate appraisal obtained for the purpose of financing the premises with knowledge that said real estate appraisal contained representations that the premises contained improvements including but not limited to "new kitchens, baths, flooring, interior – exterior paint, windows, electrical and heating..." and in that said appraisal represented that "no significant repairs required" with knowledge that said representations were false.

c)    The plaintiffs misrepresented that on the date of the fire the building was ready for occupancy. Said misrepresentation was made for the purpose of obtaining coverage for lost rental income and in support thereof the plaintiffs provided a document purporting to be from the City of Hartford Inspections Department representing the building to be ready for occupancy when the plaintiffs knew that said document was false and/or that the representations contained within said document were false in that the building was not ready for occupancy.

3.  As a result of the above-mentioned misrepresentations by the plaintiffs, there is no coverage for this loss as provided by the above-quoted "Misrepresentation, Concealment or Fraud" provision of the policy of insurance.

**SECOND AFFIRMATIVE DEFENSE:**

The defendant has satisfied its obligations pursuant to the terms and conditions of the policy of insurance in that it has paid $114,000 to the mortgagee bank as the actual cash value of the loss and paid to the insureds a $20,000 advance.

**THIRD AFFIRMATIVE DEFENSE:**

The plaintiffs have not repaired or rebuilt the premises; and, therefore, coverage is limited to actual cash value pursuant to the following policy provision:

> When the cost to repair or replace exceeds the lesser of $2,500 or 5% of the limit on the damaged building, we do not pay for more than the actual cash value of the loss until repair or replacement is completed.

**FOURTH AFFIRMATIVE DEFENSE:**

The defendant relied on the advice of counsel with respect to determining the coverage for the loss and for the preparation of the letters denying the claim.

## FIFTH AFFIRMATIVE DEFENSE:

Any recovery by the plaintiff is limited by the following provisions of the contract of insurance:

Replacement Cost Terms.

* * *

d.   If the limit on the damaged building is less that 80% of its replacement cost at the time of loss, the larger of the following amounts is used in analyzing the Loss Settlement Terms:

1)   The actual cash value at the time of the loss; or

2)   That part of the replacement cost of the damaged part which our limit on the building bears to 80 percent of the full current replacement cost of the building.

## SIXTH AFFIRMATIVE DEFENSE:

Any amount which the plaintiffs may be entitled to recover is limited to the terms of the subject policy limits of $200,000 for the dwelling with a lost rental income coverage limit of $20,000. Plaintiff may also receive compensation for debris removal, which under the terms of the policy equals 5% of Coverage A or $10000.

## SEVENTH AFFIRMATIVE DEFENSE:

1. Under its terms, the policy limits the plaintiffs' right to recovery for lost rental income, under "**Coverage D-** Additional Living Costs and Fair Rental Value," which states;

> We pay for the fair rental value if the part of the insured premises rented or held for rental to others is made unfit for use by an insured loss.

2. At the time of the subject loss, no portion of the premises was rented nor was the property held out to others for rental.

## BY WAY OF SET OFF

Pursuant to the terms and condition of the policy of insurance, the defendant was obligated to reimburse the plaintiff's mortgagee in the amount of $114,000, which payment benefited the plaintiff in the amount of $114,000. The defendant also in good faith advanced to the plaintiffs $20,000. Wherefore, the defendant is entitled to set off $134,000 from the principal amount of any judgment exclusive of interest.

## COUNTERCLAIM

1. Paragraphs 1 and 2 of the First Affirmative Defense are hereby incorporated by reference and made Paragraphs 1 and 2 of the Counterclaim.

3. As a result of the above mentioned misrepresentations by the plaintiffs, the plaintiffs have breached the above quoted provisions of the policy of insurance, "Misrepresentation, Concealment and Fraud"; and, therefore, in accordance with said provision of the policy of insurance, there is no coverage for the loss to the plaintiffs' premises referred to in the Complaint; and the defendant denied the plaintiffs' claim.

4. Said policy of insurance further provides as follows:

> **10. Mortgage Clause** – This applies only to coverage on buildings. The word "mortgagee" includes trustee.

> a. If a mortgagee is named on the Declarations, a loss payee under Coverages A or B will be paid to the mortgagee and **you**, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.
>
> If we deny **your** claim, that denial does not apply to a valid claim of the mortgagee...
> \* \* \*
> c. If **we** pay the mortgagee for a loss and deny payment to you:
> 1) **we** are subrogated, up to the amount **we** paid for the loss, to all the rights of the mortgagee granted under the mortgage on the property; or
> 2) at our option, **we** may pay to the mortgage the whole principal on the mortgage plus the accrued interest. In this event, **we** shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

5.  Subsequent to the denial of the plaintiffs' claim, plaintiffs' mortgagee bank submitted a claim for a payment to the defendant.

6.  On receipt of said claim the defendant paid the plaintiffs' mortgagee bank $114,000 in accordance with its duties and obligations pursuant to the above quoted "mortgagee clause."

      7.      The defendant in good faith paid to the plaintiffs $20,000 in advance of the defendant's decision to accept or deny payment of the plaintiffs' claim.

      8.      The defendant is entitled to recover from the plaintiffs the foregoing payments in the total amount of $134,000 for one or more of the following reasons:

      a)      The plaintiffs breached the insurance contract in making the material misrepresentations referred to in paragraph 2 of this counterclaim in breach of the contractual provisions referred to in paragraph 1 of this counterclaim.

      b)      As a result of the defendant's contractual obligation to pay the mortgagee bank; and, as a result of the defendant's voluntary good faith advance payment to the plaintiffs in anticipation that the plaintiffs had complied with their contractual obligations, the plaintiffs received the contractual benefit of $134,000 to which the plaintiffs were not entitled as a result of their breach of the contract. Therefore, the plaintiffs were unjustly enriched in the amount of $134,000 and/or

      c)      Pursuant to the above quoted "Mortgage Clause" the defendant was subrogated to all rights of the defendant's mortgagee bank granted under the mortgage on the property which existed at the time of the payment by the defendant to the mortgagee bank.

9.   **WHEREFORE,** the defendant claims:

    1. Money damages from the plaintiffs in the amount of $134,000;

    2. Interest; and

    3. Such other relief as the court may deem equitable and proper.

                          DEFENDANT, PATRONS MUTUAL
                               INSURANCE COMPANY

By_____
    Joel J. Rottner
    Skelley Rottner P.C.
    Corporate Center West, Suite 305
    433 South Main Street
    West Hartford, Connecticut 06110
    Tel. (860) 561-7077
    Fax (860) 561-7088
    Federal Bar No. ct ct05612

## CERTIFICATION

I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on April 7, 2006, to the following counsel of record:

Attorney Cheryl E. Heffernan
Farver & Heffernan
2858 Old Dixwell Avenue
Hamden, CT 06518

_____
Joel J. Rottner