UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH ATTIAS & HAIM ATTIAS | : | CIVIL ACTION NO. |
| | : | 3:03 CV 01009 (SRU) |
| VS. | : | |
| | : | |
| PATRONS MUTUAL INSURANCE | : | APRIL 13, 2006 |
| COMPANY OF CONNECTICUT | : | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO THE TESTIMONY OF MR. RANCIATO

The plaintiffs have given notice that Mr. Ranciato will testify "in regards to the proper determination of the value of the plaintiffs' claim, actual cash value, and replacement cost as well as the information that is material to that determination." The defendant objects to said testimony of Mr. Ranciato for the reason that determination of actual cash value is a matter for the jury based on the proper instructions from the court; and, for the reasons set forth below, it is the function of the court to instruct the jury as to the proper methods for determining actual cash value.

The law in Connecticut is well-settled to the effect that policies of insurance are contracts, and the interpretation of insurance contracts is a matter of law for the court.

In QSP, Inc. v. The Aetna Cas. & Surety Co., 256 Conn. 343, 351-352 (2001), the court held that:

SR/240869/bsw

> Our standard of review with respect to insurance contracts is also well settled. "It is the function of the court to construe the provisions of the contract of insurance. . . (citations omitted; internal quotation marks omitted.)" *Springdale Donuts, Inc. v. Aetna Casualty & Surety Co. of Illinois, supra*, 247 Conn. at 805-806, 724 A.2d 1117.
>
> "[B]ecause the proper construction of a policy of insurance presents a question of law, the trial court's interpretation of the policy is subject to de novo review on appeal." *Id*. at 806, 724 A.2d 1117; *see also Imperial Casualty & Indemnity Co. v. State,* 246 Conn. 313, 322, n. 6, 714 A.2d 1230 (1998).

In Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 482-483 (1997), the court held the following:

> Settled principles also govern the interpretation of insurance policies. "It is the function of the court to construe the provisions of the contract of insurance . . . .  An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy . . . . (citation omitted; internal quotation marks omitted.)" *O'Brien v. United States Fidelity & Guaranty Co.,* 235 Conn. 837, 842, 669 A.2d 1221 (1996); *Hammer v. Lumberman's Mutual Casualty Co.,* 214 Conn. 573, 583-84, 573 A.2d 699 (1990).

In Pacific Indem. Ins. Co. v. Aetna Cas. & Surety Co., 240 Conn. 26, 30 (1997), the court held that:

> . . . [C]onstruction of a contract of insurance presents a question of law for the court which this court reviews de novo. (citations omitted; internal quotation marks omitted.)" *Hansen v. Ohio Casualty Ins. Co.,* 239 Conn. 537, 542-43, 687 A.2d 1262 (1996).

The term "actual cash value" is not defined in the policy of insurance. The plaintiffs have disclosed Mr. Ranciato for the purpose of testifying regarding the method for determining actual cash value. However, any testimony by Mr. Ranciato as to the interpretation of the contract, including the meaning of the term "actual cash value," is inappropriate because it is a function of the court to interpret contracts. Even the intent of the parties as to a contract is expressed in the provisions of the contract and is subject to the interpretation of the court. Peerless Insurance Co. v. Gonzalez, 241 Conn. at 482-483.

The Connecticut appellate courts have addressed and determined the meaning of the phrase "actual cash value" as used in contracts of insurance in the State of Connecticut. The defendant has submitted two requests to charge requesting that the court charge the jury as to the meaning of "actual cash value" as set forth by the Connecticut Supreme Court in Sullivan v. Liberty Mutual Fire Insurance Co., 174 Conn. 229, 232 (1978) and Steiner v. Middlesex Mutual Assurance Co., 44 Conn. App. 431-32 (1997), as follows:

1.      If you find that the plaintiffs did not make material misrepresentations or conceal material facts regarding the repairs and improvements to the property, then you must determine the amount that the plaintiffs are entitled to recover. Recovery in this matter is bound by the terms of the insurance contract.  Therefore, if you find for the plaintiffs then you must look to the insurance policy to determine what recovery they are entitled to.  In this case, the Patrons Mutual policy of insurance provides for payment to the plaintiffs for a covered loss in the amount of the actual cash value of the property lost. In determining actual cash value, you may consider the following:

First, where property is of such nature that its market value can be readily determined, market value is frequently applied as the test or criterion of actual cash value at the time of loss.

Second, you may consider any evidence logically tending to the formation of a correct estimate of the value of the destroyed or damaged property.

Sullivan v. Liberty Mutual Fire Ins. Co., 174 Conn. 229, 232 (1978).

Therefore, to determine actual cash value of the loss, you may consider the evidence of the purchase price of the 473-475 New Britain Avenue property by the plaintiffs and the documented cost of any improvements to the property and compare that to the subsequent sale price of the property as one method of determining the actual cash value of the loss.  You may also consider the testimony of the witnesses as to the market value of the property on the date of loss.

Sullivan v. Liberty Mutual Fire Ins. Co., 174 Conn. 229, 232 (1978).

    2.    Fire insurance is a contract of indemnity against actual loss sustained by the insured in an amount not exceeding that stipulated in the policy.  In this case, the policy stipulates that the maximum recovery for the building loss is $200,000, and therefore you cannot award more than that amount for the actual cash value loss to the building.  The purpose of the insurance contract is to make the insured whole but never to benefit the insured because a fire occurred.

    Thus, the determination of actual cash value by whatever measure it is reached is intended to indemnify the insured.  Ideally, it should not amount to under-compensation that fails to make the insured whole, nor should it be over-compensation that would increase the moral hazard by giving the insured motive to create a loss or be less vigilant to prevent one.  Moral hazard in insurance is but another name for a pecuniary interest to the insured should the property be destroyed.  Therefore, the determination by you of the actual cash value of the loss should not be an amount of money which would result in the plaintiffs reaping a profit as a result of the fire.

    Steiner v. Middlesex Mutual Assurance Co., 44 Conn. App. 431-32, 689 A.2d 1154 (1997).

Pursuant to the applicable Connecticut law, it is the function of the court to instruct the jury on the meaning of actual cash value and the method for determining actual cash value.  Wherefore, the defendant objects to the testimony of Mr. Ranciato as to the meaning and/or methods of determining "actual cash value."

- 6 -

DEFENDANT, PATRONS MUTUAL
INSURANCE COMPANY


By_____/s/_____
                Joel J. Rottner
                Skelley Rottner P.C.
                Corporate Center West, Suite 305
                433 South Main Street
                West Hartford, Connecticut  06110
                Tel. (860) 561-7077
                Fax (860) 561-7088
                Federal Bar No. ct ct05612


## CERTIFICATION

I hereby certify that a copy of the above was mailed via U.S. Mail, postage prepaid, on April 13, 2006, to the following counsel of record:

Attorney Cheryl E. Heffernan
Farver & Heffernan
2858 Old Dixwell Avenue
Hamden, CT  06518
*Tel. (203) 288-8266*


                _____/s/_____
                Joel J. Rottner